

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

LOUISE THORNE
  Vs.                                        C.A. No.      2006 CA 004250 B
UNKNOWN OFFICERS

## **INITIAL ORDER**

  Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

  (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. O filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with th original.

  (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** t whom the case is assigned. As to any defendant for whom such proof of service has not been filed, th Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendar has been extended as provided in SCR Civ 4(o).

  (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendar must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who ha failed to respond, a default and judgment will be entered unless the time to respond has been extended a provided in SCR Civ 55(a).

  (4) At the time and place noted below, all counsel and unrepresented parties shall appear before th assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement an to establish a schedule for the completion of all proceedings, including, normally, either mediation, cas evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients ar agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel wi receive concerning this Conference.**

  (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Reviev Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the tw succeeding Fridays. Request must be made not less than six business days before the scheduling conference date No other continuance of the conference will be granted except upon motion for good cause shown

                                              Chief Judge Rufus G. King, III

Case Assigned to: Judge MELVIN R. WRIGHT
Date: June 2, 2006
Initial Conference: 9:30 am, Friday, September 08, 2006
Location: Courtroom 200
          500 Indiana Avenue N.W.

Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the tw succeeding Fridays. Request must be made not less than six business days before the scheduling conference date No other continuance of the conference will be granted except upon motion for good cause shown

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

Louise Thorne, as mother and next friend of Mikelle Bassett and Mikesha Bassett, et al.

*Plaintiff*

VS.

The Mayor of the District of Columbia
1350 Pennsylvania Ave, NW
4th Floor
Washington, DC 20004

Civil Action No. _____

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Geoffrey D. Allen, Esquire
Name of Plaintiff's Attorney

1730 Rhode Island Ave, NW Suite 206
Address
Washington, DC 20036

202-778-1167
Telephone

By _____
Deputy Clerk

Date 6/2/06

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

1730 Rhode Island Ave, NW Suite 206
Address
Washington, DC 20036
By _____
Deputy Clerk

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| LOUISE THORNE as Mother and Next Friend of MIKELLE BASSETT, a minor. 742 Brandywine Street, SE Apt #201 Washington, DC 20032, | : : : : : |
| LOUISE THORNE as mother and Next Friend of MIKESHA BASSETT, a minor 742 Brandywine Street, SE Apt #201 Washington, DC 20032, | : : : : : |
| KATHY CREWS as Mother and Next Friend of SHANEKA HARRISON, a minor. 137 N Street, NW Washington, DC 20001, | : : : |
| AND | : |
| SAMALA PARKER-SMITH as Mother and Next Friend of LAKESHA PARKER, a minor. 1251 Howison Place, SW Washington, DC 20024 | : : : : |
| Plaintiffs | : |
| v. UNKNOWN OFFICERS Metropolitan Police Department Washington, DC | : : : |
| AND | |
| THE DISTRICT OF COLUMBIA Office of the Attorney General 441 Fourth Street, NW Washington, DC 20001 | : : : |

RECEIVED
Civil Clerk's Office
JUN 2 2006
Superior Court of the
District of Columbia
Washington, D.C.

Civil Action No.:
Calendar
Judge

1

Washington, DC

:

AND

**Office of the Mayor**  :
**1350 Pennsylvania Ave, NW**
**4th Floor**  :
**Washington, DC 20004**

*Defendants*  :

## COMPLAINT

(Negligence, Assault, False Arrest, Intentional Affliction of Emotional Distress,

and Civil Rights Violations )

I. Jurisdiction

1. This action is brought pursuant to 42 USC §1983, 1988, the Fourth and Fifth Amendm to the United States Constitution and the common law of the District of Columbia.  Jurisdicti is founded upon the aforementioned Constitution and Statutory provisions and D.C. Code §1 921, 12-101 and 16-2701.

2. Plaintiffs Louise Thorne as mother and next friend of Mikelle Bassett and Mikesha Bassett, who are minors, Kathy Crews as mother and next friend of Shaneka Harrison, a min and Samala Parker-Smith as mother and next friend of Lakesha Parker, a minor are all reside of the District of Columbia.

4. Defendant Unknown Officers were employed, at all times relevant to this lawsuit, as a District of Columbia Metropolitan Police Officer and was acting under the color of the statut ordinances, regulations, policies, customs and usages of the District of Columbia.

2

District of Columbia Metropolitan Police Officer and was acting under the color of the statut

5. Defendant District of Columbia is a municipal corporation. It exercises its police functions through the Metropolitan Police Department.

## II. Factual Allegation

6. On January 15, 2006, Mikelle Bassett, Mikesha Bassett, Shaneka Harrison, LaKeisha Parker and Terrence Light were in a vehicle and were stopped at, Valley Avenue close to the intersection of Atlantic Street in Southeast Washington, DC, by members of the Metropolitan Police Department. All claimants are African American and Ms. Mikelle Bassett was the driv[er] of the vehicle.

After approaching a green light slowly Ms. Bassett's vehicle was followed by a police [car] for about ten to twenty minutes. After flashing a spotlight into her vehicle, the police car then went around her. As she approached a stop light, another police car pulled up and blocked her car from proceeding through the light.

