IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LOUISE THORNE,** *et al.*,<br>　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>**DISTRICT OF COLUMBIA,** *et al.*,<br>　　　　　　Defendants. | Civil Action No. 06-01204 GK |

### DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant District of Columbia hereby moves to dismiss the Complaint in the above-captioned case. Please see the attached Memorandum of Points and Authorities, and proposed Order[1] in support of this motion.

　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　ROBERT J. SPAGNOLETTI
　　　　　　　　　　　　　　　　　Attorney General for the District of Columbia

　　　　　　　　　　　　　　　　　GEORGE C. VALENTINE
　　　　　　　　　　　　　　　　　Deputy Attorney General
　　　　　　　　　　　　　　　　　Civil Litigation Division
　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　NICOLE L. LYNCH [D.C. Bar #471953]
　　　　　　　　　　　　　　　　　Chief, General Litigation, Section II
　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　URENTHEA McQUINN [D.C. Bar #182253]
　　　　　　　　　　　　　　　　　Assistant Attorney General
　　　　　　　　　　　　　　　　　441 4th Street, N.W.
　　　　　　　　　　　　　　　　　 Sixth Floor South
　　　　　　　　　　　　　　　　　Washington, D.C.  20001
　　　　　　　　　　　　　　　　　(202) 724-6646 Fax
　　　　　　　　　　　　　　　　　urenthea.mcquinn@dc.gov

August 24, 2006

---

[1] **Attachment 1**.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LOUISE THORNE,** *et al.*,<br>　　　　　　**Plaintiffs,**<br><br>　　　　v.<br><br>**DISTRICT OF COLUMBIA,** *et al.*,<br>　　　　　　**Defendants.** | Civil Action No. 06-01204 GK |

### DEFENDANT DISTRICT OF COLUMBIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS

Defendant District of Columbia, by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves this Court to dismiss plaintiffs' Complaint. In support of its Motion, and as explained more fully *infra*, dismissal is appropriate because all of the claims against the District of Columbia are common law claims, which should be dismissed for lack of subject matter jurisdiction.

*Statement of Facts*

Plaintiffs Mikelle Bassett (driver of the automobile, herein), Mikesha Bassett, Shaneka Harrison, Lakisha Parker and Terrence Light allege that unknown District of Columbia Metropolitan Police Officers followed their car on January 15, 2006 for ten or twenty minutes. Allegedly, at approximately 9:00 p.m. the officers stopped plaintiffs' car on Valley Avenue, close to the intersection of Chesapeake Street in southeast D.C.

Various plaintiffs allege that the unnamed police officers used excessive force on them. Plaintiffs further allege that the officers subsequently released plaintiffs without charging them.

The District of Columbia did not receive notice, pursuant to title 12 D.C. Official Code § 12-309. See the Affidavit of Nadine C. Wilburn (**Attachment 2**).

2

On June 29, 2006, this case was removed from the District of Columbia Superior Court to this Court. Plaintiffs' Complaint against the District of Columbia alleges the following counts: Count I – Negligence; Count III – Assault and Battery; Count IV – Intentional Infliction of Emotional Distress; and Count VI – False Arrest. Plaintiffs' Complaint additionally alleges against the unnamed officers the following counts: Count II – Assault and Battery; and Count V – Civil Rights Violations, a constitutional claim under 42 U.S.C. § 1983.

During the course of this litigation, plaintiffs' counsel sent to the District of Columbia's counsel by electronic mail plaintiffs' alleged § 12-309 notice, dated January 19, 2006, which defendant had not received previously. The notice, however, does not contain the date of the incident in question, or the exact location of the incident (**Attachment 3**).

### *Standard of Review*

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant, therefore, is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth v. Miller*, 261 U.S. App. D.C. 66, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions

cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).

