UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUISE THORNE, *et al.* : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | Civil Action No. 06-1204 |
| THE DISTRICT OF COLUMBIA : | Judge Gladys Kessler |
| : | |
| And : | |
| : | |
| UNKNOWN OFFICERS : | |
| Metropolitan Police Department : | |
| : | |
| Defendants. : | |

**PLAINTIFFS OPPOSITION TO DISTRICT OF COLUMBIA'S MOTION TO DISMISS**

**Introduction**

On January 15, 2006, Mikelle Bassett, Mikesha Bassett, Shaneka Harrison, LaKeisha Parker and Terrence Light allege that they were in a vehicle and were stopped at, Valley Avenue close to the intersection of Chesapeake Street in Southeast Washington, DC, by members of the Metropolitan Police Department.  They allege that they were subjected to unreasonable force and detained without probable cause.

Defendant, District of Columbia has moved to dismiss plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)6 based on its assertions that plaintiffs' notice letter D.C. Coce 12-309 is defective and in any event was not received within six months of the date of the incident. Plaintiffs respectfully oppose defendant's motion.

1

**Defendant's Motion To Dismiss Must Be Denied Because It has Submitted Evidentiary Exhibits With Its Motion**

Fed. R. Civ. P. 12(c) states, in pertinent part, "If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.." Since, the defendant has presented matters outside the pleadings this motion, such as affidavits and other documentary exhibits, it should properly be regarded as a motion for summary judgment.

**Standard To Be Applied**

On a motion for summary judgment the court must examine the record to see whether the defendant, in depositions, answers to interrogatories, admissions, affidavits and the like, has demonstrated the absence of a genuine issue of material fact and is entitled to judgment as a matter of law. *Beard v. Banks*, 126 S. Ct. 2572, 165 L. Ed. 2d 697.

**Plaintiff has presented Civil Rights Claims Which Are Not Subject to D.C. Code 12-309**

In Count Five of Plaintiffs' complaint they allege violations of their civil rights under 42 USC §1983, 1988, and the Fourth and Fifth Amendments to the United States Constitution. It is well established that D.C. Code 12-309 does not apply to such claims. In *Johnson-El v. District of Columbia,* 579 A.2d 163 The inmate experienced a scalp condition, which required medical treatment. The district denied the necessary medical treatment. The inmate filed suit against the district and alleged, among other tort claims, that the district delayed or denied him access to

medical treatment in violation of 42 U.S.C.S. § 1983, which resulted in his hair loss. The district filed a motion to dismiss and contended that the inmate's claims were barred because he failed to give written notice of his injury pursuant to D.C. Code Ann. § 12-309 (1989). The lower court granted the district's motion and the inmate appealed. On appeal, the court reversed the order of the lower court and held that the inmate's § 1983 claim was not subject to the notice provisions of D.C. Code Ann. § 12-309 (1989).  See also, *Cox v. District of Columbia* (D.D.C. Nov. 22, 1991).

Since plaintiffs have presented civil rights claims in this case also it is clear that those counts should survive defendant's motion.

**Plaintiffs Claims Against Unknown Police Officers Are Not Covered By D.C. Code  12-309**

§12-309.  states that,  "An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section."    Plaintiffs' complaint contains allegations as to negligence, assault, battery, false imprisonment  and intentional infliction of emotional distress against the unknown police officers who allegedly committed these torts. As individuals they are separate and distinct from the District of Columbia, and are not covered by §12-309.  For example,  a plaintiff can bring suit against a medical employee of the District of Columbia in his or her individual capacity without giving notice of claim to the District, even though the employee may be eligible for indemnification by the District.  *George v. Dade,* App.

3

D.C., 769 A.2d 760 (2001).   For this reason plaintiffs should be permitted to pursue these claims, to engage in discovery, to ascertain the names of the officers and to pursue their claims against them . The District of Columbia's motion should be denied as to these claims.

**Plaintiffs Did In Fact Serve A Copy Of Their Notice Letter On The Mayor Within Six Months**

As shown by Exhibits attached hereto, plaintiffs do in fact have conclusive evidence that they served their notice letter on the Mayor within six months of the date of the incident as required by §12-309.  Firstly, plaintiffs have a signed receipt for the letter.  And secondly, there is a letter of acknowledgement sent by the District.   Hence, the evidence is overwhelming that the notice letter was sent and received within six months.

**Plaintiffs' Notice letter Is Sufficiently Detailed To Permit The District To Investigate Their Claims**.

The District claims that Plaintiffs notice is inadequate because it does not contain the date of the incident. The requirement that a letter be sent to the mayor of the District of Columbia is mandatory as a prerequisite to filing suit against the district; however, the letter's required contents, such as approximate place of injury, are to be interpreted liberally; the purposes of § 12-309 are (1) to allow the District to investigate potential claims so that evidence may be gathered while still available, (2) to enable the district to correct defective conditions, thus increasing public safety, and (3) to facilitate settlement of meritorious claims and resistance of frivolous ones. *Hardy v. District of Columbia*, 616 A.2d 338 (1992).   All that is required, in order for a notice letter to be sufficient is enough information to permit a reasonably focused

investigation of the event in question.. *Gaskins v. District of Columbia*, 579 A.2d 719, 721-22 (D.C. 1990) (quoting *Dixon v. District of Columbia,* 168 A.2d 905, 907 (D.C. 1961); see also *Washington v. District of Columbia*, 429 A.2d 1362 (D.C. 1981) In this case, the information provided would be sufficient for an investigator to discover the date of the incident in short order. The names of all the persons involved were provided, as well as the location of the event, and a detailed description of what allegedly occurred.

