IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**LOUISE THORNE**, *et al.*,
               **Plaintiffs**,

      v.                                  Civil Action No. 06-01204 GK

**DISTRICT OF COLUMBIA**, *et al.*,
               **Defendants.**

### DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant District of Columbia hereby moves to dismiss the Complaint in the above-captioned case for plaintiffs' failure to provide notice to the District of Columbia as required by D.C. Official Code § 12-309.

During the course of this litigation, plaintiffs' counsel sent to the District of Columbia's counsel by electronic mail plaintiffs' alleged § 12-309 notice, dated January 19, 2006, which defendant had not received previously. The notice, however, does not contain the date of the incident in question, or the exact location of the incident. Therefore, plaintiffs have failed to comply with D.C. Official Code § 12-309. As plaintiffs have only brought common law claims against the District (Counts I, III, IV and VI), D.C. Official Code § 12-309 bars this lawsuit against the District.

**I.    Plaintiffs' Discussions as to Their Civil Rights Claims Are Not Viable Claims Unless and Until They Serve the Individual Defendants.**

Plaintiffs' discussions in their Opposition, as to their civil rights claims under 42 U.S.C. § 1983, are not applicable to this Motion to Dismiss inasmuch as they have not served the individual defendants against whom they have brought this claim. Plaintiffs' Complaint only

asserts a § 1983 claim against the unnamed individuals, but not the District of Columbia. The only defendant before this Court is the District of Columbia to which D.C. Official Code § 12-309 does apply.

Plaintiffs' Complaint against the District of Columbia alleges the following counts: Count I – Negligence; Count III – Assault and Battery; Count IV – Intentional Infliction of Emotional Distress; and Count VI – False Arrest. All of the claims against the District of Columbia, the only party served, are common law claims. As such, § 12-309 must be satisfied as to them.

## II.   D.C. Official Code § 12-309 Requires That the District Actually Receive Notice.

D.C. Official Code § 12-309 requires that the District actually receive notice of the alleged injury within six months of the injury. Plaintiffs' allegations that they mailed a letter is not enough. "Unless it demonstrates compliance with the requirements of § 12-309, a plaintiff's suit against the District is properly dismissed because 'no "right of action" or "entitlement to maintain an action" accrues.'" *District of Columbia v. Arnold & Porter*, 756 A.2d 427, 436 (D.C. 2000); quoting *Campbell v. District of Columbia*, 568 A.2d 1076, 1078 (D.C. 1990); *Gwinn v. District of Columbia*, 434 A.2d 1376, 1378 (D.C. 1981). Moreover, our Court of Appeals has long-recognized that "because it is in derogation of the common law principle of sovereign immunity, section 12-309 is to be construed narrowly against claimants." *Gross v. District of Columbia*, 734 A.2d 1077, 1081 (D.C. 1999); *see also Doe by Fein v. District of Columbia*, 697 A.2d 23, 29 (D.C. 1997); *District of Columbia v. Dunmore*, 662 A.2d 1356, 1359 (1995).

While Plaintiff appears to rest on the fact that he allegedly mailed the § 12-309 notice, our Court of Appeals has emphasized that the linchpin of § 12-309 is the *receipt* of the notice by

the District, and not the fact that the claimant purportedly mailed the notice. In *DeKine v. District of Columbia*, 422 A.2d 981 (D.C. 1980):

> We agree with the approach taken by most of these courts, especially because one of the purposes of the statute is to afford the opportunity for appropriate government officials to ascertain the facts, and, if appropriate, to adjust the claim. Because this purpose can be achieved only by the District's timely receipt of notice, and the method of delivering written notice under § 12-309 is entirely within the claimant's discretion, we perceive no unfairness in placing the consequences of less-than-rapid postal service upon the claimant, rather than upon the District. Accordingly, we hold that § 12-309 requires that the District receive written notice within six months of the injury giving rise to the claim.

*DeKine*, 422 A.2d at 985. Without demonstrating that notice was received by the District, in the absence of any record of receipt by the Office of Risk Management and the failure of plaintiff to provide an acknowledgement, plaintiff cannot maintain his claim against the District.

Defendant does not have a record of having received the letter that plaintiff has proffered as proof of compliance with D.C. Code §12-309. See the Affidavit of Nadine Wilburn previously submitted by defendant. Plaintiffs, therefore, have failed to meet their burden of proof that they complied with the mandatory notice requirements of D.C. Official Code §12-309.

**III.   Plaintiffs Alleged Notice Letter Fails to Specify the Date of the Occurrence.**

The alleged notice letter which plaintiffs claim to have timely submitted to the District does not specify the date of the incident in question. Even if this notice were received by the District of Columbia, as plaintiffs allege, the District would not be on notice as to this event because the letter glaringly lacks a date of the incident. Given plaintiffs' failure to provide sufficient information, defendant would not have been able to conduct an investigation of this incident even if it had received the alleged notice letter.

In addition, plaintiffs' generalized speculations that a police report must exist somewhere is not evidence. Because plaintiffs have not submitted a police report as evidence of receipt of notice by the District of Columbia, which plaintiffs must prove, plaintiffs, therefore, fail to prove that they have complied with D.C. Official Code § 12-309.

>Respectfully submitted,
>
>ROBERT J. SPAGNOLETTI
>Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General
>Civil Litigation Division
>
>/s/
>NICOLE L. LYNCH [D.C. Bar #471953]
>Chief, General Litigation, Section II
>
>/s/
>URENTHEA McQUINN [D.C. Bar #182253]
>Assistant Attorney General
>441 4th Street, N.W.
> Sixth Floor South
>Washington, D.C. 20001
>(202) 724-6646 Fax
>urenthea.mcquinn@dc.gov

September 22, 2006