UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LOUISE THORNE,** *et al.* : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | |
| : | Civil Action No. 06-1204 |
| **THE DISTRICT OF COLUMBIA** : | Judge Gladys Kessler |
| : | |
| And : | |
| : | |
| **UNKNOWN OFFICERS** : | |
| **Metropolitan Police Department** : | |
| : | |
| **Defendants.** : | |

**PLAINTIFFS SUPPLEMENTARY OPPOSITION TO
DISTRICT OF COLUMBIA'S MOTION TO DISMISS**

As noted in their Opposition, police reports can serve as notice to the District under D.C. Code §12-309, since "…A report in writing by the Metropolitan Police Department, in the regular course of duty, is a sufficient notice under this section." *Pitts v. District of Columbia*, App. D.C., 391 A.2d 803  Also, the case law permits information from various sources to be combined in order to achieve sufficient notice.  *James v. District of Columbia,* 610 F. Supp. 1027 (D.D.C. 1985),  *Tibbs v. Williams*, 263 F. Supp. 2d 39 (D.D.C. 2003)

In this case, there was in fact, a moving violation citation issued to Mikelle Basset one of the plaintiffs in this case, at the conclusion of the encounter which forms the subject matter of this lawsuit.  The citation, which is attached hereto as Exhibit A provides the date of the encounter between Ms. Basset and the police.  It is also in the same location as is indicated in

1

plaintiff's amended notice letter. In the citation the location is given as the 200 block of Valley Ave. S.E.. In the Amended Notice letter dated March 15, 2006, attached hereto as Exhibit B, the location of the event is given as Valley Ave close to the intersection of Atlantic St. S.E.. The court is respectfully asked to take judicial notice that this is in fact, the 200 block of Valley Ave. S.E. The citation also gives the name and badge number of the officer issuing the citation. Thus, a reasonable investigator could have readily determined the date of the encounter between plaintiffs and the police from the citation issued to Mikelle Basset. Hence, a known police report and the timely notice letters together, satisfy §12-309.

In addition, there is a likelihood that there exist further reports generated by the police department, as a result of this encounter between the police and plaintiffs. Plaintiffs should be permitted to engage in discovery on this issue, since summary judgment should ordinarily be entered only after the plaintiff has been given 'adequate time for discovery.' *Barry v. United States Capitol,* 2005 U.S. Dist. LEXIS 8381, 2005 WL 1026703, at 4 (D.D.C. May 2, 2005)

Moreover, the information given on plaintiffs Amended notice letter satisfactorily identifies the location of the encounter since only the approximate location is required by D.C. Code §12-309.

In view of the above, it is requested that defendant's motion be denied.

Respectfully submitted,

/s/
_____
Geoffrey D. Allen, Esq.
D.C. Bar No. 288142
1730 Rhode Island Avenue, N.W.
Suite 206
Washington, D.C.  20036
(202) 778-1167