IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LOUISE THORNE, *et al.*,
          Plaintiffs,

v.                                          Civil Action No. 06-01204 GK

DISTRICT OF COLUMBIA, *et al.*,
          Defendants.

### DEFENDANT DISTRICT OF COLUMBIA'S SUPPLEMENTAL REPLY TO PLAINTIFFS' SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant District of Columbia hereby files this Supplemental Reply to Plaintiff's Supplemental Opposition of September 27, 20006 to Defendant's Motion to Dismiss the District of Columbia.

### I.   BACKGROUND

Plaintiffs allege that they were stopped by the District of Columbia Metropolitan Police on January 15, 2006. Plaintiffs' notice letter of January 19, 2006 did not contain the date of the incident in question, or the exact location of the incident. On August 24, 2006, the District of Columbia filed a Motion to Dismiss, which alleged that plaintiffs failed to comply with the notice requirements of D.C. Official Code § 12-309 pertaining to unliquidated damages for common law claims.   12 D.C. Official Code § 12-309:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

At the time of the motion to dismiss, plaintiffs had only brought common law claims against the District (Counts I, III, IV and VI).[1]

## II. THE TRAFFIC CITATION SUBMITTED BY PLAINTIFF IS UNTIMELY.

On September 27, 2006, plaintiffs untimely submitted for the first time the traffic citation of January 15, 2006.  Plaintiffs did not submit it along with their defective notice letter, nor did they submit it within the statutory time period of six months from the date of the injury. September 27, 2006 was eight and one half months after the alleged injury.  Thus, the traffic citation submitted by plaintiffs for the first time along with their Supplemental Opposition on September 27, 2006, was untimely submitted -- eight and one-half months after the incident in question of January 15, 2006; whereas the statute requires notice within six months of the incident.

## III. THE TRAFFIC CITATION SUBMITTED BY PLAINTIFF LACKS THE DETAIL REQUIRED BY D.C. OFFICIAL CODE § 12-309 TO NOTIFY THE DISTRICT TO INVESTIGATE THE INCIDENT.

Plaintiffs' allegation in their Supplemental Opposition is that the traffic citation issued to plaintiffs on January 15, 2006, but submitted for the first time as an Exhibit on September 27, 2006, should serve as a police report.  Case law has ruled that police reports are sufficient notice if they provide the detail required by D.C. Official Code § 12-309:

> In order for a police report made in the regular course of duty to satisfy the Section 309 requirement of notice, it must contain information as to the approximate time, place, cause and circumstances of the injury or damage ". . . with at least the same degree of specificity required of a written notice." Jenkins v. District of Columbia, supra at 1178; Miller v. Spencer, supra at 252; Brown v. District of Columbia, D.C. App., 304 A.2d 292, 293 (1973); Stone v. District of Columbia, 99 U.S. App. D.C. 32, 34, 237 F.2d 28, 30, cert. denied, 352 U.S. 934, 1 L. Ed. 2d 160, 77 S.

---

[1] Plaintiffs filed an Amended Complaint on September 29, 2006 in open court, which now alleges a 42 U.S.C. § 1983 claim against the District of Columbia.

2

> Ct. 221 (1956). In Miller v. Spencer, supra at 252, the legislative history of the statute is cited to the effect that:
>
>> [the] police report is an alternative form of notice added to "[take] care of those instances in which actual notice is had by the District of Columbia from the police department, although technical notice may not have been filed by the person injured." . . . [the report must contain the same degree of specificity required of the written notice] to require any less would place an intolerable investigative burden on the District. [Emphasis in original. *Pitts v. District of Columbia*, 391 A.2d 803, 808 (D.C. 1978).

In addition to not having submitted the above described traffic citation at the time of their deficient notice letter, and then submitting it untimely eight and one-half months after the incident, the traffic citation itself does not provide sufficient detail to apprise the District of an impending civil lawsuit and the need to investigate claims in that regard. It lacks the detail required by § 12-309 to put the District of Columbia on notice that it must investigate a potential civil lawsuit. In *Pitts v. District of Columbia,* the court set forth the rationale for the § 12-309 requirements:

> The rationale underlying the Section 309 notice requirement is to (1) protect the District of Columbia against unreasonable claims and (2) to give reasonable notice to the District of Columbia so that the facts may be ascertained and, if possible, deserving claims adjusted and meritless claims resisted. *Jenkins v. District of Columbia*, D.C. App., 379 A.2d 1177, 1178 (1977); Hill v. District of Columbia, D.C. App., 345 A.2d 867, 869 (1975); *Wilson v. District of Columbia*, D.C. App., 338 A.2d 437, 438 (1975); and *Miller v. Spencer*, D.C. App., 330 A.2d 250, 251 (1973). The legislative history of Section 309 also indicates the provision was intended to encourage the prompt settlement of meritorious claims and to permit the District to conduct an early investigation of the facts and circumstances surrounding such claims. As described in the committee report accompanying the statute, the section was designed to aid the District of Columbia "in the defense of the public interest where claims" are filed within the applicable "statute of limitations but so long after the event that it is impossible" for the city "to obtain evidence for use in litigation which may result." *Pinkney v. District of Columbia*, 439 F. Supp. 519, 525 n.6 (D.D.C. 1977), quoting H.R. REP. No. 2010, 72d

