IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LOUISE THORNE,** *et al.,*<br>    **Plaintiffs,**<br><br>    v.<br><br>**DISTRICT OF COLUMBIA,** *et al.,*<br>    **Defendants.** | Civil Action No. 06-01204 GK |

### DEFENDANT BAXTER McGREW'S ANSWER TO THE FIRST AMENDED COMPLAINT

Defendant Baxter McGrew hereby submits his Answer to the First Amended Complaint in the above-captioned case.

### First Defense

The First Amended Complaint fails to state a claim upon which relief may be granted.

### I. Jurisdiction

1. Defendant McGrew states that the allegations contained in paragraph 1 of the First Amended Complaint are conclusions of law by plaintiffs to which no response is required.

2. Defendant McGrew states that he lacks sufficient knowledge or information at this time about the allegations contained in paragraph 2 of the First Amended Complaint, and on that basis he denies them pending strict proof at trial.

3. In response to paragraph 3, defendant McGrew admits that at all times relevant to this lawsuit, he was employed as a District of Columbia Metropolitan Police Officer. The remaining allegations of paragraph 4 are legal conclusions by plaintiffs to which no response is required.

4. Defendant McGrew admits that the District of Columbia is a municipal corporation, but states that the remaining allegations contained in paragraph 4 of the First Amended Complaint are conclusions of law by plaintiffs to which no response is required.

5. Defendant McGrew admits the allegations contained in paragraph 5 of the First Amended Complaint.

## II. Factual Allegations

6. Defendant McGrew admits knowledge of the date and location of this matter, but he does not know the names of the individuals involved. Defendant denies the remaining allegations of paragraph 6 of the First Amended Complaint.

7. Defendant McGrew denies the allegations contained in paragraph 7 of the First Amended Complaint.

8. Defendant McGrew denies the allegations contained in paragraph 8 of the First Amended Complaint.

9. Defendant McGrew denies the allegations contained in paragraph 9 of the First Amended Complaint.

10. Defendant McGrew admits that the individuals who were stopped were issued a traffic citation and released, but defendant denies the remaining allegations of paragraph 10 of the First Amended Complaint.

11. Defendant McGrew states that he lacks sufficient knowledge or information at this time about the allegations regarding the Washington Post contained in paragraph 11 of the First Amended Complaint, and on that basis he denies them pending strict proof at trial. Defendant McGrew denies the remaining allegations of paragraph 11 of the First Amended Complaint.

## COUNT ONE
### (Negligence-District of Columbia-Officer Baxter McGrew-Unknown Police Officers)

12. Defendant McGrew adopts and incorporates by reference, as if fully set forth herein, each and every prior response herein.

13. Defendant McGrew admits that he was acting within the scope of his duties as a Metropolitan Police Officer. Defendant McGrew denies the remaining allegations contained in paragraph 13 of the First Amended Complaint.

14. Defendant McGrew states that the allegations contained in paragraph 14 of the First Amended Complaint are conclusions of law by plaintiffs to which no response is required.

## COUNT TWO
### (Assault and Battery-Officer Baxter McGrew-Unknown Officers)

15. Defendant McGrew adopts and incorporates by reference, as if fully set forth herein, each and every prior response herein.

16. Defendant McGrew denies the allegations contained in paragraph 16 of the First Amended Complaint.

17. Defendant McGrew denies the allegations contained in paragraph 17 of the First Amended Complaint.

18. Defendant McGrew denies the allegations contained in paragraph 18 of the First Amended Complaint.

19. Defendant McGrew states that the allegations contained in paragraph 19 of the First Amended Complaint are conclusions of law by plaintiffs to which no response is required.

## COUNT THREE
### (Assault and Battery-District of Columbia)

20. Defendant McGrew adopts and incorporates by reference, as if fully set forth herein, each and every prior response herein.

21. Paragraph 21 is not directed at this defendant, and therefore, no response is required.

22. Paragraph 22 is not directed at this defendant, and therefore, no response is required.

23. Defendant McGrew states that the allegations contained in paragraph 23 of the First Amended Complaint are conclusions of law by plaintiffs to which no response is required.

## COUNT FOUR
### (Intentional Infliction of Emotional Distress-District of Columbia and Unknown Police Officers and Baxter McGrew)

24. Defendant McGrew adopts and incorporates by reference, as if fully set forth herein, each and every prior response herein.

25. Defendant McGrew states that the allegations contained in paragraph 25 of the First Amended Complaint are conclusions of law by plaintiffs to which no response is required.

26. Defendant McGrew states that the allegations contained in paragraph 26 of the First Amended Complaint are conclusions of law by plaintiffs to which no response is required.

