UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                              :
LOUISE THORNE, et al.,        :
                              :
        Plaintiffs,           :
                              :
    v.                        :    Civil Action No. 06-1204 (GK)
                              :
DISTRICT OF COLUMBIA, et al., :
                              :
        Defendant.            :
_____:
```

MEMORANDUM OPINION

Plaintiffs bring this action against the District of Columbia, Officer Baxter McGrew, a police officer in the District of Columbia Metropolitan Police Department ("MPD"), and Unknown Police Officers of the MPD, alleging violations of the United States Constitution, 42 U.S.C. § 1983 ("Section 1983"), and the common law of the District of Columbia. Plaintiffs are Louise Thorne, mother and next friend of Mikelle Bassett and Mikesha Bassett, minors; Kathy Crews, mother and next friend of Shaneka Harrison, a minor; and Samala Parker-Smith, mother and next friend of LaKeisha Parker, a minor.

This matter is currently before the Court on Defendant District of Columbia's Motion to Dismiss ("Def.'s Mot.") [Dkt. No. 8]. Upon consideration of the Motion, Opposition, Reply, Supplementary Opposition, Supplemental Reply and the entire record herein, and for the reasons stated below, Defendant's Motion is hereby **denied**.

I. BACKGROUND

**A.   Facts**[1]

Plaintiffs' Amended Complaint alleges the following facts. On January 15, 2006, at approximately 9:00 p.m., Mikesha Bassett, Shaneka Harrison, LaKeisha Parker and Terrence Light were in a vehicle driven by Mikelle Bassett on Valley Avenue close to the intersection with Atlantic Street in Southeast Washington, DC. As they approached a green light, a police car began to follow them. After following them for about ten to twenty minutes, the police car drove around Plaintiffs' vehicle and another car pulled up and blocked them from proceeding through the light.

Plaintiffs allege that one officer pulled out his gun, approached the driver's side of Plaintiffs' vehicle, grabbed Ms. Bassett by the neck, pulled her to the ground face down and dragged her. The other officers proceeded to insult, threaten, and use force against each of the other Plaintiffs. Plaintiffs ultimately were released and were not charged with any criminal offenses.

On January 19, 2006, counsel for Plaintiffs sent a letter to Mayor Anthony Williams "to notify [him] of certain legal claims that may be made against the District of Columbia, pursuant to D.C. Code § 12-309." Letter to Mayor Williams ("Notice Letter" or "Letter"), Ex. to Plaintiffs' Opposition to Def.'s Mot., September 1, 2006, ("Pls.' Opp'n").

---

[1] Unless otherwise indicated, all facts set forth herein are taken from the Complaint or the undisputed facts presented in the parties' briefs.

**B.   Procedural History**

On June 2, 2006, Plaintiffs filed the instant action in Superior Court of the District of Columbia alleging negligence (Count One), assault and battery (Count Three), intentional infliction of emotional distress (Count Four), and false arrest (Count Six) against the District of Columbia. Against the individual Unknown Police Officers, Plaintiffs alleged negligence (Count One), assault and battery (Count Two), intentional infliction of emotional distress (Count Four), liability pursuant to 42 U.S.C. § 1983 for excessive force (Count Five), and false arrest (Count Six). They sought damages in the amount of $5,000,000.00. The case was removed to this Court on June 29, 2006. Defendant District of Columbia filed its Motion to Dismiss [Dkt. No. 8] on August 24, 2006. Plaintiffs opposed the Motion on September 1, 2006 [Dkt. No. 9], Defendant filed its Reply on September 22, 2006 ("Def.'s Reply") [Dkt. No. 12], and Plaintiff filed a Supplementary Opposition on September 27, 2006 ("Pls.' Supp. Opp'n") [Dkt. No. 13].[2]

On September 29, 2006, Plaintiffs filed an Amended Complaint without leave of Court [Dkt. No. 15]. The Amended Complaint adds one named individual Defendant, Officer McGrew. It restates the counts of the original Complaint and adds one new count: liability pursuant to 42 U.S.C. § 1983 against the District of Columbia (Count Seven). On October 6, 2006, Defendant filed a Supplemental Reply ("Def.'s Supp. Reply") [Dkt. No. 16].

---

[2] Plaintiffs attached to their Supplementary Opposition the traffic citation issued to Mikelle Bassett on January 15, 2006.

## II. STANDARD OF REVIEW

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."). Accordingly, the factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff. Shear v. Nat'l Rifle Ass'n of Am., 606 F.2d 1251, 1253 (D.C. Cir. 1979).

