UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUISE THORNE as Mother and Next Friend of MIKELLE BASSETT, a minor. 742 Brandywine Street, SE Apt #201 Washington, DC 20032, | : : : : : : : |
| AND | : : |
| LOUISE THORNE as mother and Next Friend of MIKESHA BASSETT, a minor 742 Brandywine Street, SE Apt #201 Washington, DC 20032, | : : : : : : : |
| AND | : : |
| KATHY CREWS as Mother and Next Friend of SHANEKA HARRISON, a minor. 137 N Street, NW Washington, DC 20001 , | : : : : : :      Civil Action No.:  06—1204 (GK) |
| AND | : : |
| SAMALA PARKER-SMITH as Mother and Next Friend of LAKESHA PARKER, a minor. 1251 Howison Place, SW Washington, DC 20024 | : : : : : |
| *Plaintiffs* | : : : : |
| v. | : : |
| OFFICER BAXTER MCGREW Metropolitan Police Department | : : |

1

| | |
|---|---|
| **Seventh District Station** | : |
| **2455 Alabama Ave., SE** | : |
| **Washington, DC 20020** | : |
| **Metropolitan Police Department** | : |
| **Washington, DC** | : |
| | : |
| | : |
| **AND** | : |
| | : |
| **OFFICER ORLANDO TEEL** | : |
| **Metropolitan Police Department** | : |
| **Seventh District Station** | : |
| **2455 Alabama Ave., SE** | : |
| **Washington, DC 20020** | : |
| **Metropolitan Police Department** | : |
| **Washington, DC** | : |
| | : |
| **AND** | : |
| | : |
| **OFFICER NEIL R. MCALLISTER** | : |
| **Metropolitan Police Department** | : |
| **Seventh District Station** | : |
| **2455 Alabama Ave., SE** | : |
| **Washington, DC 20020** | : |
| **Metropolitan Police Department** | : |
| **Washington, DC** | : |
| | : |
| | : |
| **AND** | : |
| | : |
| **OFFICER GEORGE T. ROBINSON** | : |
| **Metropolitan Police Department** | : |
| **Seventh District Station** | : |
| **2455 Alabama Ave., SE** | : |
| **Washington, DC 20020** | : |
| **Metropolitan Police Department** | : |
| **Washington, DC** | : |
| | : |
| **AND** | : |
| **THE DISTRICT OF COLUMBIA** | : |
| **Office of the Attorney General** | : |
| **441 Fourth Street, NW** | : |
| **Washington, DC 20001** | : |
| | : |
| **Office of the Mayor** | : |

| | |
|---|---|
| **1350 Pennsylvania Ave, NW** | : |
| **4th Floor** | : |
| **Washington, DC 20004** | : |
| | : |
| *Defendants* | : |

# THIRD AMENDED COMPLAINT

(Negligence, Assault, False Arrest, Intentional Affliction of Emotional Distress, and Civil Rights Violations )

### I. Jurisdiction

1.  This action is brought pursuant to 42 USC §1983, 1988, the Fourth and Fifth Amendments to the United States Constitution and the common law of the District of Columbia. Jurisdiction is founded upon the aforementioned Constitution and Statutory provisions and D.C. Code §11-921, 12-101 and 16-2701.

2.  Plaintiffs Louise Thorne as mother and next friend of Mikelle Bassett and Mikesha Bassett, who are minors, Kathy Crews as mother and next friend of Shaneka Harrison, a minor and Samala Parker-Smith as mother and next friend of Lakesha Parker, a minor are all residents of the District of Columbia.

3.  Defendants, Officers Teel, McAllister, Robinson and McGrew were employed, at all times relevant to this lawsuit, as District of Columbia Metropolitan Police Officers and were

acting under the color of the statutes, ordinances, regulations, policies, customs and usages of the District of Columbia.

4.     Defendant District of Columbia is a municipal corporation. It exercises its police functions through the Metropolitan Police Department.

5.     Officers Orlando Teel, Neil McAllister, George T. Robinson and Baxter McGrew are Metropolitan police officers stationed at the Seventh District Police station. They are employed by the District of Columbia. They are sued in their individual capacities.

## II. Factual Allegations

6.     On January 15, 2006, Mikelle Bassett, Mikesha Bassett, Shaneka Harrison, LaKeisha Parker and Terrence Light were in a vehicle and were stopped at, Valley Avenue close to the intersection of Atlantic Street in Southeast Washington, DC, by members of the Metropolitan Police Department. All plaintiffs are African American and Ms. Mikelle Bassett was the driver of the vehicle.

