IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LOUISE THORNE,** *et al.,*<br>                    **Plaintiffs,**<br><br>            v.<br><br>**DISTRICT OF COLUMBIA,** *et al.,*<br>                    **Defendants.** | Civil Action No. 06-01204 GK |

### ANSWER OF DEFENDANTS DISTRICT OF COLUMBIA, MPD OFFICERS NEIL R. McALLISTER, BAXTER McGREW, GEORGE T. ROBISON AND ORLANDO TEEL TO THE THIRD AMENDED COMPLAINT

The District of Columbia District, and D.C. Metropolitan Police Officers Neil R. McAllister, Baxter McGrew, George T. Robison, and Orlando Teel ("Defendants") hereby submit their Answer to the Third Amended Complaint in the above-captioned case.

### First Defense

The Third Amended Complaint fails to state a claim upon which relief may be granted.

### I. Jurisdiction

1. Defendants state that the allegations contained in paragraph 1 of the Third Amended Complaint are conclusions of law by plaintiffs to which no response is required.

2. Defendants state that they lack sufficient knowledge or information at this time about the allegations contained in paragraph 2 of the Third Amended Complaint, and on that basis they deny them pending strict proof at trial.

3. In response to paragraph 3, defendants admit that at all times relevant to this lawsuit, Officers McAllister, McGrew, Robison and Teel were employed as District of Columbia

Metropolitan Police Officers. The remaining allegations of paragraph 3 are legal conclusions by plaintiffs to which no response is required.

4. Defendants admit that the District of Columbia is a municipal corporation, but state that the remaining allegations contained in paragraph 4 of the Third Amended Complaint are conclusions of law by plaintiffs to which no response is required.

5. Defendants admit that Officers McAllister, McGrew, Robinson & Teel are MPD officers stationed at the 7th District police station, and that they are employed by the District of Columbia. The remaining allegations contained in paragraph 5 of the Third Amended Complaint are conclusions of law by plaintiffs to which no response is required.

## II. Factual Allegations

6. Defendants admit that on January 15, 2006, several individuals were stopped in a vehicle on Valley Avenue in Southeast, Washington, D.C. by MPD officers. Defendants are without information as to the remaining allegations in paragraph 6 of the Third amended Complaint.

7. Defendants deny the allegations contained in paragraph 7 of the Third Amended Complaint.

8. Defendants deny the allegations contained in paragraph 8 of the Third Amended Complaint.

9. Defendants deny the allegations contained in paragraph 9 of the Third Amended Complaint.

10. Defendants admit that the individuals, who were stopped, were issued a traffic citation and released, but defendants deny the remaining allegations of paragraph 10 of the Third Amended Complaint.

11. Defendants deny the allegations of paragraph 11 of the Third Amended Complaint.

## COUNT ONE
### (Negligence -District of Columbia -Officers Orlando Teel, Neil McAllister, George T. Robinson and Baxter McGrew)

12. Defendants adopt and incorporate by reference, as if fully set forth herein, each and every prior response herein.

13. Defendants state that the allegations contained in paragraph 13 of the Third Amended Complaint are conclusions of law by plaintiffs to which no response is required.

14. Defendants state that the allegations contained in paragraph 14 of the Third Amended Complaint are conclusions of law by plaintiffs to which no response is required.

## COUNT TWO
### (Assault and Battery - Officers Orlando Teel, George T. Robinson, Neil McAllister and Baxter McGrew)

15. Defendants adopt and incorporate by reference, as if fully set forth herein, each and every prior response herein.

16. Defendants deny the allegations contained in paragraph 16 of the Third Amended Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Third Amended Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Third Amended Complaint.

19. Defendants state that the allegations contained in paragraph 19 of the Third Amended Complaint are conclusions of law by plaintiffs to which no response is required.

## COUNT THREE
### (Assault and Battery - District of Columbia)

20. Defendant District of Columbia adopts and incorporates by reference, as if fully set forth herein, each and every prior response herein.

21. Paragraph 21 is a conclusion of law; therefore, no response is required.

22. Paragraph 22 is a conclusion of law; therefore, no response is required.

23. Defendant District of Columbia states that the allegations contained in paragraph 23 of the Third Amended Complaint are conclusions of law by plaintiffs to which no response is required.

## COUNT FOUR
### (Intentional Infliction of Emotional Distress - District of Columbia and Officers Orlando Teel, Neil McAllister, George T. Robinson and Baxter McGrew)

24. Defendants adopt and incorporate by reference, as if fully set forth herein, each and every prior response herein.

25. Defendants state that the allegations contained in paragraph 25 of the Third Amended Complaint are conclusions of law by plaintiffs to which no response is required.

26. Defendants state that the allegations contained in paragraph 26 of the Third Amended Complaint are conclusions of law by plaintiffs to which no response is required.

