UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LOUISE THORNE,** *et al.* : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | |
| : | Civil Action No. 06-1204 |
| **THE DISTRICT OF COLUMBIA** : | Judge Gladys Kessler |
| : | |
| **Et Al.** | |
| : | |
| **Defendants.** : | |

**PLAINTIFFS MOTION TO COMPEL INSPECTION OF PHOTOGRAPHS**

Plaintiffs through counsel, respectfully moves this court to compel defendants to produce and permit inspection of photographs of Officers George Robison, Orlando Teel, McGrew and McAllister.

Plaintiffs' reasons in support of this motion are fully set forth in the attached Memorandum of Points and Authorities.

Plaintiffs' counsel and defense counsel have in good faith conferred but have failed to resolve their dispute.

Defense counsel does not consent to this motion

WHEREFORE, it is requested that the motion be GRANTED.

Respectfully submitted,

/s/
_____
Geoffrey D. Allen, Esq.
D.C. Bar No. 288142

1

1730 Rhode Island Avenue, N.W.
Suite 206
Washington, D.C.  20036
(202) 778-1167

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **LOUISE THORNE,** *et al.* | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | Civil Action No. 06-1204 |
| **THE DISTRICT OF COLUMBIA** | : | Judge Gladys Kessler |
| | : | |
| **Et Al.** | : | |
| | : | |
| **Defendants.** | : | |

**PLAINTIFFS MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
INSPECTION OF PHOTOGRAPHS**

**A. Background**

Plaintiffs, four female teenagers, have sued the District of Columbia, and Metropolitan Police Officers Orlando Teel, Neil McAllister, George T. Robinson and Baxter McGrew for, *inter alia*, assault, false arrest and civil rights violations arising out their arrest and detention on January 15, 2006. During the course of discovery, plaintiffs requested that the defendants produce photographs of the four officers involved so that plaintiffs could determine which officer arrested which plaintiff. Plaintiff's counsel offered to enter into an agreement, not to show the photos to anyone but the plaintiffs. Defendants refused to produce the photographs. Plaintiffs counsel then proposed that plaintiffs be permitted to come to defense counsel's office and view the photographs, for the same purpose. Again, defendants have refused. Defense counsel has also declined an offer to meet and discuss this issue in person. Based on the above,

plaintiffs contend that they have made good faith efforts to resolve this dispute but that these efforts have been unsuccessful. See Exhibit A.

**B. Argument**

At his deposition, Officer Robison testified that he, and Officers Teel, McGrew and McAllister removed the plaintiffs from the vehicle they had been traveling in on January 15, 2006 and handcuffed them. He was unable to recall however, which specific officer removed which specific person from the car. Exhibit B  Defendants in their interrogatories to plaintiffs have asked plaintiffs to specifically identify which officer arrested them.  The plaintiffs are unable to identify which officer did so at the present time but all of them believe that if they were to see  photographs of the Officers they could determine which officer arrested them. Exhibit C

Defendants' refusal to permit this procedure is difficult to understand. It is the defendants who clearly have an interest in determining, with specificity,  which officer arrested which plaintiff,  and yet they oppose plaintiffs' efforts to provide them with precisely this information. While there are security considerations which apply to police officers, plaintiffs' proposal of viewing photographs in defense counsel's office is obviously reasonable and carries no security implications for the officers.   Plaintiffs note that police officers' photographs and video of police officers appear frequently in the media in connection with news stories.  Police officers also testify in open court in criminal cases all the time.  What is proposed here, by comparison,  is a truly minimal publication of their images.  Moreover, in this case, all of the officers have been identified as being on the scene of this event, and to some degree involved in the removal of plaintiffs from their vehicle;  indeed, this information has been provided by

Officer Robison, one of the defendants.   All that plaintiffs wish to do is specify which officer arrested which plaintiff.

A similar issue arose in the case of *Rivers v. Portland*, 1989 U.S. Dist. LEXIS 14657. In that case, the plaintiffs sought production of police photographs in order to show to witnesses in order to identify which police officers had allegedly violated the plaintiffs' civil rights.  The City of Portland offered to make the photographs available for viewing at City Hall. The court stated: "The court believes that the Rivers' efforts to secure witnesses will not be thwarted by a requirement that the Rivers and their potential witnesses come to City Hall or to some other official or unofficial place agreed upon by the parties to view photographs of police officers. "Id. at 3  See Exhibit D.   This is exactly the procedure that plaintiffs are suggesting in this case.

**C.  Conclusion**

Given this context, any security concerns of the officers, are truly minimal and are greatly outweighed by plaintiffs' need to establish which officer arrested which plaintiff. Plaintiffs' motion should be granted.

Respectfully Submitted,

_____
Geoffrey D. Allen
D.C. Bar 288142
1730 Rhode Island Ave. N.W.

5

        Suite 206
        Washington D.C.
        20036
        (202)778 1167

Certificate of Service

   I certify that a copy of this motion and exhibits thereto have been mailed, first class postage prepaid, on the 27th day of April 2007 to:

Urenthea McQuinn
Asst Attorney General – DC
441 4th St. N.W.
Washington DC
20001

        _____

        Geoffrey D. Allen

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LOUISE THORNE,** *et al.* | : |
| **Plaintiffs,** | : |
| v. | : |
| | : Civil Action No. 06-1204 |
| **THE DISTRICT OF COLUMBIA** | : Judge Gladys Kessler |
| **Et Al.** | : |
| **Defendants.** | : |

### ORDER

This matter comes before the Court on plaintiff's motion to compel the defendants to produce photographs of the named police officer defendants in this case and permit the plaintiffs to view these photographs. Upon review of the pleadings and for good cause shown, it is this ___ day of _____, 2007,

ORDERED, that the motion be and hereby is GRANTED. And it is further,

ORDERED, that the defendants produce photographs of each named police officer defendant in this case. And it further,

ORDERED, that each photograph be identified. And it is further,

ORDERED, that the plaintiffs be permitted an opportunity to privately inspect said photographs at the offices of the Attorney General for the District of Columbia with their attorney.

_____
Judge Kessler