Source: Legal > Cases - U.S. > Federal Court Cases, Combined
Terms: photographs of police officer (Edit Search | Suggest Terms for My Search | Feed

↚Select for FOCUS™ or Delivery

PLAINTIFF'S EXHIBIT

1989 U.S. Dist. LEXIS 14657, *

RONALD RIVERS and DONALD RIVERS, Plaintiffs, v. CITY OF PORTLAND, Portland **Police Officers** KOSLOSKE, RUMBLE, KLEJMONT, and BUSSE, and JOHN DOE, Defendants

Civil No. 88-1364-FR

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON

1989 U.S. Dist. LEXIS 14657

November 27, 1989, Decided; November 28, 1989, Filed

**CORE TERMS:** photographs, police officers, gang, protective order, young black, participated, federal courthouse, circulating, harassment, viewing, arrest

**COUNSEL:** [*1]

Spencer M. Neal, Ginsburg, Gomez & Neal, Portland, Oregon, Attorneys for Plaintiffs.

Office of City Attorney, David L. Woboril, Deputy City Attorney, Portland, Oregon, Attorneys for Defendants.

**OPINION BY:** FRYE

**OPINION:** OPINION

HELEN J. FRYE, UNITED STATES DISTRICT JUDGE

The matters before the court are the following motions:

1) the motion (#23) of plaintiffs, Ronald Rivers and Donald Rivers, to compel defendant City of Portland to produce **photographs** of certain officers of the Portland Police Bureau; and

2) the motion (#28) of the City of Portland for a protective order.

BACKGROUND

This is an action by two young black men who are brothers, Ronald and Donald Rivers. They allege that the City of Portland, through the acts of various **police officers** and other officials, has violated their constitutional rights by engaging in a pattern of harassment which includes repeatedly stopping them and circulating their names and **photographs** as alleged gang associates.

The Rivers allege that on October 14, 1988, they were wrongfully denied entrance to the Portland Civic Stadium where they wished to attend a high school football game; that while the Rivers were protesting their exclusion from the Portland Civic [*2] Stadium, Portland **police officers** became involved and cited them for jaywalking; and that the **police officers** wrongfully arrested them and physically abused them.

Search - 100 Results - photographs of police officers
Case 1:06-cv-01204-GK    Document 40-5    Filed 04/27/2007    Page 2 of 3
Page 2 of 3

The Rivers allege that while they were at the police station, they were photographed; that Portland officials have circulated their **photographs** as alleged gang associates; and that since their arrest, they have been stopped repeatedly by Portland **police officers** without probable cause. The Rivers allege that the Portland **police officers** were acting pursuant to a city policy to harass young black males believed to be gang members or gang associates, and that this policy includes the making of illegal stops and arrests of young black men, photographing them, circulating their **photographs,** and labeling them as being gang associates.

The Rivers seek injunctive and compensatory relief, including the return of the **photographs** taken of them and expungement of any references to them as gang associates in police files.

The Rivers seek production of the **photographs** of twenty-six Portland **police officers** for viewing and copying. Most of the officers named in the request for production are members of a special unit within the Portland [*3] Police Bureau, the Gang Enforcement Team (GET). n1

n1 The City of Portland did not serve a formal response or objections within the time set out in the Federal Rules of Civil Procedure. However, there were conversations between counsel such that the court does not deem timeliness to be a factor in ruling upon this motion.

On July 26, 1989, Deputy City Attorney Dave Woboril advised counsel for the Rivers that arrangements to produce the **photographs** were under way. On August 9, 1989, Woboril advised counsel for the Rivers that he could obtain the **photographs,** but that the Portland Police Bureau was considering a change in policy that might soon restrict the availability of copies of **photographs of police officers.** In mid-August, counsel for the Rivers was advised that due to confidentiality and security concerns, copies of **photographs of police officers** were no longer available.

## CONTENTIONS OF THE PARTIES

The Rivers contend that it is necessary for them to have copies of the **photographs** in order to show them to potential witnesses to assist in identifying any **police officers** who may have participated in the various incidents of harassment alleged in the complaint. The Rivers [*4] argue that numerous different officers participated in the incidents, some of whom have not been identified.

The Rivers are willing to stipulate to a protective order requiring that all copies of the **photographs** be kept in the possession of their counsel and his agents and that use of the **photographs** be limited to this action.

The City of Portland responds that it is willing to produce the **photographs** for viewing at City Hall or in the federal courthouse, but that it opposes allowing the Rivers to make copies of the **photographs.** The City of Portland states that some of the officers whose **photographs** are requested are undercover officers whose identities must be protected; that circulation of their **photographs** would subject the officers to potential retaliation by gang members; and that the Rivers have adequate alternate means of identifying the **police officers** who participated in incidents relating to them. The City of Portland moves for a protective order incorporating this limitation.

The Rivers respond that the City of Portland has not established its need for a protective order because many of the officers whose **photographs** are requested appear in uniform at times, and that some [*5] of the officers have been identified in media coverage of gang enforcement efforts. The Rivers argue that many of their potential witnesses are young black

people who would be too intimidated to go to City Hall or the federal courthouse in order to review the **photographs of police officers.**

ANALYSIS AND RULING

Society in general, as well as the City of Portland, has a significant interest in protecting the security of **police officers.** The City of Portland has established to the court's satisfaction that its officers could be endangered by production of copies of their **photographs,** even under the limitations suggested by the Rivers. The court believes that the Rivers' efforts to secure witnesses will not be thwarted by a requirement that the Rivers and their potential witnesses come to City Hall or to some other official or unofficial place agreed upon by the parties to view **photographs of police officers.** In addition, the City of Portland has provided information which will help the Rivers to identify virtually all of the **police officers** who had contact with the Rivers.

The Rivers' motion to compel (#23) is granted as limited by this opinion. The City of Portland's motion for **[*6]** a protective order (#28) is granted.

DATED this 27th day of November, 1989.

ORDER - November 28, 1989, Filed

IT IS HEREBY ORDERED that:

1) the motion (#23) of plaintiffs to compel defendant City of Portland to produce **photographs** of certain officers of the Portland Police Bureau is granted as limited by the opinion of the court on this date; and

2) the motion (#28) of the City of Portland for a protective order is granted.

DATED this 27th day of November, 1989.

---

Source: Legal > Cases - U.S. > Federal Court Cases, Combined
Terms: photographs of police officer (Edit Search | Suggest Terms for My Search | Feedback on Your Search)
View: Full
Date/Time: Friday, April 27, 2007 - 10:59 AM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
Q - Questioned: Validity questioned by citing refs
▲ - Caution: Possible negative treatment
♦ - Positive treatment is indicated
A - Citing Refs. With Analysis Available
i - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.



About LexisNexis | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.