UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LOUISE THORNE, *et al.*              :
                                     :
           Plaintiffs,               :
                                     :
v.                                   :
                                     :        Civil Action No. 06-1204
THE DISTRICT OF COLUMBIA             :        Judge Gladys Kessler
                                     :
        Et Al.                       :
                                     :
        Defendants.                  :


**PLAINTIFFS RESPONSE TO DEFENDANT'S OPPOSITION TO MOTION TO
COMPEL INSPECTION OF PHOTOGRAPHS**


Plaintiffs through counsel, respectfully responds to defendants' opposition to plaintiff's motion to compel inspection of  photographs of Officers Robison, Teel, McGrew and McAllister.

It may be helpful to the court to briefly review some of the evidence in this case. Officer McAllister in his deposition,  has admitted that he removed and handcuffed the driver, (which other evidence overwhelmingly establishes was  Mikelle Bassett), from the automobile.  Exhibit 1 (McAllister depo. Page 18-22). He stated that all of the other occupants of the stopped vehicle were handcuffed as well,  but that he did not handcuff them and cannot say who did.  (Exhibit 2 McAllister depo 28),  Officer Robison at his deposition,  also admitted that he removed an occupant of the car from the rear of the vehicle and handcuffed that person.  Officer Robison also stated that Teel, McAllister, McGrew and himself removed and handcuffed  all of  the occupants of the vehicle although he cannot say which officer removed which person. (Exhibit 3 Robison depo 18-22).  Officer Teel admitted at his deposition, that he pulled the plaintiff's

vehicle over because the driver was not wearing a seat belt. Exhibit 4 (Teel depo at 10-12) He

saw Officer McAllister pull the driver out of the vehicle  but he claims he did nothing further

than observe.  He claims that only a female rear passenger was handcuffed but that he can't

recall which officer handcuffed her. (Exhibit 5 ,Teel Depo. 24-26).  Finally, Officer McGrew at

his deposition, admitted that he assisted the other officers during the incident by directing traffic,

collecting information from a female and removing a  male passenger from the car.   He claims

that only two females  were handcuffed during the incident. (Exhibit  6 McGrew depo 37-53) .

Hence, the officers all admit varying degrees of participation in this event although they differ

dramatically as to how the event actually occurred, who participated in the extractions from the

vehicle, and in particular, how many persons were handcuffed.

   Plaintiffs by contrast, are very consistent in claiming that all were handcuffed, had guns

pointed at them and were humiliated and threatened while they were held. Exhibit 7 (Answers to

Interrogatories.)


   Hence, it is simply not accurate to claim, as defendants do, that "plaintiffs do not know

which officers they want to accuse."    (Defendants' Opposition page 2).    All of the named

officers participated in this event, and cooperated and worked together to stop and detain

plaintiffs.  Officers McAllister and Robison  admit they removed and handcuffed females from

the car. Robison  says  all  four  officers  removed  and  handcuffed  all  of  the  occupants.

Nevertheless, given the state of the evidence in the case at this point, plaintiffs do believe that

they could further specify who precisely did what to  whom,  if they could view photographs of

the officers.    Defendants complain that plaintiffs should have attended the depositions of the

officers.  But many of the plaintiffs have suffered from symptoms which suggest post traumatic

stress syndrome since this incident,  and to force them to spend all day waiting to view these officers in person,  would have been extremely stressful.  Moreover, they are all students either at High School or college and  to make each of  them miss a day of class was obviously undesirable. Also, it  would have been difficult to predict, that the evidence would shape up in exactly the manner it has,  going into the officers' depositions,  and in particular that the officers would be so vague and inconsistent  about who did what.  Finally, plaintiff would note if the concern is officer security,  the procedure of simply viewing photographs is substantially less intrusive than attending a deposition.

