IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LOUISE THORNE, et al.,
        Plaintiffs,

v.

DISTRICT OF COLUMBIA, et al.,
        Defendants.

Civil Action No. 06-01204 GK

## LAKESHA PARKER'S ANSWERS TO DEFENDANTS, INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

The Plaintiff, by and through her undersigned attorney, and pursuant to Superior Court Rules of Civil Procedure 33, states as follows:

(a) The information contained in these Answers is being provided in accordance with the provisions and intent of the Superior Court Civil Rule of Procedure 33 which requires the disclosure of all facts which may be relevant or may lead to the discovery of relevant information. Accordingly, the party answering these Interrogatories by providing the information requested, does not waive objections to its admission in evidence on grounds of materiality, relevancy or other proper grounds for objection

(b) The information supplied in these Answers is not based solely on the knowledge of the executing party, but includes knowledge of the party, their agents, representatives, and attorney unless privileged.

(c) The word usage, sentence structure, and syntax may be that of the attorney assisting in the preparation of these Answers, and thus does not necessarily purport to be the precise language of the executing party.



PLAINTIFF'S EXHIBIT #7

1

period preceding the occurrence described in the complaint, please state all details of such consumption (e.g., the type of beverage and/or drug(s); the quantity consumed; the time or times each type of beverage or drug was consumed; the location where each beverage or drug was consumed; and the identities and addresses of any persons who could corroborate your response).

ANSWER: None

10. State in your own words exactly and in detail how the incident occurred (e.g. your observations of the physical movements of each person or object involved, what each person said and to whom each statement was made (if you do not recall exact wording, state the content of such statement), the exact wording of all statements made by yourself, and the identity of the person to whom said statements were made, your physical movements and the time that each of the above actions and/or statements occurred).

ANSWER : On the evening of January 15, 2006, I was a passenger in the rear seat of a vehicle that was being driven by Mikelle Basset. I became aware of a police car at First and Atlantic St SE. The police car, which was marked, was stopped at a red light at the intersection. Our vehicle had a green light and turned right. The police car began to follow us. It did not activate its lights or siren. The police car continued to follow us for about seven blocks. Our vehicle was stopped at Valley and Atlantic St SE by an unmarked car which cut in front of our vehicle. I believe our vehicle came into contact with the unmarked car. Once we were stopped a number of police officers ran up to our vehicle with guns drawn. A police officer ordered me out of the vehicle at gunpoint. I was forced to the ground and was handcuffed with my hands behind my back. The officer had his knee in my back. I began to experience an asthma attack and asked the officer if I could sit up. He said: "Shut the fuck up" and refused to let me sit up. It began to become very difficult for me to breath. The officer then walked away. Later, a black officer came and let me get up and made me sit by the side of the street.

During the time I was held an officer displayed what he said was a marijuana cigarette. He

5

said words to the effect of "whose is this"? Later he said words like, "well if no one will take it, I will" and placed it in his pocket. Terence Light was searched and the officers found a condom. The officers then made a number of crude remarks about how there were four girls and only one condom.

Eventually, I was released. I was not charged with any criminal or traffic offense. I was also never told why I was being arrested. During the time we were held, it was very cold. The officers refused to get our coats from inside the car.

11.   Identify by name, address and telephone number of (or describe if the identity is unknown), each law enforcement officer (with badge number), companion or associate of yours, any uninvolved witness on the scene, and furnish the exact words (or, if you cannot recall, the content of statements made) and actions taken by each such witness shortly before, during and after the incident.

ANSWER: I do not know the names of any uninvolved witnesses. I believe the names of the officers involved in this incident are Officers Teel, Robison, McAllister and McGrew. I do not know their badge numbers. I asked one of the officers for his badge number but he refused to give it to me. As to statements and actions taken please see my answer to interrogatory 10.

