UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LOUISE THORNE, *et al.* | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | **Civil Action No. 06-1204** |
| THE DISTRICT OF COLUMBIA | : | **Judge Gladys Kessler** |
| | : | |
| Et Al. | | |
| | : | |
| Defendants. | : | |

## MOTION TO COMPEL DISTRICT OF COLUMBIA TO DESIGNATE A WITNESS FOR A RULE 30(B)6 DEPOSITION AND FOR SANCTIONS

Plaintiffs through counsel, respectfully moves this court to compel defendants to produce a witness or witnesses to testify at a Rule 30(b)6 deposition and for sanctions.

Plaintiffs' reasons in support of this motion are fully set forth in the attached Memorandum of Points and Authorities.

Plaintiffs' counsel has attempted to confer with defense counsel on this matter but has received no response.

Defense counsel does not consent to this motion

WHEREFORE, it is requested that the motion be GRANTED.

Respectfully submitted,

/s/

_____
Geoffrey D. Allen, Esq.
D.C. Bar No. 288142
1730 Rhode Island Avenue, N.W.

1

Suite 206
Washington, D.C.  20036
(202) 778-1167

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

LOUISE THORNE, *et al.*          :
                                 :
        **Plaintiffs,**          :
                                 :
    v.                           :
                                 :   **Civil Action No. 06-1204**
THE DISTRICT OF COLUMBIA         :   **Judge Gladys Kessler**
                                 :
        **Et Al.**               :
                                 :
        **Defendants.**          :


**PLAINTIFFS MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
DISTRICT OF COLUMBIA TO DESIGNATE A WITNESS  FOR A RULE
30(B)6 DEPOSITION AND FOR SANCTIONS**


**A. Background**

Plaintiffs, four female teenagers,  have sued the District of Columbia, and

Metropolitan Police Officers Orlando Teel, Neil McAllister, George T. Robinson and

Baxter McGrew for, *inter alia*,  assault,  false arrest and civil rights violations

arising out their arrest and detention on January 15, 2006.   During the course of

discovery, plaintiffs served a Rule 30(b)6 Notice of Deposition on May 22, 2007 on

the District of Columbia.  The notice set out nine areas of examination.  See Exhibit

A.  The deposition was held on June 5, 2007.  At the deposition, the District through

its attorney announced that it had objections to all of the areas designated, except

those in paragraphs 1 and 5.  It objected to paragraphs 2, 3, 4 based on relevancy

because it claimed that there was no police report generated in this case and therefore according to it,  any questioning on the procedures for generating  police reports was irrelevant.  It similarly objected to paragraphs 6,7,8 and 9 based on its contention that there were no arrests in this case and therefore any questions directed towards determining the number of complaints for arrest without probable cause, disciplinary actions in such cases and  settlements and judgments  in such cases,  are irrelevant.  Based on its own unilateral determinations of irrelevance, the District  then failed to produce a witness to testify  in these areas and refused to allow the witness it did produce to testify in any areas except those shown  in paragraphs 1 and 5.    The District had not  previously noted any objections to plaintiff's notice of deposition or filed a motion for a  protective order. Plaintiff's counsel wrote defense counsel an E-Mail later on June 5, 2007 setting forth his position and asking the District to reconsider its position. See Exhibit B.   The District did not respond.

**Argument**

**The District Completely Disregarded the Applicable Rules of Civil Procedure When It Failed to Produce  Witnesses  For a Duly Noted  Rule 30(b)(6) Deposition**

Fed Rules Civ Proc R 30 (b)(6) states that:

"A party may in the  party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe

4

with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules."

The District has by its actions completely flouted this rule. The Rule itself does not give a party upon whom such a notice is served, the option to unilaterally determine issues of relevancy then without notice to opposing counsel, or the court, to not  produce a witness to testify on a particular issue. Depositions of corporate party designee that are properly noticed under Rule 30(b) must be attended in the absence of protective order, and even a corporate party's filing of a motion to stay discovery has been held not to relieve it of its duty to produce its designee to be deposed as noticed. *Hydramar,  Inc. v General Dynamics Corp.* (1986, ED Pa) 115 FRD 147.

