UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LOUISE THORNE, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 06-1204 (GK) |
| | : | |
| DISTRICT OF COLUMBIA, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Plaintiffs have filed a Motion to compel the District of Columbia to designate a Rule 30(b)(6) deposition witness and for sanctions. Upon consideration of the Motion, the Opposition, and the applicable Federal Rules of Civil Procedure, the Court concludes that the Motion should be **granted**.

Plaintiffs are absolutely correct in arguing that the District of Columbia completely disregarded Fed. R. Civ. P. 30(b)(6). Plaintiffs are also correct that "[t]he Rule itself does not give a party upon whom such a notice is served, the option to unilaterally determine issues of relevancy then without notice to opposing counsel, or the court, to not produce a witness to testify on a particular issue." Plaintiffs' Mot. at 5. That is exactly what the District of Columbia did in this case. It produced a witness on the day in question, June 5, 2007, and at that time informed Plaintiffs' counsel that the witness would address only paragraphs 1 and 5 of the 9 items listed by Plaintiffs in their notice of deposition.[1] Thus, the District of Columbia failed to comply with Rule 30(c)(2)

---

[1] Defendants' counsel claims that she tried to inform Plaintiffs' counsel on June 4, 2007, the day before the Rule 30(b)(6) deposition, that her witness would address only paragraphs 1 and 5 on the deposition notice. Defendants' counsel raised this issue in the middle of another deposition which Plaintiffs' counsel was trying to conclude by 5:00 p.m. This kind of informal, haphazard notice does not satisfy the requirements of the Federal Rules.

requiring that the examination proceed after objections are noted on the record, and also failed to file any motion for a protective order. Consequently, the Plaintiffs' Motion will be **granted**.

In addition, the District of Columbia is simply wrong regarding a number of its relevancy objections. There is no question that items 2, 3, and 4 listed on the deposition notice are relevant and could possibly produce evidence regarding a failure of Defendants to comply with police reporting procedures. Similarly, there is no merit to the Defendants' claims that the items listed in paragraphs 6, 7, 8, and 9 of the deposition notice are irrelevant. As Plaintiffs point out, it is their burden to show a custom and policy of unconstitutional conduct in this case and obviously any large number of arrests without probable cause would be relevant to satisfying that evidentiary burden.

Significantly, the District of Columbia's only response is a totally inadequate one stating that since there were no police reports or "arrests" in this case, Plaintiffs were not entitled to inquire into these issues. It is not up to the District of Columbia to make that determination unilaterally.

**WHEREFORE**, it is this 3rd day of July, 2007, hereby

**ORDERED**, that the Motion be **granted**; and it is further

**ORDERED**, that the District of Columbia designate a witness or witnesses to testify in the areas designated by paragraphs 2 through 4 and 6 through 9 of Plaintiffs' Rule 30(b)(6) deposition notice within the next 30 days; and it is further

**ORDERED**, that the District of Columbia pay Geoffrey D. Allen the sum of **$1,000.00** in attorney's fees; and it is further

**ORDERED**, the District of Columbia bear the court reporter's fees of the new Rule 30(b)(6) deposition.

/s/
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**