**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LOUISE THORNE,** *et al.* | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | **Civil Action No. 06-1204** |
| **THE DISTRICT OF COLUMBIA** | : | **Judge Gladys Kessler** |
| | : | |
| **Et Al.** | : | |
| | : | |
| **Defendants.** | : | |

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF COURT'S DENIAL OF**
**PLAINTIFFS MOTION TO COMPEL INSPECTION OF PHOTOGRAPHS**

Plaintiffs' Mikesha Bassett and Shaneka Harrison and Lakesha Parker respectfully move for reconsideration of the court's minute order dated July 3, 2007 by which it denied plaintiffs' motion to compel the District to produce photographs of Officers Robison, McAllister, McGrew and Teel to be viewed in the Attorney General's Office.

Plaintiffs' reasons in support of this motion are set forth in the attached Memorandum of Points and Authorities.

Defense counsel does not consent to this motion.

WHEREFORE, it is requested that the Motion be GRANTED.

Respectfully submitted,

_____
Geoffrey D. Allen, Esq.
D.C. Bar No. 288142
1730 Rhode Island Avenue, N.W.
Suite 206
Washington, D.C. 20036
(202) 778-1167

1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LOUISE THORNE,** *et al.* | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | **Civil Action No. 06-1204** |
| **THE DISTRICT OF COLUMBIA** | : | **Judge Gladys Kessler** |
| | : | |
| **Et Al.** | : | |
| | : | |
| **Defendants.** | : | |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION OF DENIAL OF MOTION TO COMPEL INSPECTION OF PHOTOGRAPHS**

Plaintiffs through counsel, respectfully move this court to reconsider its, July 3, 2007, Minute Order, denial of plaintiffs' motion to compel inspection of photographs of Officers Robison, Teel, McGrew and McAllister.

The exhibits submitted in plaintiffs earlier motions clearly establish that all of the named officers participated in this event, and cooperated and worked together to stop and detain plaintiffs. Officers McAllister and Robison admit they removed and handcuffed females from the car. Officer Robison says himself and McAllister and McGrew and Teel all removed and handcuffed all of the occupants. McAllister says that all four females were handcuffed but he can't recall who, apart from himself, arrested whom. Hence, there is abundant evidence that all four officers handcuffed all four plaintiffs. Nevertheless, given the state of the evidence in the

case at this point, plaintiffs do believe that they could further specify who precisely did what to whom, if they could view photographs of the officers. All of the plaintiffs have indicated, under oath, in their interrogatory answers that they believe they could identify the specific officer who arrested them if they were given the opportunity to do view their images.

The basis for the request for reconsideration is that Plaintiffs are now withdrawing the request for Mikelle Basset to view the photographs. This is because, upon reflection, it is unnecessary, since Officer McAllister has admitted that he removed and handcuffed her. A major reason for the defendants' opposition was the contention that Mikelle had voiced threats against the officers in therapy sessions with a clinical social worker, after the event. Defendants do not even allege that there have been any threats whatsoever, from Mikeesha Basset, Lakeisha Parker, or Shaneka Harrison.

It is obviously defendants' intent, at least as far as Officers Robison, Teel and McGrew are concerned, to move for summary judgment based on the inability, at present, of Mikeesha, Lakeisha and Shaneka to identify which specific officer handcuffed them.[1] While plaintiffs do not believe that such an argument has merit, there is a simple way to put the issue to rest. That is, for photographs to be shown to them, to see whether they can or cannot specify which officer arrested which plaintiff. Since plaintiffs' modified request does not involve Mikelle, and she was the only plaintiff who in any way could be said to represent any sort of officer security issue, it is respectfully submitted that the court should reconsider its earlier ruling and grant the plaintiffs' motion. Photographs of police officers are presumably readily available. Plaintiffs are not requesting that they be provided with the photographs, merely that they be given an opportunity to view them, in defense counsel's office, for a brief period. This procedure is

---

[1] If defendants state that they do not intend to make this argument, plaintiffs will withdraw this motion.

cheap, quick, unobtrusive and would help clarify, what in the mind of the defense at least, is an important issue.

