## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LOUISE THORNE, *et al.*,
                **Plaintiffs,**

            **v.**                              **Civil Action No. 06-01204 GK**

DISTRICT OF COLUMBIA, *et al.*,
                **Defendants.**

### JOINT PRETRIAL STATEMENT
### Certification of Fed. R. Civ. P. 16(c) Meeting:

Counsel for the parties hereby certify that a pretrial meeting was held by telephone and electronic mail on November 27 and 30, 2007. The Pretrial Statement was finalized through telephone conferences and e-mail transmissions.

1.      **Parties and Counsel:**

    For the Plaintiffs:               GEOFFREY D. ALLEN, ESQUIRE
                                      1730 Rhode Island Ave. N.W.
                                      Washington, DC 20009
                                      Telephone (202) 797-8200
                                      E-Mail: Geoffreyallen@verizon.net

    For the Defendants:             LINDA SINGER
                                        Attorney General for the District of Columbia

                                        GEORGE C. VALENTINE
                                        Deputy Attorney General
                                        Civil Litigation Division

                                        NICOLE L. LYNCH
                                        Chief, General Litigation, Section II

                                        URENTHEA McQUINN [D.C. Bar #182253]
                                        Assistant Attorney General
                                        441 4th Street, N.W.

Sixth Floor South
Washington, D.C. 20001
(202) 724-6646
(202) 727-0431 (Fax)
urenthea.mcquinn@dc.gov

**2.    Nature of the Case:**

    <u>Plaintiffs</u>

Plaintiffs allege that On January 15, 2006, Mikelle Bassett, Mikesha Bassett, Shaneka Harrison, LaKeisha Parker were in a vehicle which was stopped at, Valley Avenue S.E/ close to the intersection of Atlantic Street in Southeast Washington, DC, by Metropolitan police officers. Plaintiffs allege that they were stopped, assaulted, and detained without proper or reasonable justification. They also allege that they were subjected to humiliating and degrading treatment by the police which caused them emotional distress. Plaintiffs also allege that their civil rights were violated by these actions.

Defendants Orlando Teel, Neil McAlister, George T. Robinson and Baxter McGrew are alleged to be the officers who conducted the stop of plaintiffs' vehicle. Defendant, District of Columbia is alleged to be the employer of the individual officers on the date of the incident.

    <u>Defendants</u>

Plaintiffs allege that on January 15, 2006, MPD officers used unnecessary force in stopping plaintiffs' vehicle, which Mikesha Bassett had been driving.

The District of Columbia and the MPD officers allege that the traffic stop was proper as plaintiffs had run a red light and a stop sign, that plaintiffs would not stop once the police used their lights and sirens, and that Mikesha Bassett was driving with a learner's permit without a

fully licensed driver in the car. Defendants also allege that the officers acted in a reasonable, necessary and prudent manner at all times.

**3.    Claims and/or Defenses:**

**Plaintiff's Claims:**

1. On January 15, 2006, Mikelle Bassett, Mikesha Bassett, Shaneka Harrison, LaKeisha Parker were in a vehicle which was stopped at, Valley Avenue S.E. close to the intersection of Atlantic Street in Southeast Washington, DC, by Metropolitan police officers

2. One officer pulled out his gun and approached the driver's side door and opened the door. He grabbed Mikelle. Bassett by her neck pulling out of the vehicle and forcing her to the ground face down. He then handcuffed her. Another officer pulled LaKeisha Parker out of the vehicle, at gunpoint, by her shirt, threw her to the ground, put his knee into her back and handcuffed her. Ms. Parker felt an oncoming asthma attack, and asked to be allowed to sit up to ease her breathing, the officer refused. Ms. Shaneka Harrison was also thrown to the ground by another officer who also put his knee forcefully into her back and handcuffed her. Mikeesha Bassett was thrown against a car, handcuffed, and then put into a "paddy" wagon. Mr. Terrance Light was likewise forcefully removed from the vehicle and handcuffed.

3. All of the plaintiffs were detained for a prolonged period of time.

4. Mikeesha Bassett, Lakeisha Parker, and Shaneka Harrison were not charged with any infractions of the law. Mikelle Bassett was given a ticket for a violation of her learner's permit.

5. That the aforesaid events occurred without reasonable investigation or probable cause, and constituted a failure to take reasonable care.

5.   The police officers engaged in a pursuit of plaintiffs' vehicle which was in violation of police regulations and violated the applicable standard of care.

6.   There was no proper basis to pursue plaintiffs' vehicle. All of the occupants were wearing seat belts, the vehicle did not speed and obeyed all traffic signs and signals.

7.   At all times relevant to this case, the aforementioned officers were acting within the scope of their duties as a Metropolitan Police Officers.

8.. At the time of the stop and detention, Plaintiffs were not violating any laws, were not attempting to interfere with the officers' execution of their duties, and were not engaged in any conduct that constituted a danger to themselves or others.

9.  The actions of the police officers, which were entirely unjustified by anything done by plaintiffs, and constituted assaults and batteries.

10.    The officers made insulting, humiliating and demeaning comments at the expense of the plaintiffs and of Mr. Light about a condom found in his possession. An officer indicated that marijuana had been found in the vehicle, which was untrue, and indicated they were going to charge somebody with its possession. An officer also threw and broke Mikelle Basset's cellphone when she tried to call her mother.

11.    Such actions constituted extreme and outrageous conduct on the part of the defendant officers.

12.    Officers Orlando Teel, Neil McAllister, George T. Robinson and Baxter McGrew knowingly and intentionally falsely arrested and detained plaintiffs, as described above.

13.    Such conduct was deliberate, grossly fraudulent and motivated by evil motive, actual malice and intent to injure and humiliate the plaintiffs.

14. During the incident, Orlando Teel, Neil McAllister, George T. Robinson and Baxter McGrew were acting under color of law as metropolitan police officers.

15. The actions described above, deprived Plaintiffs of the following rights under the United States Constitution:

a.    Freedom from the use of excessive and unreasonable force in the course of a detention and seizure;

b.    Freedom from arrest without probable cause;

16.    Orlando Teel, Neil McAllister, George T. Robison and Baxter McGrew actions were unreasonable and unnecessary .

17.    The District of Columbia, a matter of custom and policy permitted its police officers to engage in the widespread and persistent practice of unlawfully detaining criminal suspects and subjecting them to excessive and unnecessary force and humiliation . In so acting, the District of Columbia acted under color of state law and violated the plaintiffs constitutional rights as described above.

18.    The police officers on the scene were required to produce a police report but intentionally disregarded longstanding police department policy and failed to generate a report.

19.    Plaintiffs suffered physical injuries as a proximate result of the actions of the police officers.

20.    Plaintiffs all suffered serious emotional distress as a proximate result of the actions of the police officers.

21.    Throughout the entire incident the officers materially assisted each other and acted with a common scheme and plan.

22. The officers actions were intentional and intended to cause the defendants severe emotional distresss.

**Defendant's Defenses:**

1. Defendants have a pending Motion to Dismiss and/or Motion for Summary Judgment, which sets forth the following arguments:

      A. As a Matter of Law, Plaintiffs' Non-Constitutional    Claims Are Barred by the Mandatory Notice Provisions of D.C. Official Code §1 2-309.
      B. As a Matter of Law, Plaintiffs Have Not Proved Their Claim of Negligence.
      C. Officers McAllister, McGrew, Robison and Teel    Are Entitled to Qualified Immunity.
      D. Plaintiffs Fail, As a Matter of Law, to Substantiate a § 1983 Claim Herein against the District of Columbia, and Count Seven Fails.

.   2. Defendants deny all allegations of wrongdoing, including but not limited to violations of common law.

3.  All actions performed by defendants, acting within the scope of their employment, met or exceeded the applicable standard of care.