7. One officer pulled out his gun and approached the driver's side door and opened the d[oor]. He grabbed Ms. Bassett by her neck pulling her to the ground face down and dragging her. Another officer then pulled LaKeisha Parker out of the vehicle by her shirt, threw her to the ground, put his knee into her back and hand-cuffed her. Ms. Parker felt an oncoming asthma attack because of the pressure of the officer's knee on her lungs and asked to be let up, the officer refused. Ms. Shaneka Harrison was also thrown to the ground by another officer who put his knee forcefully into her back and handcuffed her. Makisha Bassett was thrown agains[t the] car, handcuffed, and then put into an officer's paddy wagon. Mr. Terrance Light was likewis[e] forcefully removed from the vehicle and handcuffed.

3

put his knee forcefully into her back and handcuffed her. Makisha Bassett was thrown agains[t]

8. The officers were also making insulting, humiliating and threatening comments at the expense of the girls and of Mr. Light. The officers did not explain to any of the claimants the reason they were pulled over or why they were handcuffed.

9. The claimants were all released and not charged with any criminal offenses. All offending officers were white, male Metropolitan Police Officers.

### COUNT ONE

(Negligence- District of Columbia-Unknown Police Officrs)

10. Plaintiffs hereby incorporate paragraphs 1 through 9, *supra*, by reference.

11. The aforesaid events occurred without reasonable investigation or probable cause, and constituted a failure to take reasonable care to plaintiffs, to whom the officers owed a duty of care. At all times relevant to this case, Unknown Officers were acting within the scope of th duties as a Metropolitan Police Officers

12. As a proximate cause of the imputed negligence of the District of Columbia, Plaintiffs sustained great pain and suffering, emotional distress, humiliation and physical injury.

### COUNT TWO

(Assault and Battery- Unknown Officers)

13. Plaintiffs hereby incorporate paragraphs 1 through 12, *supra*, by reference.

4

13. Plaintiffs hereby incorporate paragraphs 1 through 12, *supra*, by reference.

14. At the time of the arrest and detainment, Plaintiffs were not violating any laws, was not attempting to interfere with defendant Unknown Officers' execution of their duties, and were not engaged in any conduct that constituted a danger to themselves or others.

15. Said actions by the Police Officers was entirely unjustified by any actions of Plaintiffs, was completely unreasonable and constituted an assault and battery.

16. As a proximate cause of the assault and battery of Unknown Officers committed upon Plaintiffs, they sustained great pain and suffering, emotional distress, humiliation and physical injury.

### COUNT THREE

(Assault and Battery- District of Columbia)

17. Plaintiffs hereby incorporate paragraphs 1 through 16, *supra*, by reference.

18. At the time Unknown Officers assaulted and battered Plaintiffs, they were acting within the scope of their employment with the Metropolitan Police Department.

19. Defendant District of Columbia is liable for the assault and battery on a theory of respondeat superior.

20. As a proximate cause of the assault and battery imputed to the District of Columbia, Plaintiff's sustained great pain and suffering, emotional distress, humiliation and physical injury.

### COUNT FOUR

(Intentional Infliction of Emotional Distress- District of Columbia And Unknown Police Officers)

21. Plaintiffs hereby incorporate paragraphs 1 through 20, *supra*, by reference

(Intentional Infliction of Emotional Distress- District of Columbia And Unknown Police Officers)

22. As a direct and proximate result of the above-described tortious acts of Unknown Officers and the District of Columbia, plaintiffs suffered severe mental anguish and emotional distress. Such conduct was deliberate, and motivated by evil motives, actual malice and an intent to humiliate the plaintiffs and was outrageous, extreme and completely unjustified..

23. Unknown Officers' actions proximately caused plaintiffs, extreme emotional distress, anxiety, and depression.

## COUNT FIVE

(Civil Rights Violation- Unknown Officers)

24. Plaintiffs hereby incorporate paragraphs 1 through 23, *supra*, by reference.

25. Said assault by defendant Unknown Officers was entirely unjustified by any actions of Plaintiffs and constituted unreasonable and excessive use of force. At the time, the officers w[ere] acting under color of law.

25. The actions alleged above deprived Plaintiffs of the following rights under the United States Constitution:

    a. Freedom from the use of excessive and unreasonable force in the course of a detention and seizure;

    b. Freedom from a deprivation of liberty without due process of law.

26. Defendants Unknown Officers subjected Plaintiffs to such deprivation with either mali[ce] or reckless disregard of plaintiff's rights.

27. As a proximate cause of the Constitutional violations of Unknown Officers, Plaintiff's sustained great pain and suffering , emotional distress, humiliation and physical injury.

6

or reckless disregard of plaintiff's rights.

## COUNT SIX

(False Arrest –Unknown Police Officers- District of Columbia)

28. Plaintiffs hereby incorporate paragraphs 1 through 27, *supra*, by reference.

29. Unknown Officers knowingly and intentionally falsely arrested and detained Plaintiffs, as described above. Such conduct was deliberate, grossly fraudulent and motivated by evil motiv actual malice and intent to injure and humiliate the plaintiffs.

30. These acts caused plaintiffs' arrest and detention as described above.

31. Unknown Officers actions proximately caused plaintiffs extreme emotional distress, anxi and depression.

WHEREFORE, plaintiffs, each pray for judgment against Unknown Officers and the District of Columbia jointly and severally and ask for individual awards of damages in the amount of $5,000,000.00 and an award of attorney's fees, court costs and any other relief deemed appropriate by the court.

Respectfully Submitted,

By: GEOFFREY D. ALLEN, ESQ.

Geoffrey D. Allen
D.C. Bar # 288142
1730 Rhode Island Ave., NW
Suite 206
Washington, DC 20036
(202) 778-1167

## JURY DEMAND

Plaintiff demands trial by jury as to all counts

Geoffrey D. Allen

**JURY DEMAND**