*Argument*

## PLAINTIFFS' CASE SHOULD BE DISMISSED BECAUSE THEY FAILED TO COMPLY WITH TITLE 12 D.C. OFFICIAL CODE § 12-309

Plaintiffs' claims against the District of Columbia should be dismissed for failure to comply with the notice requirements under title 12 D.C. Official Code § 12-309:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

In order to maintain an action against the District of Columbia, a plaintiff must "within six months after the injury or damage was sustained" give written notice to the Mayor of the District of Columbia of "the approximate time, place, cause and circumstances of the injury or damage." D.C. Code § 12-309. "This section . . . 'impose[s] a notice requirement on everyone with a tort claim against the District of Columbia . . . .'" *Gross v. District of Columbia*, 734 A.2d 1077, 1081 (D.C. 1999), quoting *District of Columbia v. Dunmore*, 662 A.2d 1356, 1358 (D.C. 1995). As the District of Columbia Court of Appeals has repeatedly declared, "compliance with the statutory notice requirement is mandatory," and "notice under § 12-309 is a 'condition precedent' to filing a suit against the District." *Gwinn v. District of Columbia*, 434 A.2d 1376, 1378 (D.C. 1981).

In *Wharton v. District of Columbia*, 666 A.2d 1227, 1231 (D.C. 1995), for example, the court permitted only a "minor discrepancy" of one day and twelve hours for time of injury in a notice letter; in *Winters v. District of Columbia*, 595 A.2d 960, 961 (D.C. 1991) the notice letter

4

from a District of Columbia inmate insufficiently stated the location of the injury as Lorton, Virginia because the court stated that there are seven correctional facilities in Lorton.

A § 12-309 notice "must disclose both the factual cause of the injury and a reasonable basis for anticipating legal action as a consequence," and "the circumstances must be detailed enough for the District to conduct a prompt, properly focused investigation of the claim." *Washington v. District of Columbia*, 429 A.2d 1362, 1366 (D.C. 1981) (*en banc*).

According to the Complaint, the plaintiff's injury occurred on January 15, 2006. (Complaint, ¶ 9.) The plaintiff's § 12-309 notice was due six months from the date of the incident, that is, July 15, 2006. Not only did plaintiffs fail to specify a date of this occurrence in the alleged § 12-309 notice to the District of Columbia, which is a bar to recovery in and of itself, but also defendant did not received any § 12-309 notice from plaintiffs at all within the six months set forth in § 12-309. Despite diligent efforts, the District has been unable to locate any notice of the plaintiffs' claim. (See **Attachment 2,** Affidavit of Nadine Chandler Wilburn.)

Plaintiff's purported notice was E mailed by plaintiff's counsel to defense counsel once litigation commenced; this alleged notice, however, inadequately provided the time and place of the alleged incident (**Attachment 3**). The purported letter gives a time of 9:00 p.m., but nowhere in the letter is there a date of the incident. In addition, the location merely states "Valley Avenue close to the intersection of Chesapeake Street in Southeast Washington, D.C." Here, plaintiffs' Complaint alleges several causes and circumstances that give rise to their claim. The notice letter, however, does not contain all such causes and circumstances as alleged in the complaint. Plaintiffs, therefore, provided insufficient notice of the cause and circumstances of their claims. Given plaintiffs' failure to provide sufficient information, defendant would not

5

have been able to conduct an investigation of this incident even if it had received the alleged notice letter.

Plaintiffs have not complied with the mandatory notice requirements of § 12-309. Because the plaintiffs failed to comply with the mandatory notice requirements of § 12-309 before filing suit, all of their common law claims are barred, and must be dismissed with prejudice.

### *Conclusion*

For all of the foregoing reasons, plaintiff's Complaint should be dismissed with prejudice.

>Respectfully submitted,
>
>ROBERT J. SPAGNOLETTI
>Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General
>Civil Litigation Division
>
>_____/s/_____
>NICOLE L. LYNCH [D.C. Bar #471953]
>Chief, General Litigation, Section II
>
>_____/s/_____
>URENTHEA McQUINN [D.C. Bar #182253]
>Assistant Attorney General
>441 4th Street, N.W.
> Sixth Floor South
>Washington, D.C.  20001
>(202) 724-6646
>(202) 727-3625 Fax
>urenthea.mcquinn@dc.gov

August 24, 2006