Moreover, in this case, it is highly likely that a police report of some sort was generated as a result of this encounter. Police reports can serve as notice to the District under § 12-309, since "…A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section." *Pitts v. District of Columbia*, App. D.C., 391 A.2d 803 Also, the case law permits information from various sources to be combined in order to achieve sufficient notice. For example, in *James v. District of Columbia,* 610 F. Supp. 1027 (D.D.C. 1985), where the District received an arrestee's injury report, acquired statements regarding the officer's conduct, had a copy of the police report of the arrest itself, and got the results of the police department investigation on the use of force, notice was held to be sufficient. And in, *Tibbs v. Williams,* 263 F. Supp. 2d 39 (D.D.C. 2003) a combination of letters from a business owner's counsel in connection with a search and seizure at the owner's premises gave the District of Columbia adequate notice that the owner would bring a claim of interference with business relationships; the letters stated that the District's agents unlawfully removed business equipment and that the owner suffered a loss of income as a result. In this case, there has been no discovery thus far. Summary judgment should ordinarily be entered only after the plaintiff has been given 'adequate time for discovery.'" *Barry v. United States Capitol,* 2005 U.S. Dist. LEXIS

8381, 2005 WL 1026703, at 4 (D.D.C. May 2, 2005) (quoting Anderson, 477 U.S. at 257). Additionally, in an even more recent opinion, the D.C. Circuit explained: "before discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case in a particular case." *Chappell-Johnson v. Powell*, 440 F.3d 484, 488 (D.C. Cir 2006) (quoting *Swierkiewicz v. Sorema* N. A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)). Because it is entirely possible that a police report will provide information as to the date of the event and that this alone or in combination with plaintiffs' notice letter would then satisfy provide the notice requirement, plaintiff should be permitted an opportunity to engage in discovery and make such a showing.

The District also asserts that there is insufficient information in the notice letter as to the location of the event. Firstly, plaintiffs would note that the statute itself only requires information as to the "approximate" location. Secondly, this is not the type of case where absolute precision as to the location is that significant. There are cases, particularly slip and fall cases, and cases involving defective manhole covers and sidewalk defects, where a high degree of precision is required in order to permit a reasonable investigation. In the case of manholes for example, it is not uncommon for there to be a number of them on a particular block and it therefore becomes important to be able to identify the particular one in question. Although, even in such cases, a high degree of flexibility is permitted. *Gaskins v. District of Columbia*, 579 A.2d 719, 721-22 (D.C. 1990); *Hardy v. District of Columbia*, App. D.C., 616 A.2d 338 (1992). But in this type of case, involving allegations of excessive force, and false arrest, the precise location is less significant than in the case of a sidewalk defect. As such, the information provided, namely, "Valley Avenue close to the intersection of Chesapeake Street in Southeast

Washington" was sufficient to enable the District to conduct a reasonably focused investigation of this event.

**Conclusion**

Although styled as a motion to dismiss, defendant's motion should be treated as one for summary judgment.  The notice letter requirement does not apply to civil rights claims or to claims against individuals,  therefore, these claims necessarily survive defendant's motion. Defendant's claim that plaintiffs' notice letter was not received by the District is directly contradicted by plaintiffs' evidence of a signed receipt and a letter acknowledging receipt from the District itself.  As to the absence of a date in plaintiffs' letter,  plaintiff submits there was nonetheless sufficient information to permit an investigation of the event. But even if this was not so,  plaintiff should be permitted an opportunity to engage in discovery to see if any police reports exist which might remedy this problem. Summary judgment prior to discovery is disfavored.

> Respectfully submitted,
>
> /s/
> _____
> Geoffrey D. Allen, Esq.
> D.C. Bar No. 288142
> 1730 Rhode Island Avenue, N.W.
> Suite 206
> Washington, D.C.  20036
> (202) 778-1167
> Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LOUISE THORNE,** *et al.* : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | |
| : | Civil Action No. 06-1204 |
| **THE DISTRICT OF COLUMBIA** : | **Judge Gladys Kessler** |
| : | |
| And : | |
| : | |
| **UNKNOWN OFFICERS** : | |
| **Metropolitan Police Department** : | |
| : | |
| **Defendants.** : | |

## ORDER

This matter comes before the court on defendant, District of Columbia's Motion To Dismiss and plaintiffs' opposition thereto. Having considered the pleadings, it is this ____ day of _____, 2006, hereby,

**ORDERED,** that defendant District of Columbia's Motion be and hereby is **DENIED.**

_____
Judge Gladys Kessler