3

>Cong., 2d Sess. 1 (1933). See *District of Columbia v. Leys*, 62
>App. D.C. 3, 63 F.2d 646 (1932*).*

391 A.2d 803, 807 (D.C. 1978).

Incorporation of the time, place, cause and circumstances of the injury is necessary in order for the police report to be consistent with the statute's purpose of assuring adequate information for the proper and efficient disposition of claims by the District. See*. e.g., Stone v. District of Columbia,* 237 F.2d at 32, 36. "Although the "reasonable guide" standard may "tolerate inaccuracies or lack of precision in the notice that [do] not affect its basic adequacy to permit a prompt and focused investigation," *Gaskins*, 579 A.2d at 723, the written notice in this case provided no basis other than speculation (i.e., Mr. Worthy's address of residence) from which the District could infer an even general location of the accident." *Worthy v. District of Columbia*, 601 A.2d 581, 582 (D.C. 1991). Likewise, defendants in this case would have to speculate about the date of this occurrence, especially because the citation was not forwarded with the notice letter. Also, in the present case, the traffic citation does not put the District on notice of the cause and circumstances of the alleged injury. Nor does it give the District reason to believe that it must begin an investigation into a possible civil suit.

**IV.   THE DISTRICT OF COLUMBIA DID RECEIVE PLAINTIFFS' DEFECTIVE § 12-309 NOTICE.**

When the District filed its Motion to Dismiss, it included a declaration, which provided that a search had been made and that no § 12-309 letter had been found. The individuals searching had inadvertently searched using the name of the mother, Louise Thorne, who had filed suit on behalf of the minors, rather than the names of the minors, in whose names the § 12-309 letter had been written and submitted: Mikelle Bassett (driver of the automobile on January 15, 2006), Mikesha Bassett, Shaneka Harrison, Lakisha Parker and Terrence Light. The District

4

of Columbia did receive plaintiffs' defective notice letter of this incident, which did not include the date of the incident, contrary to D.C. Official Code § 12-309.

### V.   PLAINTIFFS' NOTICE LETTER IS ALL THAT SHOULD BECONSIDERED HEREIN

Section 12-309 requires that the notice provide the time, place, cause and circumstances of the injury. In a long line of cases, the District of Columbia Court of Appeals has made it clear that the adequacy of notice under Section 12-309 is to be judged by reference to the contents of plaintiff's letter to the Mayor or a police report. As the Court explained in *Gaskins v. District of Columbia*, 579 A.2d 719, 724 (D.C. 1990) "By rely[ing] on the contents of the [notice] letter," we intended to enforce adherence to the requirements of the statute – already liberally construed." Hence, the Court of Appeals has held that fire department reports cannot be used to supplement inadequate notice. *Campbell v. District of Columbia*, 568 A.2d 1077 (D.C. 1990). Likewise, the Court has held that reports of the U.S. Attorney's Office or criminal trial proceedings cannot save a plaintiff who fails to give adequate notice. *Allen v. District of Columbia*, 533 A.2d 1259 (D.C. 1987). As the Court observed in *Campbell,* "the second sentence of Section 12-309 permits notice only by police report – a report that covers all the requisite information, *easily found in one place*." *Id.* at 1078. [Emphasis added.]

The timely, but defective, notice letter is all that should be considered herein. The untimely submission of the traffic citation on September 27, 2006 is barred by its lateness; it exceeded the six months' time period within which to notify the District.

### VI.   CONCLUSION

The Court should consider only plaintiffs' timely notice letter herein. That notice letter of January 19, 2006, as to the January 15, 2006 incident, was defective in that it did not provide a date of the incident. Plaintiff did not submit the traffic citation at the time of the

notice letter. Plaintiff submitted the traffic citation eight and one half months after the incident, although § 12-309 requires notice within six months of the incident. The information in the traffic citation does not give the District notice of a potential lawsuit by plaintiffs due to alleged misconduct of the officers involved with stopping plaintiffs. The traffic citation does not contain sufficient detail to apprise the district that it must investigate the matter in anticipation of a possible civil suit. Based upon all of these deficiencies in the § 12-309 notice to the District, plaintiffs' common law claims against the District of Columbia should be dismissed.

> Respectfully submitted,
>
> ROBERT J. SPAGNOLETTI
> Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General
> Civil Litigation Division
> _____/s/_____
> NICOLE L. LYNCH [D.C. Bar #471953]
> Chief, General Litigation, Section II
> _____/s/_____
> URENTHEA McQUINN [D.C. Bar #182253]
> Assistant Attorney General
> 441 4th Street, N.W.
> Sixth Floor South
> Washington, D.C.  20001
> (202) 724-6646 Fax
> urenthea.mcquinn@dc.gov

October 6, 2006