## COUNT FIVE
### (Civil Rights Violation-Baxter McGrew-Unknown Officers)

27. Defendant McGrew adopts and incorporates by reference, as if fully set forth herein, each and every prior response herein.

28. Defendant McGrew denies that he assaulted plaintiffs, and he also denies the remaining allegations contained in paragraph 28 of the First Amended Complaint.

29. Defendant McGrew denies the allegations contained in paragraph 29 of the First Amended Complaint.

30. Defendant McGrew denies the allegations contained in paragraph 30 of the First Amended Complaint.

31. Defendant McGrew states that the allegations contained in paragraph 31 of the First Amended Complaint are conclusions of law by plaintiffs to which no response is required.

## COUNT SIX
### (False Arrest-Officer Baxter McGrew-Unknown Police Officers-District)

32. Defendant McGrew adopts and incorporates by reference, as if fully set forth herein, each and every prior response herein.

33. Defendant McGrew denies the allegations contained in paragraph 33 of the First Amended Complaint.

34. Defendant McGrew denies the allegations contained in paragraph 34 of the First Amended Complaint.

35. Defendant McGrew denies the allegations contained in paragraph 35 of the First Amended Complaint.

36. Defendant McGrew states that the allegations contained in paragraph 36 of the First Amended Complaint are conclusions of law by plaintiffs to which no response is required.

## COUNT SEVEN
### (Civil Rights Violations-District of Columbia)

37. Defendant McGrew adopts and incorporates by reference, as if fully set forth herein, each and every prior response herein.

38. Paragraph 38 is not directed at this defendant, and therefore, no response is required.

39. Defendant McGrew denies the allegations contained in paragraph 39 of the First Amended Complaint.

40. Defendant McGrew states that the allegations contained in paragraph 40 of the First Amended Complaint are conclusions of law by plaintiffs to which no response is required.

41. Defendant McGrew states that the allegations contained in paragraph 41 of the First Amended Complaint are conclusions of law by plaintiffs to which no response is required.

## Second Defense

Defendant denies all allegations of wrongdoing, including but not limited to violations of common law.

## Third Defense

All actions performed by defendant, acting within the scope of his employment, met or exceeded the applicable standard of care.

## Fourth Defense

If the plaintiffs have been damaged as they allege, such damages were the result of the plaintiffs' sole, concurrent or contributory negligence and assumption of the risk, and/or other acts or omissions of plaintiffs themselves and or person(s) other than the defendant, and/or person(s) not a party to this lawsuit.

## Fifth Defense

Plaintiffs failed to mitigate their damages.

## Sixth Defense

Plaintiffs' claims may be barred by laches, waiver, collateral estoppel, *res judicata*, unclean hands, and/or the relevant statute of limitations.

## Seventh Defense

At all times relevant, defendant McGrew acted in conformance with pertinent rules and regulations then in effect.

## Eighth Defense

Defendant's actions were taken in good faith, or with probable cause, and/or with a reasonable good faith belief in their lawfulness.

### Ninth Defense

The actions of defendant were reasonably necessary to enforce the laws, statutes and/or regulations of the United States and/or the District of Columbia.

### Tenth Defense

Plaintiffs' claims may be barred under the doctrines of absolute immunity, discretionary immunity, governmental immunity, official immunity, qualified immunity, sovereign immunity, privilege and/or other immunity.

### Eleventh Defense

Plaintiffs' allegations do not support a negligence claim as the alleged actions of defendant state only an intentional tort claim.

### Twelfth Defense

Plaintiffs failed to mitigate their damages..

### Thirteenth Defense

Defendant McGrew reserves the right to assert any and all defenses that are supported by facts learned through discovery or at trial herein.

### General Denial

Defendant denies all allegations not previously admitted or otherwise answered. Defendant admits no allegations unless clearly so stated above. Defendant also reserves the right to amend his Answer and to add defenses that become apparent in discovery.

### Set-Off

Defendant District of Columbia claims a set-off against any judgment, obtained by plaintiffs, for the cost of all medical and hospital treatment rendered to plaintiffs by the defendant District of Columbia, directly or indirectly, including Medicaid, and a set-off for the

value of any and all public benefits received directly or indirectly by plaintiffs from the District of Columbia.

## Jury Demand

Defendant requests a trial by the maximum number of jurors permitted by law of all issues so triable.

Defendant prays that this matter be dismissed with prejudice, and that he be awarded the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
NICOLE L. LYNCH [D.C. Bar #471953]
Chief, General Litigation, Section II

_____/s/_____
URENTHEA McQUINN [D.C. Bar #182253]
Assistant Attorney General
441 4th Street, N.W.
Suite 6South47
Washington, D.C. 20001
(202) 724-6646
(202) 727-0431 (Fax)
urenthea.mcquinn@dc.gov

November 8, 2006