Where, as here, the Court must consider "matters outside the pleadings" to reach its conclusion, a motion to dismiss "must be treated as one for summary judgment and disposed of as provided in Rule 56." See Fed. R. Civ. P. 12(b); see also Yates v. District of Columbia, 324 F.3d 724, 725 (D.C. Cir. 2003).

Summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits or declarations, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56. Material facts are those that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

**III. ANALYSIS**

   **A.   Leave of Court to File an Amended Complaint Is Granted <u>Sua Sponte</u> and <u>Nunc Pro Tunc</u>**

Because Plaintiffs failed to seek leave of Court to amend the Complaint, the Amended Complaint was improperly filed. <u>See</u> Fed. R. Civ. P. 15(a). Defendants have not opposed the Amended Complaint, however, and the Court does not perceive any prejudice to any of the parties by its filing. Consequently, the Court will rule <u>sua sponte</u> and <u>nunc pro tunc</u> that Plaintiff is granted leave to file its Amended Complaint. The Court's ruling on the Motion to Dismiss applies as to the Amended Complaint.

   **B.   Defendant's Motion Must Be Treated as a Motion for Summary Judgment**

Defendant seeks dismissal of all common law claims against the District of Columbia on the ground that Plaintiffs failed to comply with D.C. Code § 12-309 (2006) ("§ 12-309"), which provides:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

Defendants contend that Plaintiffs' § 12-309 notice is deficient because it does not contain the date of the incident.[3]

---

[3] In the Motion to Dismiss, Defendant stated it "did not received [sic] any § 12-309 notice from plaintiffs at all within the six months set forth in § 12-309." In Defendant's Supplemental Reply, it acknowledged that it had inadvertently overlooked

-5-

Plaintiffs respond that their Notice Letter is sufficiently detailed to permit the District of Columbia to investigate Plaintiffs' claims.[4] While Plaintiffs acknowledge the stringent six-month time limit contained in the statute, they argue that the contents of the Letter are to be interpreted liberally. The purpose of a notice letter, they contend, is to provide notice to the District of Columbia and allow for investigation of the potential claims. They assert that the information provided in their Letter is sufficient to meet those objectives. In the alternative, they contend that discovery is necessary to determine if there is a police report containing supplementary information that would be sufficient under § 12-309.

To properly rule on this issue, the Court must consider the contents of Plaintiffs' Notice Letter, which constitutes evidence outside the pleadings. If, in considering a motion to dismiss under Rule 12(b)(6) for failure of the complaint to state a claim for relief, "matters outside the pleading are presented to and not excluded by the

---

Plaintiffs' Notice Letter because it had searched for "Louise Thorne," and the Letter had been written and submitted in the names of minors Mikelle Bassett, Mikesha Bassett, Shaneka Harrison, LaKeisha Parker and Terrence Light. Defendant now argues the Notice Letter is deficient.

[4] Plaintiffs argue in their Opposition that Count Five of the original Complaint, which alleges violations of Plaintiffs' civil rights under 42 U.S.C. § 1983 and the United States Constitution, does not fall within the notice requirement of § 12-309. Plaintiffs further point out that their claims against the Police Officers do not fall within the § 12-309 notice requirement. The only Motion before this Court at present is Defendant District of Columbia's Motion to Dismiss all common law claims against it. Therefore, Plaintiffs' arguments regarding the § 1983 claim and the claims against the individual Defendants are not covered by this Motion.

court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b). Accordingly, the Court will treat Defendant's Motion as one for summary judgment.

>    C.  **Summary Judgment Is Denied on the Common Law Claims Against the District of Columbia (Counts One, Three, Four, and Six) Because Plaintiffs Have Not Yet Had the Opportunity for Discovery**
>
>        1.  **Plaintiffs' Notice Letter Does Not Satisfy the Requirements of § 12-309**

Section 12-309 "impose[s] a notice requirement on everyone with a tort claim against the District of Columbia." Gross v. District of Columbia, 734 A.2d 1077, 1081 (D.C. 1999) (internal citation omitted). To meet this requirement, individuals with such claims must, within six months after the injury, give notice in writing to the Mayor of the District of Columbia "disclos[ing] both the factual cause of the injury and a reasonable basis for anticipating legal action as a consequence." Washington v. District of Columbia, 429 A.2d 1362, 1366 (D.C. 1981) (en banc). "[T]he circumstances must be detailed enough for the District to conduct a prompt, properly focused investigation of the claim." Id.