7.     After approaching a green light slowly Ms. Bassett's vehicle was followed by a police car for about ten to twenty minutes. After flashing a spotlight into her vehicle, the police car then went around her. As she approached a stop light, another police car pulled up and blocked her car from proceeding through the light.

8.     One officer pulled out his gun and approached the driver's side door and opened the door. He grabbed Ms. Bassett by her neck pulling her to the ground face down and dragging her.

Another officer then pulled LaKeisha Parker out of the vehicle by her shirt, threw her to the ground, put his knee into her back and hand-cuffed her. Ms. Parker felt an oncoming asthma attack because of the pressure of the officer's knee on her lungs and asked to be let up, the officer refused. Ms. Shaneka Harrison was also thrown to the ground by another officer who also put his knee forcefully into her back and handcuffed her. Makisha Bassett was thrown against the car, handcuffed, and then put into an officer's paddy wagon. Mr. Terrance Light was likewise forcefully removed from the vehicle and handcuffed.

9  The officers were also making insulting, humiliating and threatening comments at the expense of the girls and of Mr. Light. The officers did not explain to any of the Plaintiffs the reason they were pulled over or why they were handcuffed.

10. The Plaintiffs were all released and not charged with any criminal offenses.  All offending officers were white, male Metropolitan Police Officers.   Upon information and belief, Officers Orlando Teel, Neil McAllister, George T. Robinson and Baxter McGrew were officers who participated in the unlawful arrest, detention and assaults upon plaintiffs.

11. Officers of the Metropolitan Police force as a matter of common practice and custom routinely stop and detain criminal suspects without probable cause in the District of Columbia and subject them to excessive and unnecessary force and humiliation . The District is aware of such activities through numerous notice letters to the Mayor complaining of such conduct and through many lawsuits that have been filed against it. Despite it knowledge of this widespread, and persistent practice, the District has failed to investigate such complaints properly, has failed to institute any changes in its training techniques for its police officers, and has failed to prosecute or discipline officers who engage in such conduct. Such misconduct has been

endemic in the District of Columbia for many years.  In August 15, 1999, the Washington Post reported that since November 1997, the District had agreed to pay $ 2.5 million to nearly 100 people who have accused D.C. police of making false arrests, acting on mistaken search warrants and using excessive force, according to records the newspaper obtained under the Freedom of Information Act.  In many instances, D.C. police officers involved in the cases were not disciplined. In some cases, the officers were later promoted.

### COUNT ONE

(Negligence- District of Columbia-Officers Orlando Teel, Neil McAlister, George T. Robinson and Baxter McGrew)

12. Plaintiffs hereby incorporate paragraphs 1 through 11, *supra*, by reference.

13. The aforesaid events occurred without reasonable investigation or probable cause, and constituted a failure to take reasonable care to plaintiffs, to whom the officers owed a duty of care.  At all times relevant to this case, Unknown Officers were acting within the scope of their duties as a Metropolitan Police Officers

14. As a proximate cause of the imputed negligence of the District of Columbia and the individual defendants, Plaintiffs sustained great pain and suffering, emotional distress, humiliation and physical injury.

## COUNT TWO

(Assault and Battery-Officers Orlando Teel, George T. Robinson, Neil McAllister and Baxter McGrew)

15. Plaintiffs hereby incorporate paragraphs 1 through 14, *supra*, by reference.

16. At the time of the arrest and detainment, Plaintiffs were not violating any laws, were not attempting to interfere with the Officers' execution of their duties, and were not engaged in any conduct that constituted a danger to themselves or others.

17. Said action by the Police Officers was entirely unjustified by any actions of Plaintiffs, was completely unreasonable and constituted an assault and battery.

18. In so acting, all of the officers materially assisted each other and acted with a common scheme and plan to assault and batter plaintiffs.

19. As a proximate cause of the assault and batteries committed upon Plaintiffs, they sustained great pain and suffering, emotional distress, humiliation and physical injury.

## COUNT THREE

(Assault and Battery- District of Columbia)

20. Plaintiffs hereby incorporate paragraphs 1 through 19, *supra*, by reference.

21. At the time Unknown Officers assaulted and battered Plaintiffs, they were acting within the scope of their employment with the Metropolitan Police Department.

22.     Defendant District of Columbia is liable for the assault and battery on a theory of respondeat superior.

23.  As a proximate cause of the assault and battery imputed to the District of Columbia, Plaintiff's sustained great pain and suffering, emotional distress, humiliation and physical injury.