## COUNT FIVE
### (Civil Rights Violations – Officers Baxter McGrew, Orlando Teel, George T. Robinson and Neil McAllister)

27. Defendants adopt and incorporate by reference, as if fully set forth herein, each and every prior response herein.

28. Defendant Officers deny that they assaulted plaintiffs, and they also deny the remaining allegations contained in paragraph 28 of the Third Amended Complaint.

29. Defendant Officers deny the allegations contained in paragraph 29 of the Third Amended Complaint.

30. Defendant Officers deny the allegations contained in paragraph 30 of the Third Amended Complaint.

31. Defendants state that the allegations contained in paragraph 31 of the Third Amended Complaint are conclusions of law by plaintiffs to which no response is required.

## COUNT SIX
### (False Arrest – Officers Orlando Teel, Neil McAllister, George T. Robinson and Baxter McGrew – District of Columbia)

32. Defendants adopt and incorporate by reference, as if fully set forth herein, each and every prior response herein.

33. Defendants deny the allegations contained in paragraph 33 of the Third Amended Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Third Amended Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Third Amended Complaint.

36. Defendants state that the allegations contained in paragraph 36 of the Third Amended Complaint are conclusions of law by plaintiffs to which no response is required.

## COUNT SEVEN
### (Civil Rights Violations - District of Columbia)

37. Defendant District of Columbia adopts and incorporates by reference, as if fully set forth herein, each and every prior response herein.

38. Defendant District of Columbia denies the allegations contained in paragraph 34 of the Third Amended Complaint.

39. Defendant District of Columbia denies the allegations contained in paragraph 39 of the Third Amended Complaint.

40. Defendant District of Columbia states that the allegations contained in paragraph 40 of the Third Amended Complaint are conclusions of law by plaintiffs to which no response is required.

41. Defendants state that the allegations contained in paragraph 41 of the Third Amended Complaint are conclusions of law by plaintiffs to which no response is required.

## General Denial

Defendants deny all allegations not previously admitted or otherwise answered. Defendants admit no allegations unless clearly so stated above. Defendants also reserve the right to amend their Answer and to add defenses that become apparent in discovery.

## Second Defense

Defendants deny all allegations of wrongdoing, including but not limited to violations of common law.

## Third Defense

All actions performed by defendants, acting within the scope of their employment, met or exceeded the applicable standard of care.

## Fourth Defense

If the plaintiffs have been damaged as they allege, such damages were the result of the plaintiffs' sole, concurrent or contributory negligence and assumption of the risk, and/or other acts or omissions of plaintiffs themselves and or person(s) other than the defendants, and/or person(s) not a party to this lawsuit.

## Fifth Defense

Plaintiffs failed to mitigate their damages.

**Sixth Defense**

Plaintiffs' claims may be barred by laches, waiver, collateral estoppel, *res judicata*, unclean hands, and/or the relevant statute of limitations.

**Seventh Defense**

At all times relevant, defendants acted in conformance with pertinent rules and regulations then in effect.

**Eighth Defense**

Defendants' actions were taken in good faith, or with probable cause, and/or with a reasonable good faith belief in their lawfulness.

**Ninth Defense**

The actions of defendants were reasonably necessary to enforce the laws, statutes and/or regulations of the United States and/or the District of Columbia.

**Tenth Defense**

Plaintiffs' claims may be barred under the doctrines of absolute immunity, discretionary immunity, governmental immunity, official immunity, qualified immunity, sovereign immunity, privilege and/or other immunity.

**Eleventh Defense**

Plaintiffs' allegations do not support a negligence claim as the alleged actions of defendants state only an intentional tort claim.

**Twelfth Defense**

Defendants reserve the right to assert any and all defenses that are supported by facts learned through discovery or at trial herein.

**Thirteenth Defense**

Plaintiffs may have failed to comply with title 12 D.C. Official Code § 12-309.

**Set-Off**

Defendant District of Columbia claims a set-off against any judgment, obtained by plaintiffs, for the cost of all medical and hospital treatment rendered to plaintiffs by the defendant District of Columbia, directly or indirectly, including Medicaid, and a set-off for the value of any and all public benefits received directly or indirectly by plaintiffs from the District of Columbia.

**Jury Demand**

Defendants request a trial by the maximum number of jurors permitted by law of all issues so triable.

Defendants pray that this matter be dismissed with prejudice, and that they be awarded the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


_____/s/_____
NICOLE L. LYNCH [D.C. Bar #471953]
Chief, General Litigation, Section II

_____/s/_____
URENTHEA McQUINN [D.C. Bar #182253]
Assistant Attorney General
441 4th Street, N.W.

Sixth Floor South
Washington, D.C. 20001
(202) 724-6646
(202) 727-0431 (Fax)
urenthea.mcquinn@dc.gov

March 11, 2007