Defendants claim there has been a specific threat made by Mikelle Basset to the officers. Plaintiffs would note that the  excerpts cited by defendants were made to a therapist over a year ago. (Exhibit 8- Dr. Randolph's report). There is no evidence that this was anything other than a traumatized teenager venting, in private,  to her therapist and certainly no evidence at all that she had done anything concrete to carry out any design to harm the officers.  Moreover, the excerpt itself indicates that her anger was subsiding.    Moreover, plaintiffs are not asking for any other information, such as addresses for example.    And even if, one were to assume, Mikelle represents a real threat, which plaintiff suggests she does not,  there is nothing  to suggest any threat from Mikeesha Basset,  Lakeisha Parker, or Shaneka Harrison.  The fact that Lakeisha Parker is on probation before judgment in Maryland does not indicate any type of threat to any officer involved in this case.  Likewise, even if Shaneka Harrison has a juvenile record, there is absolutely no indication that she has ever made any threat to anyone in this case.    Finally, there is no indication of any threat from Mikeesha Basset.    In short,  plaintiffs are greatly exaggerating any danger to the officers presented by Mikelle Basset and have presented

absolutely no evidence of any threat from the other plaintiffs. Plaintiffs would note also, that in Mikelle's case, the officer who arrested her is known. Officer McAllister admits he removed the driver from the vehicle and it is clear she was the driver. Hence, it seems very likely that there will be a trial on her claim against him and therefore, she is going to see him, at that trial, in any event.

Defendants cite *State ex rel. Plain Dealer Publg Co. v. City of Cleveland*, 106 Ohio St. 3d 70 (Ohio 2005) in support of their position. But that case bears no resemblance to this situation. It merely held that such materials need not be publicly produced under the Ohio freedom of information statute. This is an entirely different situation. What is being sought is not public disclosure but merely a private publication of images, as part of discovery, to plaintiffs involved in litigation; which is an entirely different situation.

Defendants claim that such disclosure presents an obvious danger to undercover work. However, there is no showing that any of these officers are involved in undercover work. Officer Teel, at his deposition, stated he was in an unmarked vehicle on the evening of the incident assigned to the robbery task force and was on general patrol. Exhibit 9 (Teel depo page 7-8). The other officers were all uniformed officers in marked vehicles In this case, there is simply no basis for claiming any undercover status for any of these officers. In fact, even undercover officers are not guaranteed anonymity in all instances, because undercover officers testify in open court all the time in criminal cases. What is being proposed here is much less intrusive, concerning officers for whom current undercover status is not even claimed. Moreover, plaintiffs are not asking for photographs to be permanently provided, they are

requesting an opportunity to view photos at the Attorney General's Office and all of the plaintiffs have indicated that they believe if they saw photographs of the officers they could identify them. See Exhibit 7.

Finally, defendants misstate plaintiffs' request.  While it is true that originally plaintiffs asked for photographs to be produced, they later modified their request and asked to merely view photographs at the Attorney General's office.   The production of such photographs is hardly  a burdensome request.  It would be a simple matter to obtain such photos and the whole procedure could be concluded in a matter of minutes.

In conclusion,  much is known about this incident.  All of the named officers participated in the incident.   Robison and McAllister have admitted removing females from the car and handcuffing them.   McGrew admits participating in the questioning of females and removing a person from the car.   Teel admits participating in the stop.   Robison says all four officers, himself, Teel, McAllister and McGrew,  removed and handcuffed suspects from the car.   All that remains, is to see if the plaintiffs can add any further specificity to this event. The procedure suggested, is minimally intrusive and not in the least burdensome, while defendants'  suggestions of threats are greatly overblown, and at best, apply only to one plaintiff,  Mikelle Basset. Finally, there are no indications of any undercover work which would be compromised in this case.

Plaintiffs' requests are reasonable and should be granted.

Respectfully submitted,

/s/

_____

Geoffrey D. Allen, Esq.
D.C. Bar No. 288142
1730 Rhode Island Avenue, N.W.
Suite 206
Washington, D.C.  20036
(202) 778-1167

<u>Certificate of Service</u>

   I certify that a copy of this Response to defendants' Opposition and exhibits thereto have been electronically served this 15th day of May 2007 on:


Urenthea McQuinn
Asst Attorney General – DC
441 4th St. N.W.
Washington DC
20001
Urenthea.McQuinn@dc.gov



_____
Geoffrey D. Allen