12.   Identify by name, and/or badge number each law enforcement officer, or describe in detail the physical appearance of each law enforcement officer, whom you allege assaulted you on the date of the incident complained of in the Complaint, and with respect to each officer, list each act that constituted assault/battery or excessive force, the implements of force used and by whom, why you believe the force was excessive, and what amount of force you contend would have been reasonable and appropriate under the circumstances.

ANSWER: I believe that most of the officers involved were white males. I do recall one black officer as indicated above. I believe that I would be able to specifically identify the officers if I were

6

to see him in court or if I was to be shown photographs of them. The officer who pulled me out of the car was white.

13. Describe in detail the basis of your claim that the District of Columbia violated your civil rights, including but limited to the factual support you intend to introduce to prove this claim, the evidence of the custom or practice of the District of Columbia that violated your civil rights, the witnesses you intend to call to support this claim and the substance of their likely testimony, and the exhibits that you intend to introduce to support Count III of the complaint that the District of Columbia violated your civil rights. Attach all documents related to this interrogatory.

ANSWER: This question calls for legal analysis and is best addressed to my attorney. All I know is that I did nothing wrong and was very roughly treated, had a gun pointed at my head, and that I was handcuffed and verbally abused for no reason. The officers left me on the ground handcuffed with my hands behind my back, when I was clearly having an asthma attack. I was refused permission to sit up so I could breathe more easily. By their actions, in displaying what they said was a marijuana cigarette, they put me in fear of being charged with a drug offense when I knew that I had not possessed any drugs. They also humiliated and embarrassed me with their remarks concerning a condom they found on Terence Light. The witnesses I may call have been identified on plaintiff's witness list.

14. Describe in detail the basis of your claim that your civil rights were violated, including but limited to the factual support you intend to introduce to prove this claim, the evidence to support your claim, the witnesses you intend to call to support this claim and the substance of their likely testimony and the exhibits that you intend to introduce to support this claim. Attach all documents related to this interrogatory.

ANSWER: See Answer to interrogatory 13.

15. Describe in detail the basis of your claim of intentional and negligent infliction of

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LOUISE THORNE, *et al.*,
      Plaintiffs,

v.

DISTRICT OF COLUMBIA, *et al.*,
      Defendants.

Civil Action No. 06-01204 GK

### PLAINTIFF MIKELLE BASSET'S ANSWERS TO DEFENDANT'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

The Plaintiff, by and through her undersigned attorney, and pursuant to Superior Court Rules of Civil Procedure 33, states as follows:

(a) The information contained in these Answers is being provided in accordance with the provisions and intent of the Superior Court Civil Rule of Procedure 33 which requires the disclosure of all facts which may be relevant or may lead to the discovery of relevant information. Accordingly, the party answering these Interrogatories by providing the information requested, does not waive objections to its admission in evidence on grounds of materiality, relevancy or other proper grounds for objection

(b) The information supplied in these Answers is not based solely on the knowledge of the executing party, but includes knowledge of the party, their agents, representatives, and attorney unless privileged.

(c) The word usage, sentence structure, and syntax may be that of the attorney assisting in the preparation of these Answers, and thus does not necessarily purport to be the precise language of the executing party.

of the claim). Provide copies of all documents relating to such claims or lawsuits.

ANSWER: None

9. If you consumed any alcoholic beverages and/or drugs during the twenty-four (24) hour period preceding the occurrence described in the complaint, please state all details of such consumption (e.g., the type of beverage and/or drug(s); the quantity consumed; the time or times each type of beverage or drug was consumed; the location where each beverage or drug was consumed; and the identities and addresses of any persons who could corroborate your response).

ANSWER: None

10. State in your own words exactly and in detail how the incident occurred (e.g. your observations of the physical movements of each person or object involved, what each person said and to whom each statement was made (if you do not recall exact wording, state the content of such statement), the exact wording of all statements made by yourself, and the identity of the person to whom said statements were made, your physical movements and the time that each of the above actions and/or statements occurred).