Some courts have taken a harsh view of such actions. In . *Spaeth v Warner Bros. Pictures, Inc.* (1941, DC NY) 1 FRD 729., it was held that the  remedy for failure to appear for taking of deposition by a party to  an action who has been properly served with notice, is a motion to strike his pleading  In another case, defendant's motion for dismissal of complaint was granted where plaintiff, after appearing for deposition noticed by defendant for 2 days, failed to appear for continuation of examination rather than exercise right to seek a protective order

under Rule 30(d). *Bourgeois v El Paso Natural Gas Co.* (1957, DC NY) 20 FRD 358,

affd (1958, CA2 NY) 257 F2d 807

It has also been held that monetary sanctions were warranted for

designated representative's failure to cooperate at his deposition, which was

tantamount to failure to appear, where representative failed to offer meaningful

testimony about most, if not all, of items specified in notice of deposition, and his

professed ignorance about notice of deposition. *Black Horse Lane Assoc., L.P. v Dow*

*Chem. Corp.* (2000, CA3 NJ) 228 F3d 275, 51 Envt Rep Cas 1289, 47 FR Serv 3d

842, 31 ELR 20148.

In this case, plaintiff's counsel spent a good deal of time preparing for a

deposition as to all nine areas specified in his notice of deposition and was not

informed that the District would only be producing a witness for just two of the

areas until the deposition itself was about to begin. Assuming, the court requires

the District to provide testimony in a new deposition, additional time and expense

will now have to be incurred.

The correct way to make objections at a deposition is set forth in Rule

30(c)(2)  which states, "An objection at the time of the examination--whether to

evidence, to a party's conduct, to the officer's qualifications, to the manner of taking

the deposition, or to any other aspect of the deposition--must be noted on the record,

but the examination still proceeds; the testimony is taken subject to any objection.

An objection must be stated concisely in a nonargumentative and nonsuggestive

manner. A person may instruct a deponent not to answer only when necessary to

preserve a privilege, to enforce a limitation ordered by the court, or to present a

motion under Rule 30(d)(3).   If a party believes the deposition should not occur or

should be curtailed, then  the correct procedure is to move for a protective order

under Rule 26(c), which the District here made no attempt to do.

**The District's Objections, Are In Any Event,  Without Foundation**

The District claimed that any inquiry into police reporting procedures was

irrelevant because there was no police report in this case.  There was however, an

event chronology in this case, (Exhibit C)  which shows that a Case Number

(R2006006893) was assigned at 22.34 on January 15, 2006.  Plaintiff's police expert,

Mr. Robert Klotz has opined that a report needs to be generated once an "R"

number is assigned to an event.   Paragraph 2 of plaintiff's notice is specifically

directed to this issue.  The issue is relevant because it bears directly on the question

of whether a police report was in fact generated in this case or not and whether,  if

not, it should have been.   Assuming arguendo, there is no report, but one should

have been made, such evidence could be admissible at trial when considering the

propriety of the Officer's actions.  For example,  it may provide the basis for an

argument that the Officer's disregarded reporting procedures because they knew

they had conducted an illegal search and seizure of the plaintiffs in this case.  It

may also be directly relevant to the D.C. Code 12-309  issue in this case.   So even if

the District is correct, and there is no report, the absence of a report is relevant if

one was required to be made.



Likewise, the District's claims concerning paragraphs 6, 7, 8 and 9, of the

notice of deposition,  lack merit.  These areas are directed to arrests without

probable cause in the District of Columbia.   The District claimed that this inquiry

was irrelevant was because it claimed there were  no arrests in this case.  However,

simply because the police officers did not style the events of January 15, 2006 as

arrests of the plaintiffs,  is not dispositive.  In**,** *United States v. Mendenhall*, 446

U.S. 544, Justice Stewart  wrote that "We conclude that a person has been "seized"

within the meaning of the Fourth Amendment only if, in view of all of the

circumstances surrounding the incident, a reasonable person would have believed

that he was not free to leave. Examples of circumstances that might indicate a

seizure, even where the person did not attempt to leave, would be the threatening

presence of several officers, the display of a weapon by an officer, some physical

touching of the person of the citizen, or the use of language or tone of voice

indicating that compliance with the officer's request might be compelled"  In this

case, plaintiffs have alleged that they had guns pointed at them by the defendant

officers, that they were dragged out of the car,    that they were handcuffed, and

forced to ground and then held in handcuffs while the police searched the vehicle.