Fed. R. Civ. P. 26(b)(1) states that parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.; see  Nat'l Cong. for Puerto Rican Rights ex rel. Perez v. City of New York*, 194 F.R.D. 88, 92 (S.D.N.Y. 2000) ("In federal actions, discovery should be broad, and all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should be [discoverable].") (quotation marks and citation omitted). Limitations are imposed only "on discovery sought in bad faith, to harass or oppress the party subject to it, when it is irrelevant, or when the examination is on matters protected by a recognized privilege.  " *In re Six Grand Jury Witnesses*, 979 F.2d 939, 943 (2d Cir. 1992) (citing *Hickman v. Taylor*, 329 U.S. 495, 507-08, 67 S. Ct. 385, 391-92, 91 L. Ed. 451 (1947)).

Pursuant to Fed. R. Civ. P. 34, a party may serve on any other party a request to produce and permit the party making the request to inspect and copy, any designated documents that are discoverable under Rule 26(b)(1)

Clearly, the information sought is relevant and defendants can point to no claim of privilege which protects them from disclosure. The request is obviously reasonably calculated to lead to admissible evidence and there is no suggestion of bad faith.  The relevant case law also favors production of the photographs. For example, in,  *Lozano v. New York*, 1992 U.S. Dist. LEXIS 5133, in ruling that photographs of police officers should be disclosed, the court stated :

> Finally, the defendants' specific objections to disclosure of the officers' pictures
> are unpersuasive. It is important for the plaintiffs to avoid unnecessary litigation

4

by determining early in the process which individual police officers are subject to the claims raised. Thus far, the plaintiffs have simply named as defendants all the officers on the scene; by specifically identifying individual officers, they may be able to eliminate certain defendants altogether and limit the claims against others. The photographs are obviously an important element in this process. Because this is not a criminal case, the defendants' complaints that disclosure of the photos would constitute a "selective lineup" are simply inapposite.

Similarly, in *Perez v. City of New York*, 2007 NY Slip Op 1960 38 A.D.3d 267; 831 N.Y.S.2d 69; 2007 N.Y. App. Div. LEXIS 2664, in an action for personal injury arising from an alleged false arrest, the court directed defendants to produce for discovery photos of all "male-non-blacks from the 43rd Precinct." Defendants appealed from the order. On appeal, it was held that the trial court should conduct and *in camera* review of :

> photographs of all police officers assigned to the 43rd precinct . . . excluding only women and dark-complected African American officers, together with a corresponding description of the height and weight of each officer, and the date on which each photograph was taken, after which the court will decide which photographs will be shown to plaintiff, Lorraine Perez, for her review in a photo array or arrays . . . conducted in the presence of the court.

It should be noted, that the procedure adopted in that case, was considerably more extensive that that suggested in this case. There the court ordered a comprehensive review of all officers at a particular precinct, who were of the correct gender and skin color, in order to establish the identity of the alleged offending officers. What is being proposed here, by contrast, is a limited review of four photographs of officers who have all admitted being on the scene and against whom there is ample evidence that they participated in the incident. These are very focused and it is submitted, reasonable requests.

Also of interest, is *Henderson v. City of Chattanooga*, 133 S.W.3d 192, 194. There, five police officers employed by the Chattanooga Police Department, were involved in a physical altercation with Torris Harris ("Harris") which ended with Harris' death. Harris allegedly had ties

to the local Crips gang. Pursuant to the Public Records Act, a local news station requested photographs of these five officers as well as a sixth officer who had prepared the official police report. After the request was denied by the City of Chattanooga, the news station filed a petition seeking to compel production of the photographs. After a trial, the Trial Court concluded the photographs were "public records" and the undercover officer exemption found in the Public Records Act did not apply to these officers. The Trial Court also held that disclosing the photographs would not place the officers or their families at substantial risk of harm and, therefore, would not violate the officers' constitutional right to privacy.