4.  If the plaintiffs have been damaged as they allege, such damages were the result of the plaintiffs' sole, concurrent or contributory negligence and assumption of the risk, and/or other acts or omissions of plaintiffs themselves and or person(s) other than the defendants, and/or person(s) not a party to this lawsuit.

5.  If Plaintiffs were injured and/or damaged as alleged, such injuries were the result of his own intentional, illegal and/or otherwise wrongful conduct.

6.  If Plaintiffs were injured and/or damaged as alleged, such injuries and damages were the result of his own sole or contributory negligence.

7.  If Plaintiffs were injured or otherwise damaged as alleged, such injuries and/or damages were the result of the Plaintiffs' sole, joint, or concurring negligence with a person or

persons other than Defendants, their agents, employees or servants acting within the scope of

employment

      8.     Plaintiffs failed to mitigate their damages.

      9.     Plaintiffs have failed to state a claim for negligence under *District of Columbia*

*v. Chinn,* 839 A.2d 701 (D.C. 2003).


**4.     Undisputed Issues/Stipulations: (proposed)**

**By Plaintiff:**

   1. Defendants stipulate to the authenticity of plaintiff's exhibits

   2. Defendants stipulate that plaintiff's exhibits, which were supplied by the District of

Columbia were prepared in the normal course of business.

   3. Defendants stipulate that the medical records offered by plaintiff were prepared in the

normal course of business.

**Defendants do not stipulate to plaintiffs' above requests.**


**By Defendants:**

   1. All issues as to liability and damages are in dispute.

   2. Defendants request that plaintiffs stipulate to the authenticity of all defendants'

documents and photographs.

**Plaintiffs do not stipulate to the above request**

**5. Witness Schedule**

**By Plaintiff:**

  1.    Louise Thorne,
       742 Brandywine St. S.E. # 203,

Washington D.C., 20032.
(202) 373-0754.

Ms. Thorne is the mother of Mikelle and Mikeesha Bassett. She will testify that the vehicle

which was stopped on January 15, 2005 belonged to her and that Mikelle Bassett had her permission

to use it. She will describe the condition of the plaintiffs after they were released by the police. She

will testify as to the mental status of Mikelle and Mikeesha Bassett after the incident.

Estimated time of testimony: 1 hour.

2.      Mikelle Bassett,
        742 Brandywine St. S.E. # 203,
        Washington D.C., 20032.
        (202) 373-0754

Mikelle Bassett was the driver of the vehicle. She will testify about her route and how she

had been driving prior to being stopped by the police. She will describe what happened during the

stop. She will describe her physical condition after the stop. She will describe her emotional state

after the incident, and the treatment that she was given to her .

Estimated time of testimony: 1 to 2 hours.

3.      Mikeesha Bassett,
        742 Brandywine St. S.E. # 203,
        Washington D.C., 20032.
        (202) 373-0754

Mikeesha Bassett was a passenger in the vehicle at the time it was stopped. She will describe

the manner in which the vehicle was being operated, prior to it being stopped. She will describe what

happened during the stop. She will describe her physical condition after the stop. She will describe

her emotional state after the incident, and the treatment that she was given to her. . Estimated time of

testimony: 1 to 2 hours.

4.          Lakeisha Parker
            1251 Howison Place, S.W.,
            Washington, D.C., 20024.
            (202) 506-4297

Lakiesha Parker was a passenger in the vehicle at the time it was stopped. She will describe the manner in which the vehicle was being operated, prior to it being stopped. She will describe what happened during the stop. She will describe her physical condition after the stop. She will describe her emotional state after the incident, and the treatment that she was given to her.

Estimated time of testimony: 1 to 2 hours.

5.          Shaneka Harrison
            137 V Street, Northwest,
            Washington, D.C.
            (202) 487-1348

Shaneka Harrison was a passenger in the vehicle at the time it was stopped. She will describe the manner in which the vehicle was being operated, prior to it being stopped. She will describe what happened during the stop. She will describe her physical condition after the stop. She will describe her emotional state after the incident, and the treatment that she was given to her.

Estimated time of testimony: 1 to 2 hours.

6.          Keeon Bassett
            1900 Savannah Terrace
            Apt D
            Washington DC 20020

Keeon Basset will testify as to what she observed and what she was told by the police after she responded to the scene where the plaintiffs' vehicle had been stopped. She will testify as to the condition of the plaintiffs after they were released to her custody. She will also testify as to the physical and mental status of Mikelle and Mikeesha Bassett after the incident.

Estimated time of testimony: 1 hour

7.    Kathy Crews
      137 V Street, Northwest,
      Washington, D.C.
      (202) 487-1348

Ms. Crews is the mother of Shaneka Harrison and will testify as to her mental and physical condition after the incident.

Estimated Time of Testimony: 30 minutes

6.    Samala Parker-Smith 1251
      Howison Place, S.W.
      Washington, D.C. 20024

Ms. Parker-Smith is the mother of Lakeisha Parker and will testify as to her mental and physical condition after the incident.

Estimated Time of Testimony: 30 minutes

7.    Custodian of Records

      Childrens National Medical Center
      1901 Mississippi Ave SE

      Washington, DC 20020-6117
      (202) 884-3033

Authenticity and Business records nature of medical records.

Estimated Time of Testimony : 15 minutes

8.    Dr. Corlis Randolph *
      823 12th St. N.E.
      Washington D.C. 20002

Dr. Randoph is a licensed clinical social worker who saw and treated Mikeesha Bassett, Mikelle Bassett and Lakeisha Parker, after the incident for post traumatic stress disorder. She will testify as to her observations, diagnosis and treatment.

Estimated Time of Testimony: 2 hours

**Defendants object to this witness and intend to file a Motion *in Limine* in this regard.**

9.    Robert W. Klotz *
      3210 Havenwood Court,
      Edgewater,
      Maryland 21037
      (410)798-6868.

Mr. Klotz is plaintiffs' police expert. He will testify that the police failed to follow the correct procedures for an automobile pursuit and stop. He will testify that the police had no justification in pursuing plaintiffs' vehicle for, at worst, a

a minor traffic violation. He will testify that the police had no proper basis for handcuffing and detaining the plaintiffs after the vehicle was stopped and did not have a reasonable basis for the use of force. He will testify that the police offer no satisfactory explanation of what in the conduct of the five people caused them any concern for their own safety, or why they believed it was appropriate to handcuff the plaintiffs. He will state that the police failed to generate a police report as required by the District's regulations. He will testify that the police violated

accepted standards with respect to the treatment of persons after they are detained. He will testify that the police conduct in this case, with respect to the issues outlined above, violated national standards of care and local police regulations.

**Defendants object to this witness and intend to file a Motion *in Limine* in this regard.**

Estimated Time of Testimony: 2 hours.

10. Inspector Dierdre Porter
    Metropolitan Police Dept
    300 Indiana Ave. N.W.
    Washington D.C. 20001

Inspector Porter will testify about the number of cases where discipline was imposed on Metropolitan police officers for the use of excessive force for the period 2001 through January 15, 2006. She will aslo testify as to the number and value of settlements or judgments paid by the District for such actions by police officers, in the five-year period prior to January 15, 2006.

**Defendants object to this proposed testimony.**

Estimated Time of Testimony: 30 minutes.

11.   Bonita Alston
      Metropolitan Police Dept
      300 Indiana Ave. N.W.
      Washington D.C. 20001

Ms. Alston will testify about, the policies and procedures of the Metropolitan police department with respect to producing written reports once a case number such as R2006006893 is assigned to a case, that were in effect on January 15, 2006. She is expected to testify that once an officer arrives on the scene and determines there's a need for a report, he/she requests report numbers from a dispatcher. Once this is done, a police incident report is supposed to be

generated.. She will testify that this has been police department policy for at least twenty five years and is part of every officer's training.