Section 12-309 "represents a waiver of sovereign immunity." Tibbs v. Williams, 263 F. Supp. 2d 39, 43 (D.D.C. 2003). Accordingly, "compliance with the statutory notice requirement is mandatory," and "is a 'condition precedent' to filing a suit against the District [of Columbia]." Gwinn v. District of Columbia, 434 A.2d 1376, 1378 (D.C.

1981) (internal citation omitted). However, the requirements regarding the actual content of the notice are to be interpreted liberally, and notice is sufficient if it recites facts from which it could reasonably be anticipated that a claim against the District of Columbia might arise, and in sufficient detail to reveal the basis for the potential liability. Evans v. District of Columbia, 391 F. Supp. 2d 160 (D.D.C. 2005).

"The purposes of the statute are: '(1) to allow the District to investigate potential claims so that evidence may be gathered while still available, for example before the relevant sidewalk is paved over or the meter cover fixed, (2) to enable the District to correct defective conditions, thus increasing public safety, and (3) to facilitate settlement of meritorious claims and resistance of frivolous ones.'" Brown v. District of Columbia, 853 A.2d 733, 737 (D.C. 2004) (quoting Hardy v. District of Columbia, 616 A.2d 338, 340 (D.C. 1992)). The notice requirement thus serves to "protect the District of Columbia against unreasonable claims and to assist it in the defense of the public interest where claims are made within the ... statute of limitations but so long after the event that it is impossible for the District of Columbia to obtain evidence for use in the litigation which may result." Tibbs, 263 F. Supp. 2d at 43.

Plaintiffs' Notice Letter is just over two pages in length, and purports to put the District of Columbia on notice as to the claimants, as well as the place, time and circumstances of the incident. Defendant challenges the Letter on the ground that it fails to provide

the date of the events alleged. In the space titled "Time of Incident," the Letter states "Approx. 9:00 PM." It contains no further information regarding the date of the incident.

While it is true that courts have interpreted § 12-309 as affording "greater liberality ... with respect to the content of the notice," a notice letter must nevertheless serve its basic function of putting the District of Columbia on notice of a potential claim so that it may take appropriate action to investigate, take corrective action, or pursue settlement. Wharton v. District of Columbia, 666 A.2d 1227, 1230-31 (D.C. 1995) (finding adequate notice where date of incident in letter was only one day and twelve hours off; purpose of statute is fairness to the District of Columbia, not technical perfection). In this case, the date of the incident is crucial for the investigation of Plaintiffs' claims. Moreover, where the alleged injury was caused by unknown police officers, it would be difficult to ascertain the identity of those officers without the date of the incident. Accordingly, Plaintiffs' Notice Letter does not meet the requirements of § 12-309.

Nor does the traffic citation, which Plaintiffs submitted for the first time with their Supplementary Opposition, validate their Letter. Section 12-309 specifically provides that a "police report" constitutes sufficient notice only if it contains the same information required of the letter, i.e. the approximate time, place, cause and circumstances of the injury giving rise to the claim. D.C. CODE § 12-309; see also Campbell v. District of Columbia, 568 A.2d 1076, 1078 (D.C. 1990).

However, only actual police reports may satisfy the requirements of § 12-309.  See Campbell, 568 A.2d at 1078 (rejecting argument that Fire Department report in the District's possession satisfied § 12-309); District of Columbia v. Ross, 697 A.2d 14, 19 n.6 (D.C. 1997) (rejecting argument that a questionnaire prepared by a D.C. employee documenting a lead poisoning incident satisfied § 12-309).  "The court is not free to go beyond the express language of the statute and authorize any additional documents to meet its requirements."  Doe by Fein v. District of Columbia, 697 A.2d 23, 28 (D.C. 1997) (rejecting plaintiff's use of files at the Department of Human Services, the Office of the Corporation Counsel, and the United States Attorney's Office to supplement incomplete police report); see also Hunter v. District of Columbia, 943 F.2d 69, 73 (D.C. Cir. 1991) (citing Campbell, 568 A.2d at 1078) ("[B]ecause § 12-309 is in derogation of sovereign immunity, it must be strictly construed.")