### COUNT FOUR

(Intentional Infliction of Emotional Distress- District of Columbia
And Orlando Teel, Neil McAllister, George T. Robinson and Baxter McGrew)

24.  Plaintiffs hereby incorporate paragraphs 1 through 23, *supra*, by reference

25.  As a direct and proximate result of the above-described intentional acts of Orlando Teel, Neil McAllister, George T. Robinson and Baxter McGrew and the District of Columbia, plaintiffs suffered severe mental anguish and emotional distress. Such conduct was deliberate, and motivated by evil motives, actual malice and an intent to humiliate the plaintiffs and was outrageous, extreme and completely unjustified..

26. Officers' Orlando Teel, Neil McAllister, George T. Robinson and Baxter McGrew actions proximately caused plaintiffs, extreme emotional distress, anxiety, and depression.

## COUNT FIVE

(Civil Rights Violations- Baxter McGrew, Orlando Teel,
George T. Robinson and Neil McAllister )

27.     Plaintiffs hereby incorporate paragraphs 1 through 26, *supra*, by reference.

28.     Said assault by defendants Orlando Teel, Neil McAllister, George T. Robinson and Baxter McGrew was entirely unjustified by any actions of Plaintiffs and constituted unreasonable and excessive use of force. At the time, the officers were acting under color of law.

29.     The actions alleged above deprived Plaintiffs of the following rights under the United States Constitution:

   a.   Freedom from the use of excessive and unreasonable force in the course of a detention and seizure;

   b.   Freedom from arrest without probable cause;

   b.   Freedom from a deprivation of liberty without due process of law.

30.     Defendants subjected Plaintiffs to such deprivation with either malice or reckless disregard of plaintiff's rights.

31.     As a proximate cause of these Constitutional violations, Plaintiff's sustained great pain and suffering , emotional distress, humiliation and physical injury.

## COUNT SIX

(False Arrest – Officers Orlando Teel, Neil McAllister, George T. Robinson and Baxter McGrew- - District of Columbia)

32. Plaintiffs hereby incorporate paragraphs 1 through 31, *supra*, by reference.

33. Officers Orlando Teel, Neil McAllister, George T. Robinson and Baxter McGrew knowingly and intentionally falsely arrested and detained Plaintiffs, as described above. Such conduct was deliberate, grossly fraudulent and motivated by evil motive, actual malice and intent to injure and humiliate the plaintiffs.

34. These acts caused plaintiffs' arrest and detention as described above.

35. Officers Orlando Teel, Neil McAllister, George T. Robinson and Baxter McGrew's actions proximately caused plaintiffs extreme emotional distress, anxiety, and depression.

36. As a proximate cause of the aforesaid False Arrest, Plaintiff's sustained great pain and suffering , emotional distress, humiliation and physical injury.

## COUNT SEVEN

(Civil Rights Violations – District of Columbia)

37. Plaintiffs hereby incorporate paragraphs 1 through 36, *supra*, by reference.

38. The District of Columbia, a matter of custom and policy permitted its police officers to engage in the widespread and persistent practice of unlawfully detaining criminal suspects and subjecting them to excessive and unnecessary force and humiliation . In so acting, the District of Columbia acted under color of state law.

39  On January 15, 2006 Officers of the Metropolitan police force detained plaintiffs without probable cause, and subjected them to excessive and unnecessary force and humiliation force, as described above.

40. Such acts violate plaintiffs' rights, guaranteed by United States Constitution to be free from the use of excessive and unreasonable force in the course of a detention and seizure; to be free from arrest without probable cause and to be free from a deprivation of liberty without due process of law.

41. As a proximate cause of the aforementioned Constitutional violations, Plaintiff's sustained great pain and suffering, emotional distress, humiliation and physical injury.

     **WHEREFORE**, plaintiffs, each pray for judgment against the District of Columbia and ask for individual awards of damages in the amount of $5,000,000.00 and an award of attorney's fees, court costs and any other relief deemed appropriate by the court.

Respectfully Submitted,

By:  GEOFFREY D. ALLEN, ESQ.

_____
Geoffrey D. Allen
D.C. Bar # 288142
1730 Rhode Island Ave., NW
Suite 206
Washington, DC 20036
(202) 778-1167

### JURY DEMAND

Plaintiff demands trial by jury as to all counts

_____
Geoffrey D. Allen

Case 1:06-cv-01204-GK    Document 36    Filed 02/31/2007    Page 12 of 12