ANSWER : I was the driver of the vehicle. Terence Light was a front passenger and Mikesha Basset, Lakesha Parker and Shaneka Harrison were the rear seat passengers. I first became aware of a police car at First and Atlantic St SE. The police car, which was marked, was stopped at a red light at the intersection. Our vehicle had a green light and turned right. The police car began to follow us. It did not activate its lights or siren. The police car continued to follow us for about seven blocks. Our vehicle was then stopped at Valley and Atlantic St SE by an unmarked car which cut in front of our vehicle. I believe our vehicle came into contact with the unmarked car. Once we were stopped a number of police officers ran up to our vehicle with guns drawn. I was dragged from the vehicle. I had a gun pointed to my head while this was done. At the time, I had my seat belt on and as the officer tried to wrench me from the car I was held in by the seatbelt and it hurt my shoulder and

chest. Eventually, he got me out of the car. I didn't get a chance to take the gear shift out of drive and after I got out the car it continued to move and I believe it hit the car in front. I was scared that that the gun was going to go off. He grabbed my hair and continued to pull me out of the car. He forced me to the ground and I was handcuffed with my hands behind my back and dragged along the street. I screamed that I was pregnant and then he stopped dragging me. I was made to lay face down on the street for a long time, it seemed like half an hour. Then I was allowed to sit up and I was placed on the sidewalk where I had to sit, still handcuffed for what seemed like a very long time. I was cold and scared. The officers would not let me get my jacket from the car.

During the time I was held an officer displayed what he said was a marijuana cigarette. He said words to the effect of "whose is this"? Later, he said words like, "well if no one will take it, I guess I'll take it" and placed it in his pocket. This officer was white. Terence Light was searched and the officers found a condom. The black officer then made a number of crude remarks about how there were four girls and only one condom.

Towards the end of the incident, an officer whose name may have been Murphy arrived and told us words to the effect that "you need to charge this to the game."

Towards the end of the incident an officer grabbed my cell phone as I tried to answer it and threw it to the ground, breaking it. This was done by a white officer.

The only ticket I received was for violating a restriction of my learner's driving permit.

11.     Identify by name, address and telephone number of (or describe if the identity is

unknown), each law enforcement officer (with badge number), companion or associate of yours, any uninvolved witness on the scene, and furnish the exact words (or, if you cannot recall, the content of statements made) and actions taken by each such witness shortly before, during and after the incident.

ANSWER : I do not know the names of any uninvolved witnesses. The officer who arrested me was a white officer. I couldn't see the name tags of the officer. I have been informed that at his deposition, Officer Robison indicated that himself and Officers Teel, McAllister and McGrew participated in the arrests which occurred. I believe that I could identify the officers if I saw photographs of them.

12. Identify by name, and/or badge number each law enforcement officer, or describe in detail the physical appearance of each law enforcement officer, whom you allege assaulted you on the date of the incident complained of in the Complaint, and with respect to each officer, list each act that constituted assault/battery or excessive force, the implements of force used and by whom, why you believe the force was excessive, and what amount of force you contend would have been reasonable and appropriate under the circumstances.

ANSWER: Please see my answers to Interrogaories 10 and 11. I do contend that the acts of pointing a gun at my head, roughly pulling me out of the car, and then forcing me to the ground with a knee in my back, constituted an assault. I do not believe any force was reasonable given the circumstances of the case.

13. Describe in detail the basis of your claim that the District of Columbia violated your civil rights, including but limited to the factual support you intend to introduce to prove this claim, the evidence of the custom or practice of the District of Columbia that violated your civil rights, the witnesses you intend to call to support this claim and the substance of their likely testimony, and the exhibits that you intend to introduce to support Count III of the complaint that the District of Columbia violated your civil rights. Attach all documents related to this interrogatory.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LOUISE THORNE, *et al.*,
    Plaintiffs,

v.

DISTRICT OF COLUMBIA, *et al.*,
    Defendants.