While it is true that the end result,  was one traffic ticket to the driver and no

citations of any nature to any of the other passengers, this does not mean that

arrests did not occur.   Clearly, if the plaintiffs information is credited, the plaintiffs

were not free to leave during this encounter.   Notably, even one of the defendants,

in this case, admitted in his deposition that all of the occupants of the vehicle were

handcuffed.    Consequently, there can be little doubt that what plaintiffs are

alleging constitutes an arrest within the meaning of the Fourth Amendment,

despite how the officers characterize their own actions.   That being the case,

inquiries into arrests in the District, where it was later determined, no probable

cause existed, are certainly relevant to plaintiffs' civil rights claims.  For there,

amongst other things,  they must show a custom and policy of unconstitutional

conduct in order to prevail.


        Accordingly, defendants District of Columbia should be required to appear

at a new deposition and respond to the areas of inquiry that it failed to provide a

witness or witnesses for on June 5, 2007,

**Defendant Should Be Sanctioned For Its Complete Disregard Of The Rules of Procedure.**

        Fed Rules Civ Proc R 37 (d) provides, in pertinent part, "If a party or an

officer, director, or managing agent of a party or a person designated under Rule

30(b)(6) …… fails (1) to appear before the officer who is to take the deposition, after

being served with a proper notice….. In lieu of any order or in addition thereto, the

court **shall** require the party failing to act or the attorney advising that party or

both to pay the reasonable expenses, including attorney's fees, caused by the failure

unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

Here, plaintiff submits, the District completely flouted the Rules and presented utterly meritless reasons for its actions. Plaintiff's counsel estimates that he will have to spend at least two hours reviewing materials again and preparing for the deposition on the issues he was not able to go forward with on June 5, 2007. He has also spent three hours preparing this motion. Accordingly, plaintiff's counsel claims five hours of his time at $300 per hour, or $1,500 should be awarded as attorney's fees in this matter. Plaintiff also submits that the District should be required to pay for the court reporter for any further deposition the court may order in this case.

**Conclusion**

Plaintiffs' motions should be granted.

Respectfully Submitted,

_____
Geoffrey D. Allen
D.C. Bar 288142
1730 Rhode Island Ave. N.W.
Suite 206
Washington D.C.
20036
(202)778 1167

<u>Certificate of Service</u>

   I certify that a copy of this motion and exhibits thereto have been electronically served on this 7th day of June  2007 on: Urenthea McQuinn, Asst Attorney General – DC 441 4th St. N.W.Washington DC. 20001.


_____

Geoffrey D. Allen

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LOUISE THORNE, *et al.* | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | Civil Action No. 06-1204 |
| THE DISTRICT OF COLUMBIA | : | Judge Gladys Kessler |
| | : | |
| Et Al. | : | |
| | : | |
| Defendants. | : | |

## ORDER

This matter comes before the Court on plaintiff's motion to compel the District of Columbia to produce a witness or witnesses to testify in a Rule 30(b)6 deposition as to the matters designated in plaintiffs Notice of Deposition, dated May 22, 2007 and for sanctions for its failure to produce such a witness or witnesses on June 5, 2007.   Upon review of the pleadings and for good cause shown, it is this ___ day of _____, 2007,

ORDERED, that the motion be and hereby is GRANTED.  And it is further,

ORDERED, that the District of Columbia designate a witness or witnesses to testify in the areas designated by paragraphs 2 through 4 and 6 through 9 of Plaintiff's Rule 30(b)6 deposition notice of May 22, 2007. And it further,

ORDERED, the District of Columbia pay Geoffrey D. Allen the sum of $_____ in attorney's fees.  And it is further,

ORDERED, that the District of Columbia bear the court reporter's fees of the new Rule 30(b)6 deposition.

_____
Judge Kessler