It should be noted, that the concerns of police officer safety were considerably greater in that case than this.  For in *Henderson*, the decedent, was allegedly a member of a notoriously violent street gang. In this case, by contrast,  the plaintiffs who are claiming an opportunity to view the photographs,  are all teenage females with no such affiliations. Moreover, the facts of this case alleging essentially, false arrest, are considerably less, violent than the death involved in *Henderson*. Finally, the court ordered disclosure of the police photographs despite the fact that the petitioner was a news station which obviously intended to publish them in the media, something which is not contemplated, or even possible, under the limited procedure proposed  by plaintiffs  in this case.

Likewise, in *Rivers v. Portland*, 1989 U.S. Dist. LEXIS 14657, another case with alleged gang connections, the court ordered production of the photographs  subject to the requirement that  potential witnesses come to City Hall or to some other official or unofficial place agreed upon by the parties to view photographs of police officers. Again, it is submitted, the suggestions of threats to officer security were considerably more concrete in that case, than here. Notwithstanding this,  the court ordered production of  the photographs, under procedures

6

identical to those suggested by plaintiffs in this case.  See also: *ACLU v. Whitman*, 159 P.3d 707, where the granted  access to photographs of police officers.

In fact, plaintiffs' counsel has been unable to find a single case where the court has denied a discovery request for photographs of police officers in a case alleging  police misconduct, where the precise identity of the officers involved, was at issue.  And by further limiting the request to Mikeesha Bassett, Shaneka Harrison and Lakeisha Parker,  none of whom are even alleged to have voiced any threats directed to the officers, the plaintiffs have made their requests even more reasonable.

In conclusion, the court should reconsider its earlier Minute Order, denying plaintiffs' motion and order the District of Columbia to produce the requested photographs for review by Mikeesha Bassett, Shaneka Harrison and Lakeisha Parker. To deny them an opportunity to view the photographs and then to permit the defendants' to present an argument for summary judgment based on their inability to identify which specific officer detained and handcuffed which specific plaintiff, denies them a  fundamental right to make their case. In plaintiffs' respectful submission, the court should reconsider its earlier ruling.

Respectfully submitted,

_____

Geoffrey D. Allen, Esq.
D.C. Bar No. 288142
1730 Rhode Island Avenue, N.W.
Suite 206
Washington, D.C.  20036
(202) 778-1167

<u>Certificate of Service</u>

    I certify that a copy of this Response to defendants' Opposition and exhibits thereto have been electronically served this 22nd day of August  2007 on:


Urenthea McQuinn
Asst Attorney General – DC
441 4th St. N.W.
Washington DC
20001
Urenthea.McQuinn@dc.gov



_____
Geoffrey D. Allen

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **LOUISE THORNE,** *et al.* | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | **Civil Action No. 06-1204** |
| **THE DISTRICT OF COLUMBIA** | : | **Judge Gladys Kessler** |
| | : | |
| **Et Al.** | : | |
| | : | |
| **Defendants.** | : | |

### ORDER

This matter comes before the court on Shaneka Harrison's, Mikesha Bassett and Lakesha Parker's motions to reconsider the July 3, 2003 denial of their motion to compel the District of Columbia to produce photographs of Officers Robison, McGrew, McAllister and Teel.

Upon consideration of the motions and defendants' oppositions thereto, the court does, this _____ day of _____, 2007, hereby,

ORDERS, that the motion be and hereby is GRANTED. And it further,

ORDERED, that the District of Columbia shall produce photographs of these officers for review by Plaintiffs, Shaneka Harrison, Mikesha Bassett and Lakesha Parker at the Offices of the Attorney General for the District of Columbia. And it further,

ORDERED, that the names of the officer's identified, if any, be provided to plaintiff's counsel. And it further,

ORDERED, that this be completed by _____, 2007

_____
Judge Kessler
United States District Court
For the District of Columbia

9