**Defendants object to this proposed testimony.**

Estimated Time of Testimony: 30 minutes

12.    Lt. Marvin Lyons

300 Indiana Ave. N.W. Washington D.C. 2001

Lt. Lyons is a Metropolitan Police Officer who was designated as a Rule 30(b)6 witness to speak on its behalf on June 5, 2007. He will testify that the District of Columbia Police Department's General Order pertaining to vehicular pursuits, in effect on January 15, 2006, prohibited vehicular pursuits for the purpose of affecting a stop for a traffic violation. He will also testify as to the number of complaints of excessive force made against police officers 2002 through 2005 and the resolution of those complaints.

**Defendants object to this proposed testimony.**

Estimated Time of Testimony: 30 minutes.

13.    Baxter McGrew:
Seventh District Station 2455
Alabama Ave., SE Washington,
DC 20020 Metropolitan Police
Department
Washington, DC
Officer McGrew may testify as to his actions and the actions of the other officers during the incident.
Estimated Time of Testimony: 1 hour

14.    Orlando Teel Metropolitan Police
Department

13

Seventh District Station
2455 Alabama Ave., SE
Washington, DC 20020
Metropolitan Police Department
Washington, DC

Officer Teel may testify as to his actions and the actions of the other officers during the incident.

Estimated Time of Testimony: 1 hour

15.    Neil R. McAllister
       Seventh District Station
       2455 Alabama Ave., SE
       Washington, DC 20020
       Metropolitan Police Department
       Washington, DC

Officer McAllister may testify as to his actions and the actions of the other officers during the incident.

Estimated Time of Testimony: 1 hour

16.    George T. Robison
       Seventh District Station
       2455 Alabama Ave., SE
       Washington, DC 20020
       Metropolitan Police Department
       Washington, DC

Officer Robison may testify as to his actions and the actions of the other officers during the incident.

Estimated Time of Testimony: 1 hour

17.    Dr. Rhonique Shields-Harris, M.D.
       Children's National Medical Center

       111 Michigan Avenue, N.W. (her business address)

       1901 Mississippi Avenue, S.E. (where she practices)

       Washington, D.C.

Dr. Shields-Harris will testify as to her treatment of plaintiffs Mikelle and Mikeesha Bassett.

**Defendants object to this witness and intend to file a Motion *in Limine* in this regard.**

Estimate Time of testimony: 1 hour


Plaintiff reserves the right to call any witness named by defendant.


**Defendants:**

(1) Louise  Thorne,  plaintiff
742  Brandywine  Street,  S.E.
Unit 203
Washington, D.C. 20032
Mother of Mikeesha and Mikelle Bassett
Ms. Thorne will testify as to what she knows of the incident of 1/15/06.
Estimated time of testimony: 1 hour


(2) Mikelle Bassett, minor plaintiff
742 Brandywine Street, S.E.
Unit 203
Washington, D.C. 20032
Mikelle Bassett will testify as to the incident of 1-15-06, her medical, school and social history, and what she told to the doctors.
Estimated time of testimony: 1 hour


(3) Mikesha Bassett, minor plaintiff
742 Brandywine Street, S.E.
Unit 203
Washington, D.C. 20032
Mikesha Bassett will testify as to the incident of 1-15-06, her medical, school and social history, and what she told to the doctors.
Estimated time of testimony: 1 hour


(4) Kathy Crews, plaintiff
137 N Street, N.W.
Washington, D.C. 20001
Mother of Shaneka Harrison
Ms. Crews will testify as to what she knows of the incident of 1/15/06.
Estimated time of testimony: 30 minutes

(5)  Shaneka Harrison, minor plaintiff
137 N Street, N.W.
Washington, D.C. 20001
Shaneka Harrison will testify as to the incident of 1-15-06, her medical, school and social history, and what she told to the doctors.
Estimated time of testimony: 30 minutes

(6)  Samala Parker-Smith, plaintiff
1251 Howison Place, S.W.
Washington, D.C. 20024
Mother of Lakesha Parker
Estimated time of testimony: 30 minutes

(7)  Lakesha Parker, minor plaintiff
1251 Howison Place, S.W.
Washington, D.C. 20024
Shaneka Harrison will testify as to the incident of 1-15-06, her medical, school and social history, and what she told to the doctors.
Estimated time of testimony: 1 hour

(8)  Keeon Bassett
1900 Savannah Terrace, S.E.
Washington, D.C. 20020
Keeon Bassett will testify that she went to the scene to get the minor plaintiffs on 1-15-06.
Estimated time of testimony: 30 minutes

(9)  Officer Baxter McGrew, 7D
D.C. Metropolitan Police Department
2455 Alabama Avenue, S.E.
Washington, D.C. 20020
Officer McGrew will testify as to the incident of 1-15-06.
Estimated time of testimony: 1 hour

(10) Officer  Neil  R.  McAllister,  7D
D.C.  Metropolitan  Police  Department
2455 Alabama Avenue, S.E.
Washington, D.C. 20020

Officer McAllister will testify as to the incident of 1-15-06.
Estimated time of testimony: 1 hour

(11)    Officer Orlando Teel, 7D
D.C. Metropolitan Police Department
2455 Alabama Avenue, S.E.
Washington, D.C. 20020
Officer Teel will testify as to the incident of 1-15-06.
Estimated time of testimony: 1 hour

(12)    Officer George T. Robinson, 7D
D.C. Metropolitan Police Department
2455 Alabama Avenue, S.E.
Washington, D.C. 20020
Officer Robison will testify as to the incident of 1-15-06.
Estimated time of testimony: 1 hour

(13)    All witnesses listed by plaintiffs

(14)    All treating physicians of plaintiffs

(15)    Necessary Records Custodians

(16)    Any witnesses necessary for impeachment purposes

## 6. Exhibits

**By Plaintiff:**

Exhibit 1

Traffic citation issued by Officer McGrew to Mikelle Bassett on January 15, 2006 for violating restrictions of her learner's permit.

17

Exhibit 2

Radio Run tape of incident on January 15, 2006 .


Exhibit 3

Event Chronology for Event Number 120060026847 on January 15, 2006


Exhibit 4

Medical Records from Children's Hospital for Mikelle Bassett dated January 16, 2006.


Exhibit 5

Dr. Corlis Randolph's records of her treatment of Mikeesha Bassett from February 7, 2006

through April 30, 2007.


Exhibit 6

Medical Records for Shaneka Harrison from Children's Hospital dated January 16, 2006.


Exhibit 7

Dr. Corlis Randolph's notes of treatment of Lakeisha Parker from February 27, 2006 through

March 30, 2006


Exhibit 8.

Photos of Mikelle Bassett taken on January 16, 2006

Exhibit 9

D.C. Municipal Regulations Title 6A.


Exhibit 10

Standards For Law Enforcement Agencies, Fourth Edition


Exhibit 11

General Order – Metropolitan Police of the District of Columbia- Use of Force Investigations GO-

RAR-901 .08


Exhibit 12

Special Order- Metropolitan Police of the District of Columbia- Instructions for completing the

Use of Force Incident Report.


Exhbit 13

General Order- Metropolitan Police of the District of Columbia- Use of Force,GO-RAR-901.07


Exhibit 14

Metropolitan Police Training Bulletin re Handcuffs.

Exhibit 15.

Police conduct complaint data 2002 through 2005.

Exhibit 16

General Order – Metropolitan Police – District of Columbia re Vehicular Pursuits.

GO-OPS-301 .03

Plaintiff reserves the right to use any exhibit designated by defendant.

Defendants reserve the right to object to these trial exhibits once they are provided.