Although the parties have provided no guidance to the Court regarding the definition of a "police report," it is clear, considering the purposes of § 12-309, that a traffic citation is not a police report and therefore cannot substitute for a notice letter.  It certainly cannot do so in this case. As previously discussed, to serve as a substitute for a notice letter a police report must provide the same information required in the notice letter, namely, the "approximate time, place, cause and circumstances of the injury or damage."  D.C. CODE § 12-309.  The traffic citation in this case indicates only the time, date and place of the citation.  As Defendant

-10-

correctly points out, "the traffic citation does not put the District on notice of the cause and circumstances of the alleged injury. Nor does it give the District reason to believe that it must begin an investigation into a possible civil suit." Def.'s Supp. Reply at 4. Because a traffic citation is not a police report and does not contain all of the information required by § 12-309, it cannot resuscitate Plaintiffs' defective Notice Letter.[5]

Defendant also argues that Plaintiffs' description of the location of the incident is deficient. The Letter states that Plaintiffs "were stopped at, Valley Avenue close to the intersection of Chesapeake Street in Southeast Washington, DC, by members of the Metropolitan Police Department." Letter at 1. This information meets § 12-309's requirement of notice as to the "approximate place" of the injury. See Hardy, 616 A.2d at 341-43.

### 2. Plaintiffs Should Be Given the Opportunity for Discovery

As discussed previously, § 12-309 expressly provides that a police

---

[5] Plaintiffs cite to Tibbs as holding that the combination of letters and other sources may be pieced together to create sufficient notice. The traffic citation, Plaintiffs argue, provides the date of the encounter. Between their Letter and the citation, they contend, the District of Columbia had in its possession all of the information required by § 12-309. Tibbs is unavailing here. Contrary to Plaintiffs' assertion, Tibbs does not provide authority for the proposition that a plaintiff may draw its notice from a variety of sources to meet the requirements of § 12-309. In that case, the plaintiff submitted two separate notice letters. 263 F. Supp. 2d at 43-44. Plaintiffs in this case request the Court to incorporate a traffic citation, which is not a method of notice authorized by § 12-309, into its Notice Letter.

report may serve as notice to the District of Columbia, provided it meets the content requirements of that statute. Plaintiffs argue that "it is highly likely that a police report of some sort was generated as a result of this encounter." Pls.' Opp'n at 5. Accordingly, Plaintiffs contend, they should be given an opportunity to discover whether there exists a police report that could serve as notice of their claim.

The Court agrees. "The police report is an alternative form of notice added to '[take] care of those instances in which actual notice is had by the District of Columbia from the police department, although technical notice may not have been filed by the person injured.'" Miller v. Spencer, 330 A.2d 250, 252 (D.C. App. 1974), quoting H.R. REP. NO. 2010, 72d Cong., 2d Sess. 2 (1933) (emphasis by the Miller court). If the MPD had a police report on file containing the information required by § 12-309, it would have had the opportunity to investigate the incident. At this stage in the proceedings, however, Plaintiffs do not know whether such a police report exists.

As our Court of Appeals has held, "summary judgment ordinarily 'is proper only after the plaintiff has been given adequate time for discovery.'" Americable Int'l v. Department of Navy, 129 F.3d 1271, 1274 (D.C. Cir. 1997) (quoting First Chicago Int'l v. United Exch. Co., 836 F.2d 1375, 1380 (D.C. Cir. 1988)); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (summary judgment appropriate only "after adequate time for discovery"); Liberty Lobby, Inc., 477 U.S. at 257 (plaintiff must have "a full opportunity to conduct discovery"). Under

the Federal Rules of Civil Procedure, "when a Rule 12(b)(6) motion to dismiss is converted into a motion for summary judgment, all parties must be given a 'reasonable opportunity to present all material made pertinent to such a motion by Rule 56.' Furthermore, it is settled that the term 'reasonable opportunity' includes the opportunity 'to pursue reasonable discovery.'" First Chicago Int'l, 836 F.2d at 1380 (citing Fed. R. Civ. Proc. 12(b); Celotex, 477 U.S. 317, Liberty Lobby, 477 U.S. 242). Because Plaintiffs have not had such an opportunity in this case, summary judgment is denied in order to allow discovery regarding whether a police report put the District of Columbia on actual notice of Plaintiffs' claims.[6]

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [Dkt. No. 8] is **denied**.

An Order will issue with this Memorandum Opinion.

December 19, 2006

/s/
Gladys Kessler
United States District Judge

**Copies to**: **attorneys on record via ECF**

---

[6] Though Plaintiffs have not filed a Rule 56(f) affidavit in support of their request for additional discovery, such an affidavit is not essential to preserve a Rule 56(f) contention as long as the district court was alerted to the need for further discovery. See First Chicago Int'l, 836 F.2d at 1380.