Civil Action No. 06-01204 GK

### PLAINTIFF'S ANSWERS TO DEFENDANT'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF MIKESHA BASSETT

The Plaintiff, by and through her undersigned attorney, and pursuant to Superior Court Rules of Civil Procedure 33, states as follows:

(a) The information contained in these Answers is being provided in accordance with the provisions and intent of the Superior Court Civil Rule of Procedure 33 which requires the disclosure of all facts which may be relevant or may lead to the discovery of relevant information. Accordingly, the party answering these Interrogatories by providing the information requested, does not waive objections to its admission in evidence on grounds of materiality, relevancy or other proper grounds for objection

(b) The information supplied in these Answers is not based solely on the knowledge of the executing party, but includes knowledge of the party, their agents, representatives, and attorney unless privileged.

(c) The word usage, sentence structure, and syntax may be that of the attorney assisting in the preparation of these Answers, and thus does not necessarily purport to be the precise language of the executing party.

consumption (e.g., the type of beverage and/or drug(s); the quantity consumed; the time or times each type of beverage or drug was consumed; the location where each beverage or drug was consumed; and the identities and addresses of any persons who could corroborate your response).

ANSWER: None

10. State in your own words exactly and in detail how the incident occurred (e.g. your observations of the physical movements of each person or object involved, what each person said and to whom each statement was made (if you do not recall exact wording, state the content of such statement), the exact wording of all statements made by yourself, and the identity of the person to whom said statements were made, your physical movements and the time that each of the above actions and/or statements occurred).

ANSWER : I was a passenger in the rear seat of a vehicle that was being driven by Mikelle Basset. I became aware of a police car at First and Atlantic St SE. The police car, which was marked, was stopped at a red light at the intersection. Our vehicle had a green light and turned right. The police car began to follow us. It did not activate its lights or siren. The police car continued to follow us for about seven blocks. Our vehicle was stopped at Valley and Atlantic St SE by an unmarked car which cut in front of our vehicle. I believe our vehicle came into contact with the unmarked car. Once we were stopped a number of police officers ran up to our vehicle with guns drawn. I jumped out of the vehicle. I witnessed an officer forcing my sister to the ground and handcuffing her. An officer then slammed me against a police car, handcuffed me and placed me into a police car. Later, I was placed in a paddy wagon. I believe I was in the paddy wagon for about thirty five minutes or longer. When they let me out of the paddy wagon they took the handcuffs off and I was allowed to leave. My older sister was there at that time. I was never charged with any type of offense.

11. Identify by name, address and telephone number of (or describe if the identity is unknown), each law enforcement officer (with badge number), companion or associate of yours, any uninvolved witness on the scene, and furnish the exact words (or, if you cannot recall, the content of statements made) and actions taken by each such witness shortly before, during and after the incident.

ANSWER: I do not know the names of the officers on the scene. The officers I interacted with were white males. I believe if I was to see the officers or their photographs I could identify them.

12. Identify by name, and/or badge number each law enforcement officer, or describe in detail the physical appearance of each law enforcement officer, whom you allege assaulted you on the date of the incident complained of in the Complaint, and with respect to each officer, list each act that constituted assault/battery or excessive force, the implements of force used and by whom, why you believe the force was excessive, and what amount of force you contend would have been reasonable and appropriate under the circumstances.

ANSWER: A white male officer slammed me against a car and handcuffed me against my will. The same officer put me in the police car and later into the paddy wagon. I believe I could identify him if I was shown a photograph of him.

13. Describe in detail the basis of your claim that the District of Columbia violated your civil rights, including but limited to the factual support you intend to introduce to prove this claim, the evidence of the custom or practice of the District of Columbia that violated your civil rights, the witnesses you intend to call to support this claim and the substance of their likely testimony, and the exhibits that you intend to introduce to support Count III of the complaint that the District of Columbia violated your civil rights. Attach all documents related to this interrogatory.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LOUISE THORNE, *et al.*,
        Plaintiffs,

v.                           Civil Action No. 06-01204 GK

DISTRICT OF COLUMBIA, *et al.*,
        Defendants.