**By Defendant: <u>Defendants'</u>**

**<u>Exhibit List</u> :**

| EXHIBIT NUMBER | DESCRIPTION OF EXHIBIT | Objection/Ground | Date admitted Witness |
|---|---|---|---|
| 1 | Audiotape of radio run 6-23-06 | Objection. Not disclosed in discovery | |
| 2 | Children's Hosp Records - Mikeesha Bassett 5-8-07 Children's Hosp Records - Mikelle Bassett 5-8-07 | | |
| 3 | Event Chronology - Thorne 1-15-06 | | |
| 4 | | | |
| 5 | Traffic Citation 1-15-06 | | |
| 6 | Ps' Amended Notice Letter 3-15-06 | Objection. Relevance. | |
| 7 | 12-309 - Thorne 1-19-06 | Objection Relevance. | |
| 8 | Medical Rec - Mikelle & Mikeesha- Dr Randolph & Letter 5-7-07 | | |
| 9 | Medical Rec - Mikelle - Dr Harris 5-4-07 | | |
| 10 | Ofcr Baxter McGrew Depo Exhibits 3-14-07 | | |

| | | |
|---|---|---|
| 11 | All deposition exhibits & photographs | Objection to blanket designations. |
| 12 | DCMR 207.1 – Use of Force (amount of force allowed) | |
| 13 | MPD Order 301.3, Part I D a, b, c, d -Vehicular Pursuits | |

Defendants reserve the right to use any documents produced in discovery for impeachment purposes.

Plaintiff Lakesha Parker's criminal records.          **Plaintiffs' Objection.          Not disclosed during discovery.**

Plaintiff Shaneka Harrison's criminal records.          **Plaintiffs' Objection. Not disclosed during discovery. In addition, this is a juvenile adjudication.**

Defendants reserve the right to object to exhibits on other grounds once they are offered at trial. **Plaintiffs' Objection**

**7. Deposition Testimony**

**By Plaintiffs:**

Deposition of Lt. John Hedgecock Page 4 line10 through Page 7 line 16.

**By Defendants:**

**Deposition Minuscript Dr. Rhonique Shields-Harris 5-10-07**

5:2-6
6:4-10
6:19-21 –7:1-9 7:2-9
8: 10-20
9:4-21 – 10:1-3 10:6-21 – 11:1-9
13: 12-14
17: 8-15
39:2 – 42:18 43:5 – 44:8 46:14 – 47:15 50:3 – 51:16
57:5 – 58:21
59:5 – 62:3; 64:6-18; 66:5-21
68:1-5 – 70:20 76:12 – 78:13 80: 12-14
82:13 – 84:4
90:2 – 91:7 11:16 – 101:5 104: 5-2 1

**Deposition Minuscript Keeon Bassett 6-4-07**

13:9 – 22:5
24:11 – 26:16
28: 1-18
29:3  –  31:7
31:8  –  33:1
33:2-9
36:4  –  38:17
39:11  –  40:3
42:11-20

**Deposition Minuscript Corlis Randolph 6-4-07**

6:2 – 12:1-7
23:1-21– 25:1-12
35:7-21 – 41:1-19
41 :20-21 – 49:1-2
52:5-21 – 62:1-4
62:5-21 – 66:1-19
66:20-21 – 67:1-14
67:17-21 – 81:1-9
82:9-21; 87:1-19; 88:19-21 – 95:1-11

Both sides reserve the right to use deposition testimony for purposes of impeachment.

**8. Relief Sought**

**By Plaintiffs:**

Each plaintiff claims damages for pain and suffering. Plaintiffs' will claim attorney's fees for work done on the civil rights counts if plaintiffs prevail. Plaintiffs will also see costs. **By Defendants:**

Defendants seek the dismissal of plaintiffs' case. See Defendants' Motion to Dismiss and/or Motion for Summary Judgment (9-5-07).

**9. Pending Motions**

Plaintiffs' Motion for Reconsideration Of July 3, 2007, Minute Order denying Plaintiffs' Motion to Compel the Inspection of Photographs. Filed on 8/22/2007.

Defendants' Motions To Dismiss and/or Motion for Summary Judgment filed on 9/5/07.

**10.     Demonstrative Evidence, Physical Evidence, Videotapes.**

**By Plaintiff:**

Plaintiff offers no such evidence other than that previously identified.

**By Defendant:**

For Defendant: Audiotape of the radio run, diagrams of the scene and the area and photographs.

**11 a. Requested Voir Dire Questions**

**By Plaintiffs:**

Plaintiff proposes the following *voir dire* questions in addition to those questions normally asked by the court:

1.     Does anyone know the plaintiffs or the defendants?

2.     Does anyone know Geoffrey Allen, who represents the plaintiff or Urenthea McQuinn who represents the defendants?

3.     Does anyone here work for or have a close friend or relative who works for the District of Columbia ?

4. This case concerns allegations of police misconduct during the stop of a vehicle containing plaintiffs. Is there anything about the nature of these allegations which would make it difficult for you decide this case?

6. Has anyone here been employed by any law enforcement agencies?          7.          7. Have any of your close friends or relatives had such employment?

8.     Has anyone been employed by any court system such as the superior court or federal court? Has any close friend or relative had such employment?

9.     Have any of you or a close friend or relative ever been a victim of, a witness to, or accused of a crime?

10.   Has anyone here had any involvement with the courts, or the police that would make it hard for you to sit as a juror on this case and render a fair verdict?

11.   Does anyone know any of the following persons who might testify in this case?

 [Read witness list]

12.   Has any member of the jury panel, or any member of your immediate family, been a plaintiff or a defendant in a lawsuit that concerned allegations of police misconduct?

13.   Has any member of the jury panel, or any member of your immediate family, ever been a plaintiff or a defendant in any other type of civil lawsuit?

14.   Has anyone here or anyone close to you worked in investigating or adjusting claims?

15.   Has any member of the jury panel ever appeared as a witness in a lawsuit? Did that experience influence or affect in any way your ability to render a fair, unbiased and impartial verdict in this case?

16.   Has any member of the jury panel had prior jury service? Did that experience influence you for or against plaintiffs or defendants so as to affect in any way your ability to render a fair, unbiased and impartial verdict in this case?

17.   Does anyone have any strong feelings about the number of lawsuits or the size of verdicts in the courts these days?

18.   Has any member of the panel read articles on or seen advertisements in magazines or newspapers, or reviewed literature in physicians' offices, or seen television or news reports regarding the subject sometimes referred to as "tort reform?" [If so, these matters should be taken up at the bench.]

19.   Do you know of any reason why you could not or should not sit as a juror in this case?

**By Defendants:**

**1.**   Does any member of the prospective jury panel know the parties to this case? **Agreed to by Plaintiff**

**2.**   Does any member of the prospective jury panel know the attorneys in this case; Geoffrey Allen for the plaintiffs; Urenthea McQuinn for the defendants? **Agreed to by Plaintiff**

**3.**   Is there any member of the prospective jury panel who believes they know or have heard anything about this case? **Agreed to by Plaintiff**

**4.**   Does any member of the prospective panel know any of the following persons, who may be called to testify as witnesses in this case? (Name all witnesses) **Agreed to by Plaintiff**

**5.** Have you or a member of your immediate family received any medical training beyond first aid? **Agreed to by Plaintiff**

**6.** Have you or a member of your immediate family received any psychiatric training? **Agreed to by Plaintiff**

**7.** Are any of you lawyers or law students? Have any of you ever studied law in the past? Do any of you have relatives, neighbors or family friend who either are lawyers or who are presently studying law? **Agreed to by Plaintiff**

**8.** Is there any member of the prospective jury panel, or a member of your immediate family, who has ever been part of a lawsuit? **Agreed to by Plaintiff**

**9.** Is there any member of the prospective jury panel, or a member of your immediate family, who has ever filed a claim or lawsuit or have had a claim or lawsuit filed against them seeking monetary damages? **Agreed to by Plaintiff**

10. Have any of you been a witness in any lawsuit or trial?

    a. What did you witness?

    **b.** Is there anything about the experience that would make it difficult for you to be fair and impartial in this case? **Agreed to by Plaintiff**

11. Is there any member of the prospective jury panel, or a member of your immediate family, who has ever had involvement with the Civil Justice system, either by being personally involved or having a family member involved?