## SHANEKA HARRISON'S ANSWERS TO DEFENDANT'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

The Plaintiff, by and through her undersigned attorney, and pursuant to Superior Court Rules of Civil Procedure 33, states as follows:

(a) The information contained in these Answers is being provided in accordance with the provisions and intent of the Superior Court Civil Rule of Procedure 33 which requires the disclosure of all facts which may be relevant or may lead to the discovery of relevant information. Accordingly, the party answering these Interrogatories by providing the information requested, does not waive objections to its admission in evidence on grounds of materiality, relevancy or other proper grounds for objection

(b) The information supplied in these Answers is not based solely on the knowledge of the executing party, but includes knowledge of the party, their agents, representatives, and attorney unless privileged.

(c) The word usage, sentence structure, and syntax may be that of the attorney assisting in the preparation of these Answers, and thus does not necessarily purport to be the precise language of the executing party.

1

10.  State in your own words exactly and in detail how the incident occurred (e.g. your observations of the physical movements of each person or object involved, what each person said and to whom each statement was made (if you do not recall exact wording, state the content of such statement), the exact wording of all statements made by yourself, and the identity of the person to whom said statements were made, your physical movements and the time that each of the above actions and/or statements occurred).

ANSWER : I was a passenger in the rear seat of a vehicle that was being driven by Mikelle Basset. I was seated behind the passenger. I became aware of a police car at First and Atlantic St SE. The police car, which was marked, was stopped at a red light at the intersection. Our vehicle had a green light and turned right. The police car began to follow us.. It did not activate its lights or siren. The police car continued to follow us for about seven blocks. Our vehicle was stopped at Valley and Atlantic St SE by an unmarked car which cut in front of our vehicle. I believe our vehicle came into contact with the unmarked car. Once we were stopped a number of police officers ran up to our vehicle with guns drawn . An officer dragged me from the vehicle. I had a gun pointed to my head while this was done. He shoved me to the ground and put his knee in my back  I was handcuffed with my hands behind my back. Quite a while later, I was allowed to sit on the sidewalk although I was still handcuffed at that time and I was very cold. The officers would not allow us to get our jackets which were inside the car.

During the time I was held an officer displayed what he said was a marijuana cigarette. He said words to the effect of "whose is this"? Later he said words like, "well if no one will take it, I will" and placed it in his pocket. Terence Light was searched and the officers found a condom. The officers then made a number of crude remarks about how there were four girls and only one condom.

Mikelle's sister eventually came to where we were and we were released. I was never charged

with a criminal offense.

11. Identify by name, address and telephone number of (or describe if the identity is unknown), each law enforcement officer (with badge number), companion or associate of yours, any uninvolved witness on the scene, and furnish the exact words (or, if you cannot recall, the content of statements made) and actions taken by each such witness shortly before, during and after the incident.

ANSWER: I believe the officers who arrested us were Officers Teel, Robison, McAllister and McGrew. I understand that at his deposition Officer Robison indicated all of them participated in the arrest and detention of myself and the other occupants of our vehicle. The officers I personally interacted with were, white males. I believe if I was to see the officers or their photographs I could identify them.

12. Identify by name, and/or badge number each law enforcement officer, or describe in detail the physical appearance of each law enforcement officer, whom you allege assaulted you on the date of the incident complained of in the Complaint, and with respect to each officer, list each act that constituted assault/battery or excessive force, the implements of force used and by whom, why you believe the force was excessive, and what amount of force you contend would have been reasonable and appropriate under the circumstances.

ANSWER: I was unable to observe their name tags during the incident. All of the officers on the scene were assisting each other during the incident and were acting as a team. I understand that at his deposition, Officer Robison indicated that he, and Officers Teel, McGrew and McAllister all participated in the arrests. As indicated above, I believe I could identify the officer who handcuffed me if I was to see a photograph of him. As to each act which I claim constitutes an assault, please see

6