**12.** Is there any member of the prospective panel who would give greater or lesser weight to the testimony of a police officer merely because he or she was a police officer and not for any other reason? **Agreed to by Plaintiff**

13.     Is there any member of the prospective jury panel, or a member of your immediate family, who has ever been arrested?

14.     Have any of you ever served on a jury before today? Criminal or civil? If so, were you able to reach a verdict?

**15.**     Do any of you have home or family obligations which require you to be home at a certain time each day? **Agreed to by Plaintiff**

**16.**     Are there any of you on this panel who do not wish to sit on this case for any reason? **Agreed to by Plaintiff**

**11b. Standard Jury Instructions**

**Jointly Requested:**

The following jury instructions from the Standardized Civil Jury Instructions by the defendants and plaintiffs; however, these instructions will vary depending on the outcome of defendants' pending dispositive motion:

1-1 Function of the court
1-2 Function of the jury
1-3 Significance of Party Designations
1-4 Juror's duty to deliberate
1-5 Attitude and conduct of jurors
1-6 Instructions to be considered as a whole
1-7 Court's comments on evidence
1-8 Court's questions to witnesses
1-9 Jury not to take cue from judge
1-10 Rulings on Objections

1-11  Equality  of  litigants-  Corporations

1-12 Equality of litigants - Individuals 2-

1 Evidence in the case -

2-3 Inferences

2-4 Inadmissible and stricken evidence 2-

5 Statements of counsel

2-6 Jury's recollection of controls

2-7 Evidence admitted against one party only 2-

8 Burden of proof

2-9 Evidence produced by adversary

2-10 Direct and circumstantial evidence

3-1 Jury to determine credibility of witnesses 3-

2 Number of Witnesses

3-3 Expert Opinion

3-5 Depositions as evidence

4-3 Multiple Defendants

5-1 Elements of a Negligence Cause of Action

5-2 Negligence Defined

5-3 Relative Concept

5-6 No Comparative Negligence

5-12 Proximate cause defined

5-13 Concurring causes

12-1 Damages –Jury to Award

12-2 Extent of damages

12-3 Burden of Proof

12-4 Multiple Defendants –Size of Verdict 12-

5 Damage Verdict –Multiple Defendants 12-7

Duty to Mitigate Damages

13-1 Damages - Elements

13-9 Recovery for emotional distress

**By Plaintiffs:**

3-10 Charts and Summaries

4-1 Multiple Plaintiffs

5-9 Violation of Regulation/statute. Negligence per Se – **Defendants object.**

5-10 Violation of Regulation/statute-Evidence of Negligence – **Defendants object.**

13-8 Special Susceptibility

18-1 Arrest Defined

18-2 False Arrest Defined

18-3 Justification for an Arrest by Law Enforcement Officer

18-6 Damages for False Arrest

18-7 Liability for Continued Detention After Discovering That Suspicion for Initial Arrest Was

unfounded

19-1 Assault 19-3 Battery

**By Defendants:**

3.4 – Failure to produce stronger available evidence **Plaintiffs' Objection**

3-8 – Impeachment by prior inconsistent statements (if necessary) 3.9 –

Adopting Prior Inconsistent Statements

5-5 – Right to assume proper conduct by others **Plaintiffs' Objection**

5-14 – Intervening cause Plaintiff **Plaintiffs' Objection**

5-15 – Contributory negligence defined **Plaintiffs' Objection**

13-3 – Medical treatment – past and present

19-5 Assault/Battery – Excessive Force In Doing Lawful Act. **Plaintiffs' Objection** 18-5 - Use of

force in making an arrest – Resistance Prohibited. **Plaintiffs' Objection**

The parties reserve the right to request additional instructions raised by the evidence

presented at trial or promulgated by the Court of Appeals.

Defendants reserve the right to submit special jury instructions once their pending

summary judgment motion is ruled upon. **Plaintiffs objection.**

**11c. Non Standard Jury Instructions**

**By Plaintiff:**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

LOUISE THORNE, *et al*.          :
                                 :
                                 :          Plaintiffs,                    : :
        v.                       :
                                 :          Civil Action No. 06-1204
THE DISTRICT OF COLUMBIA :          Judge Gladys Kessler
                                 : Et Al.                                  :
                                 :
        Defendants.          :

**Civil Rights Claims – Color Of Law**

Section 1983 provides that "every person" who acts "under color of" state law to deprive another of constitutional rights shall be liable in a suit for damages. Two elements are required to create a § 1983 action. First, the conduct complained of must be committed by a person acting under color of state law. Second this conduct must deprive a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

In this case, the police officers were acting under color of law and you may take this requirement as satisfied. You must determine, based on your review of the evidence in this case whether the plaintiffs' Fourth Amendment rights were violated.

**Defendant objects to this non-standard jury instruction.**

*Tower v. Glover,* 467 U.S. 914, 919 (1983); *Parratt v. Taylor,* 451 U.S. 527 (1980) *overruled on other grounds Daniels v. Williams,* 474 U.S. 327 (1986).

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

LOUISE THORNE, *et al.*          :
                        :
                        **Plaintiffs,**          : :

      **v.**               :
                        :    **Civil Action No. 06-1204**

**THE DISTRICT OF COLUMBIA :**    **Judge Gladys Kessler**
                        **: Et Al.**                  :
                        :

          **Defendants.**        :

## Civil Rights – Liability of a Municipality

In order to find the District of Columbia liable on plaintiffs' civil rights claims you must find : a violation of plaintiffs' civil rights by the police officers involved in the incident and that such actions were part of a custom or policy of the District. In order to be a custom or policy, the duration and frequency of such actions in the past must be sufficient for you to infer actual or constructive knowledge by the District that the practices have been widespread and pervasive among its employees and that they have been accepted, either expressly or impliedly by the District.

**Defendant objects to this non-standard jury instruction.**

*Monell v. Dep't of Social Svcs.,* 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

LOUISE THORNE, *et al.*          :
                                 :
                    Plaintiffs,                         : :
    v.                           :
                                 :      Civil Action No. 06-1204
THE DISTRICT OF COLUMBIA :       Judge Gladys Kessler
                                 : Et Al.                        :
                                 :
            Defendants.          :


**Civil Rights - Arrest Without Probable Cause**

If plaintiffs were arrested without probable cause this can constitute a violation of the Fourth

Amendment of the United States Constitution. Probable cause is having a reasonable ground for

belief of guilt. An arrest occurs whenever a person is detained or restrained from exercising his or

her full liberty by one or more persons against his or her will. In this case, if you believe that the

police did not have probable cause to believe that any plaintiff in this case had committed a crime

and you believe that person was restrained from exercising her full liberty, then a violation of the

Fourth Amendment is made out and she should prevail on her civil rights claim against any officer

who participated in this action.


**Defendant objects to this non-standard jury instruction.**


*Carter v. Carlson,* 144 U.S. App. D.C. 388; *Pierson v. Ray,* 386 U.S. 547, 87 S. Ct. 1213, 18 L. Ed.
2d 288 (1967); *Monroe v. Pape,* 365 U.S. 167, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961); *Nesmith v.
Alford,* 318 F.2d 110 (5th Cir. 1963), cert. denied, 375 U.S. 975, 84 S. Ct. 489, 11 L. Ed. 2d 420
(1964); *Cohen v. Norris,* 300 F.2d 24 (9th Cir. 1962)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

LOUISE THORNE, *et al.*          :
                                 :
                                 :   Plaintiffs,                    : :
        v.                       :
                                 :   Civil Action No. 06-1204
THE DISTRICT OF COLUMBIA :           Judge Gladys Kessler
                                 :   Et Al.                         :
                                 :
        Defendants.              :

**Civil Rights - Use of Excessive Force**

A seizure triggering the Fourth Amendment's protections occurs when government actors, acting under color of law, have, by means of physical force or show of authority, in some way restrained the liberty of a citizen. An officer's unreasonable use of force during such a seizure, violates the Fourth Amendment Whether or not the use of physical force is reasonable depends on the circumstances. Some of the factors to be considered are: the severity of the crime at issue, whether the suspects pose an immediate threat to the safety of the officers or others, and whether they are actively resisting arrest or attempting to evade arrest by flight. The "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

**Defendant objects to this non-standard jury instruction.**

*Graham v. Connor,* 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443; *United States* v. *Place,* 462 U.S. 696, 703 (1983); *Tennessee* v. *Garner,* 471 U.S., at 8-9; *Scott v. Harris,* 127 S. Ct. 1769, 1777 (2007) ; 167 L. Ed. 2d 686; *Hundley v. District of Columbi*a, 494 F.3d 1097 (2007)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

LOUISE THORNE, *et al.*　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Plaintiffs,　　　　　　　　: :
　　　v.　　　　　　　　　　　:
　　　　　　　　　　　　　　　:　Civil Action No. 06-1204
THE DISTRICT OF COLUMBIA :　Judge Gladys Kessler
　　　　　　　　　　　　　　　: Et Al.　　　　　　　　　:
　　　　　　　　　　　　　　　:
　　　　　Defendants.　　　　:

**Bystander Liability**

There are two ways in which plaintiff may establish an unlawful arrest claim against a police officer. First, plaintiff can show that the officer was directly involved in the arrest, and therefore is liable for the constitutional violation. Alternatively, plaintiff can establish that the officer is liable under a theory of bystander liability. Under the bystander theory of liability an officer is held responsible for a constitutional violation if he: (1) knows that a fellow officer is violating an individual's constitutional right; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act.

**Defendant objects to this non-standard jury instruction.**

*Fernandors v. District of Columbia,* 382 F. Supp. 2d 63; *Randall v. Prince George's County, Md.,* 302 F.3d 188, 204 (4th Cir. 2002); *Masel v. Barrett,* 707 F. Supp. 4, 7-8 (D.D.C. 1989)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

LOUISE THORNE, *et al.*          :
                                 :
                                 :     Plaintiffs,                          : :
      v.                         :
                                 :     Civil Action No. 06-1204
THE DISTRICT OF COLUMBIA :          Judge Gladys Kessler
                                 : Et Al.                                    :
                                 :
           Defendants.           :


**Civil Conspiracy**

For harm resulting to a third person from the wrongful conduct of another, a defendant is subject to liability if he participates in a common design or plan for cooperation in a wrongful course of conduct to accomplish a wrongful end. A list of the separate elements of civil conspiracy includes: (1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; (4) which overt act was done pursuant to and in furtherance of the common scheme. Proof of a tacit, as opposed to explicit, understanding is sufficient to show agreement


**Defendant objects to this non-standard jury instruction.**


*Halberstam v. Welch,* 227 U.S. App. D.C. 167; *Pharo v. Smith,* 621 F.2d 656, 669 (5th Cir. 1980); *Payton v. Abbott Labs,* 512 F. Supp. 1031, 1035 (D. Mass. 1981).

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

LOUISE THORNE, *et al.*          :
                                 :
                                         Plaintiffs,                    : :
        v.                       :
                                 :       Civil Action No. 06-1204
THE DISTRICT OF COLUMBIA :               Judge Gladys Kessler
                                 : Et Al.                               :
                                 :
        Defendants.             :

**Aiding and Abetting**

Aiding-abetting includes the following elements: (1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or wrongful activity at the time that he provides the assistance; (3) the defendant must knowingly and substantially assist the principal violation. Advice or encouragement to act operates as a moral support to a wrongdoer and if the act encouraged is known to be wrongful, it has the same effect upon the liability of the adviser as participation or physical assistance.

**Defendant objects to this non-standard jury instruction.**

*Halberstam v. Welch,* 227 U.S. App. D.C. 167

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

LOUISE THORNE, *et al.*          :
                                 :
                      Plaintiffs,                          : :
      v.                         :
                                 :        Civil Action No. 06-1204
THE DISTRICT OF COLUMBIA :       Judge Gladys Kessler
                                 : Et Al.                              :
                                 :
           Defendants.           :


**Intentional Infliction of Emotional Distress**

To establish a case of intentional infliction of emotional distress, a plaintiff must show (1) extreme and outrageous conduct on the part of the defendant which (2) either intentionally or recklessly (3) causes the plaintiff severe emotional distress. The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. In general, a case of intentional infliction of emotional distress is made out only if the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him or her to exclaim "Outrageous!"


*Howard Univ. v. Best,* 484 A.2d 958, 985 (D.C. 1984) (quoting *Sere v. Group Hospitalization, Inc.,* 443 A.2d 33, 37 (D.C. 1982)); *Homan v. Goyal,* 711 A.2d 812, 818 (D.C. 1998) (quoting *Drejza v. Vaccaro,* 650 A.2d 1308, 1312 n.10 (D.C. 1994))

**By Defendants:**

### _Deprivation of Civil Rights under U.S.C. § 1983_

To establish a claim under § 1983, I instruct you that plaintiffs must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiffs of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendants' acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I instruct you that the first element is satisfied because Officers Neil McAllister, Baxter McGrew, George Robison and Orlando Teel were officials of the District of Columbia at the time of the acts in question.

As for the second element, the Fourth Amendment to the United States Constitution protects persons from being subjected to unreasonable force.

In this case, the plaintiffs claim that they were subjected to excessive force by the officers. To establish a claim under section 1983, the plaintiff must show that the officer acted intentionally or recklessly. If you find that the acts of the officers were merely negligent, then, even if you find that the plaintiffs were injured as a result of those acts, you must return a verdict for the defendants on the section 1983 claim.

An act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. An act is reckless if done in conscious disregard of its known probable consequences. In determining whether the defendant acted with the requisite knowledge or recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to decide on what was done, what the people involved said was in their minds and your belief or disbelief with respect to those facts.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer based on the information the officer had when the conduct occurred. The relevant inquiry is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. Any information that may have been learned after the event is not relevant, since the focus is on what is known to the officer at the time the force is used. Thus, for the plaintiffs to prevail on

the § 1983 claim, you must find that the plaintiff has shown by a preponderance of the evidence that the use of force against the plaintiffs was unreasonable force in the circumstances of this case. If the plaintiff has not shown by a preponderance of the evidence that the force used was unreasonable in light of the facts and circumstances known to the officer at the time, then you must return a verdict for the defendant.

The third element which the plaintiffs must prove is that the defendants' acts were a proximate cause of the injuries sustained by the plaintiff. Proximate cause means that there must be a sufficient causal connection between the act or omission of the defendants and any injury or damage sustained by the plaintiffs. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of a defendants' act or omission.

*Holland v. O'Bryant,* 958 F. Supp. 10 (D.C.D.C. 1997).


### *Fourth Amendment*

The plaintiffs claim that Officers McAllister, McGrew, Robison and Teel used excessive force against them, and that this force violated plaintiff's civil rights under the Fourth Amendment of the United States Constitution.

The Fourth Amendment guarantees citizens the right "to be secure in their persons… against unreasonable… seizures. All claims that law enforcement officers have used excessive force, in the course of an arrest, investigatory stop or other seizure of a free citizen are analyzed under the Fourth Amendment and its reasonableness standard. Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing interests at stake. The right to make an arrest or investigatory stop carries with it the right to use some degree of physical coercion to affect it. Because the test of reasonableness under the Fourth Amendment is not capable of precise definition, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he or she is actively resisting arrest or attempting to evade arrest by flight.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than from 20/20 vision of hindsight. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation.

The reasonableness inquiry in an excessive force case is an objective one. The relevant inquiry is whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation. Thus,

for plaintiff to prevail, you must find that plaintiff has shown by a preponderance of the evidence that the officer used clearly unreasonable force in the circumstances of this case. If the plaintiff has not convinced you that the officer used unreasonable force then you must return a verdict in favor of the defendants

*Graham v. Connor,* 490 U.S. 386 (1989).
*Tennessee v. Garner,* 471 U.S. 1 (1985).
*Wardlaw v. Picket,* 303 U.S.App.D.C. 130, 1 F.3d 1297 (1993).
*District of Columbia v. Evans,* 644 A.2d 1008 (D.C. 1994).

### Plaintiffs object to this instruction *Qualified Immunity*

You are further instructed that government officials performing discretionary functions such as police officers generally are shielded from liability for civil damages insofar as their conduct does not violate clearly-established statutory or constitutional rights of which a reasonable person, would have known. You should find for the plaintiff only if the use of force was so egregious that no reasonable police officer could have believed it was appropriate. However, if an officer of reasonable competence could disagree on the whether the use of force was appropriate, then you should find for the defendants.

**Plaintiffs' Objection. Not an issue to be decided by a jury.**

*Hunter v. Bryant,* 502 U.S. 224, 228 (1991).
*Anderson v. Creighton,* 483 U.S. 635, 640-41 (1987)(*Bivens* action).
*Malley v. Briggs,* 475 U.S. 335, 341 (1982).
*Harlow v. Fitzgerald,* 457 U.S. 800, 818 q982)(Bivens action).
*Degraf v. District of Columbia,* 120 F.3d 298 (D.C. Cir. 1997).
*Wardlaw v. Picket,* 1 F.3d 1297, 1303 (D.C. Cir. 1993).
*Harris v. District of Columbia,* 932 F.2d 10, 15-16.
*Saidi v. WMATA,* 928 F. Supp. 2 1,28 (D.D.C. 1996).
*Aleotti v. Baars,* 896 F. Supp. 1 (D.D.C. 1995).

### *Damages: No Double Recovery*

You may only compensate the plaintiffs for a violation of his constitutional rights if you have found his claim of a constitutional violation to have been proved by a preponderance of the evidence.

If you have found that the plaintiffs have proved only the common law claim based upon negligence, you may not compensate the plaintiff for violation of his constitutional rights.

Likewise, if you find that plaintiffs have proved only a violation of their constitutional rights, but have not proved negligence, you may compensate plaintiffs only for a violation of their federal constitutional rights and you many not compensate him on their common law claims.

However, if you find for the plaintiffs on both the constitutional and common law negligence claims, you are instructed that the harm, if any, plaintiffs have suffered for any of the alleged wrongs committed by the defendant is the same. That is to say, all of plaintiffs' damages are identical no matter what the legal basis of recovery might be.

In making your award of damages, if any, you should decide upon one award of damages which encompasses all wrongs. You may then be requested to apportion that amount between each individual civil rights violation or intentional tort or negligence allegedly committed by the defendants.

*Bender v. City of New York,* 78 F.3d 787, 793 (2d Cir. 1996).
*Lewis v. Kendrick,* 944 F.2d 949, 954 (1st Cir. 1991).
*Quezada v. County of Bernalillo,* 944 F.2d 710, 723 (10th Cir. 1991).
*Gilmere v. City of Atlanta,* 864 F.2d 734,740-41, (11th Cir.), *cert. denied,* 493 U.S. 817 (1989).
*Clappier v. Flynn,* 605 F.2d 519, 529 (10th Cir. 1979).
*Dellums v. Powell,* 566 F.2d 216, 225-228 (D.C. Cir. 1977).


### *Injury Not Evidence of Intentional Act, Negligence, or Constitutional Violation*

The Plaintiffs in this case claim that they were injured by the intentional or negligent acts of the defendants and that their constitutional rights were violated. You are advised that the fact that a plaintiff may have been injured in the course of their detention or police contact is not proof that an intentional or negligent harm, or constitutional violation occurred. You may only impose liability on the defendants if the plaintiff proves an intentional or negligent harm or constitutional violation in accord with the tests and standards as I will explain them to you in course of these jury instructions.


**Plaintiffs' objection.** Instruction is confusing and unnecessary.


### *No Damages for Abstract Right*

The plaintiffs are not entitled to damages based solely on the subjective importance of the constitutional right allegedly violated. In other words, violation of a constitutional right, in and

of itself, does not entitle plaintiff to an award of damages. Your award, if any, should be based on proof of actual injuries, not a demonstrated infringement of an abstract constitutional right.

*Memphis Community School District of Stachura,* 477 U.S. 299 (1986).
*Carey v. Piphus,* 435 U.S. 247 (1978).

**11d. Verdict Form**

**PLAINTIFF'S PROPOSED VERDICT FORM**

        **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**LOUISE THORNE,** *et al.*        **:**
                             **:**
                        **Plaintiffs,**            **: :**
    **v.**                    **:**
                        **:**    **Civil Action No. 06-1204**
**THE DISTRICT OF COLUMBIA :**    **Judge Gladys Kessler**
                        **: Et Al.**              **:**
                        **:**
         **Defendants.**        **:**

   1. As to Mikelle Bassett's claim that the defendants were negligent and that such negligence was a proximate cause of her injuries, we, the jury, find as follows:

      For Mikelle Bassett

      For Defendants


   If you find for Mikelle Basset on the above claim, then specify which of the following defendants you find against. You may find against one, some, or all of the defendants. Neil McAllister

      Baxter McGrew

      George Robison

      Orlando Teel

      District of Columbia        _____

Now, proceed to consider damages.

We, the jury, make the following award of damages:

_____

2.  As to Mikeesha Bassett's claim that the defendants were negligent and that such negligence was

a proximate cause of her injuries, we, the jury, find as follows:

      For Mikeesha Bassett

      For Defendants

If you find for Mikeesha Basset on the above claim, then specify which of the following

defendants you find against: You may find against one, some, or all of the defendants.

      Neil    McAllister

      Baxter    McGrew

      George    Robison

      Orlando Teel

      District of Columbia      _____

Now, proceed to consider damages.

We, the jury, make the following award of damages:

_____

3.  As to Lakeisha Parker's claim that the defendants were negligent and that such negligence was

a proximate cause of her injuries, we, the jury, find as follows:

48

For Lakeisha Parker

For Defendants


If you find for plaintiff on the above claim, then specify which of the following defendants you find against: You may find against one, some, or all of the defendants.

Neil      McAllister

Baxter    McGrew

George    Robison

Orlando Teel

District of Columbia                    _____


Now, proceed to consider damages.

We, the jury, make the following award of damages:

_____

4. As to Shaneka Harrison's claim that the defendants were negligent and that such negligence was a proximate cause of her injuries, we, the jury, find as follows:

For Shaneka Harrison

For Defendants

If you find for Shaneka Harrison on the above claim, then specify which of the following defendants you find against: You may find against one, some, or all of the defendants.

Neil     McAllister

Baxter     McGrew

George     Robison

Orlando Teel

District of Columbia                    _____

Now, proceed to consider damages.

We, the jury, make the following award of damages:

_____

5. As to Mikelle Bassett's claim that the defendants assaulted and battered her and this was a proximate cause of her injuries, we, the jury, find as follows:

For Mikelle Bassett

For Defendants

If you find for Mikelle Basset on the above claim, then specify which of the following defendants you find against: You may find against one, some, or all of the defendants.

Neil    McAllister

Baxter    McGrew

George    Robison

Orlando Teel

District of Columbia                    _____

Now, proceed to consider damages.

We, the jury, make the following award of damages:

_____

6. As to Mikeesha Bassett's claim that the defendants assaulted and battered her and this was a proximate cause of her injuries, we, the jury, find as follows:

For Mikeesha Bassett

For Defendants

If you find for Mikeesha Basset on the above claim, then specify which of the following defendants you find against: You may find against one, some, or all of the defendants.

Neil    McAllister

Baxter    McGrew

George Robison

51

Orlando Teel                    _____

District of Columbia            _____


Now, proceed to consider damages.

We, the jury, make the following award of damages:

_____


7. As to Lakeisha Parker's claim that the defendants assaulted and battered her and this was a
proximate cause of her injuries, we, the jury, find as follows:

      For Lakeisha Parker

      For Defendants


    If you find for Lakeisha Parker on the above claim, then specify which of the following
defendants you find against: You may find against one, some, or all of the defendants.

      Neil    McAllister

      Baxter    McGrew

      George    Robison

      Orlando Teel

      District of Columbia            _____


Now, proceed to consider damages.

We, the jury, make the following award of damages:

_____

8.   As to Shaneka Harrison's claim that the defendants assaulted and battered her and this was a proximate cause of her injuries, we, the jury, find as follows:

     For Shaneka Harrison

     For Defendants

   If you find for Shaneka Harrison on the above claim, then specify which of the following defendants you find against: You may find against one, some, or all of the defendants.

     Neil    McAllister

     Baxter    McGrew

     George    Robison

     Orlando Teel

     District of Columbia        _____

Now, proceed to consider damages.

We, the jury, make the following award of damages:

   _____

9.   As to Mikelle Bassett's claim that the defendants intentionally inflicted emotional distress upon her and this was a proximate cause of her injuries, we, the jury, find as follows: For Mikelle Bassett

     For Defendants

   If you find for Mikelle Basset on the above claim, then specify which of the following defendants you find against: You may find against one, some, or all of the defendants.

Neil    McAllister            _____

Baxter    McGrew            _____

George    Robison            _____

Orlando Teel            _____

District of Columbia            _____


Now, proceed to consider damages.

We, the jury, make the following award of damages:

_____

10. As to Mikeesha Bassett's claim that the defendants intentionally inflicted emotional distress upon her and this was a proximate cause of her injuries, we, the jury, find as follows:


For Mikeesha Bassett

For Defendants


    If you find for Mikeesha Basset on the above claim, then specify which of the following defendants you find against: You may find against one, some, or all of the defendants.

Neil    McAllister

Baxter    McGrew

George    Robison

Orlando Teel

District of Columbia            _____

Now, proceed to consider damages.

We, the jury, make the following award of damages:

_____

11. As to Lakeisha Parker's claim that the defendants intentionally inflicted emotional distress upon her and this was a proximate cause of her injuries, we, the jury, find as follows:

      For Lakeisha Parker

      For Defendants

    If you find for Lakeisha Parker on the above claim, then specify which of the following defendants you find against: You may find against one, some, or all of the defendants.

      Neil    McAllister

      Baxter   McGrew

      George   Robison

      Orlando Teel

      District of Columbia     _____

Now, proceed to consider damages.

We, the jury, make the following award of damages:

_____

55

13.   As to Mikelle Bassett's claim that the defendants violated her civil rights by arresting her without probable cause and that this was a proximate cause of her injuries, we, the jury, find as follows:

      For Mikelle Bassett

      For Defendants


    If you find for Mikelle Basset on the above claim, then specify which of the following defendants you find against: You may find against one, some, or all of the defendants.

      Neil    McAllister

      Baxter    McGrew

      George    Robison

      Orlando Teel

      District of Columbia      _____


Now, proceed to consider damages.

We, the jury, make the following award of damages:

   _____

14.   As to Mikeesha Bassett's claim that the violated her civil rights by arresting her without probable cause and that this was a proximate cause of her injuries, we, the jury, find as follows:

      For Mikeesha Bassett

      For Defendants

If you find for Mikeesha Basset on the above claim, then specify which of the following defendants you find against: You may find against one, some, or all of the defendants.

Neil    McAllister

Baxter    McGrew

George    Robison

Orlando Teel

District of Columbia                     _____


Now, proceed to consider damages.

We, the jury, make the following award of damages:

_____


15. As to Lakeisha Parker's claim that the violated her civil rights by arresting her without probable cause and that this was a proximate cause of her injuries, we, the jury, find as follows:


For Lakeisha Parker

For Defendants


If you find for Lakeisha Parker on the above claim, then specify which of the following defendants you find against: You may find against one, some, or all of the defendants.

Neil    McAllister

Baxter    McGrew

George Robison

Orlando Teel                    _____

District of Columbia            _____


Now, proceed to consider damages.

We, the jury, make the following award of damages:

_____


16. As to Shaneka Harrison's claim violated her civil rights by arresting her without probable

cause and that this was a proximate cause of her injuries, we, the jury, find as follows:


    For Shaneka Harrison

    For Defendants


    If you find for Shaneka Harrison on the above claim, then specify which of the following

defendants you find against. You may find against one, some, or all of the defendants.

    Neil    McAllister

    Baxter    McGrew

    George    Robison

    Orlando Teel

    District of Columbia            _____


Now, proceed to consider damages.

58

We, the jury, make the following award of damages:

_____

17.  As to Mikelle Bassett's claim that the defendants violated her civil rights by using excessive force while detaining her and that this was a proximate cause of her injuries, we, the jury, find as follows:

       For Mikelle Bassett

       For Defendants

     If you find for Mikelle Basset on the above claim, then specify which of the following defendants you find against: You may find against one, some, or all of the defendants.

       Neil    McAllister

       Baxter   McGrew

       George   Robison

       Orlando Teel

       District of Columbia     _____

Now, proceed to consider damages.

We, the jury, make the following award of damages:

_____

18.  As to Mikeesha Bassett's claim that the violated her civil rights by using excessive force while detaining her and that this was a proximate cause of her injuries, we, the jury, find as follows:

For Mikeesha Bassett

For Defendants


If you find for Mikeesha Basset on the above claim, then specify which of the following defendants you find against: You may find against one, some, or all of the defendants.

Neil     McAllister

Baxter    McGrew

George    Robison

Orlando Teel

District of Columbia                    _____


Now, proceed to consider damages.

We, the jury, make the following award of damages:

_____


19. As to Lakeisha Parker's claim that the violated her civil rights by using excessive force while detaining her and that this was a proximate cause of her injuries, we, the jury, find as follows:


For Lakeisha Parker

For Defendants

If you find for Lakeisha Parker on the above claim, then specify which of the following defendants you find against: You may find against one, some, or all of the defendants.

Neil    McAllister

Baxter    McGrew

George    Robison

Orlando Teel

District of Columbia                    _____


Now, proceed to consider damages.

We, the jury, make the following award of damages:

_____


20. As to Shaneka Harrison's claim violated her civil rights by using excessive force while detaining her and that this was a proximate cause of her injuries, we, the jury, find as follows:


For Shaneka Harrison

For Defendants


If you find for Shaneka Harrison on the above claim, then specify which of the following defendants you find against. You may find against one, some, or all of the defendants.

Neil McAllister Baxter McGrew

_____

61

George Robison

Orlando Teel                              _____

                                          _____

District of Columbia                      _____


Now, proceed to consider damages.

We, the jury, make the following award of damages:

_____

Defendants will submit a Proposed Verdict Form based upon the claims remaining, if any, after the Court's ruling on Defendants' Motion to Dismiss and/or Motion for Summary Judgment. **Plaintiffs' objection.**

**12. Estimated Length of Trial:**

**By Plaintiffs and Defendants:** One Week

Respectfully Submitted,

/s/      GEOFFREY D. ALLEN
DC Bar No. 288142
1730 Rhode Island Ave., NW
Suite 206
Washington, DC 20036
(202) 778-1167
GeoffreyAllen@verizon.net
Attorney for Plaintiff

**OFFICE OF THE ATTORNEY GENERAL**

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division
_____/s/_____
NICOLE L. LYNCH
Section Chief, Civil Division, Section II
Bar Number 471953
_____/s/_____
URENTHEA McQUINN
Assistant Attorney General
Bar Number 18253
441 Fourth Street, N.W.,
Sixth Floor South
Washington, D.C. 20001
(202) 724-6646
(202) 727-3625 (Fax)
E-mail: urenthea.mcquinn@dc.gov
Attorneys for Defendant