## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LOUISE THORNE,** *et al.,*<br>                    **Plaintiffs,**<br><br><br>             **v.**<br><br><br>**DISTRICT OF COLUMBIA,** *et al.,*<br>                    **Defendants.** | **Civil Action No. 06-01204 GK** |

### DEFENDANTS' MOTION IN LIMINE

The District of Columbia and D.C. Metropolitan Police Department Officers Neil R. McAllister, Baxter McGrew, George T. Robison and Orlando Teel ("defendants"), by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 7(b)(1), respectfully move this Court, *in limine,* to exclude the following testimony from the trial of this case:

(1)     The testimony and opinions of plaintiffs' police procedures expert Robert W. Klotz;

(2)     Any testimony from Dr. Corlis Randolph and Dr. Rhonique Shields Harris on post-traumatic stress syndrome.

Defendant has attached hereto a Memorandum of Points and Authorities in support of this Motion and a proposed Order.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
SAMUEL C. KAPLAN [D.C. Bar #463350]
Assistant Deputy Attorney General
Civil Litigation Division

_____/s/_____
URENTHEA McQUINN [D.C. Bar #182253]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C.  20001
(202) 724-6646
(202) 727-0431 (Fax)
urenthea.mcquinn@dc.gov

May 8, 2008

## **Certification**

On December 4, 2007, pursuant to Fed. R. Civ. P. 7(m), the undersigned counsel sent to

plaintiff's counsel, Geoffrey Allen, an electronic mail, which requested consent to this motion.

Mr. Allen responded by e-mail that he did not consent.

_____/s/_____
**Urenthea McQuinn [D.C. Bar #182253]**
**Assistant Attorney General, D.C.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LOUISE THORNE,** *et al.,*<br>                    **Plaintiffs,**<br><br><br>                    **v.**<br><br><br>**DISTRICT OF COLUMBIA,** *et al.,*<br>                    **Defendants.** | **Civil Action No. 06-01204 GK** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'**
**MOTION IN LIMINE**

The District of Columbia and D.C. Metropolitan Police Department Officers Neil R. McAllister, Baxter McGrew, George T. Robison and Orlando Teel ("defendants"), by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 7(b)(1), respectfully move this Court, *in limine,* to preclude the following items from the trial of this case:

(1) The testimony and opinions of plaintiffs' police procedures expert Robert W. Klotz;

(2) Any testimony from Dr. Corlis Randolph and Dr. Rhonique Shields Harris on post-traumatic stress syndrome.

*Statement of Facts*

This is an action for personal-injury damages by plaintiffs Louise Thorne on behalf of Mikesha and Mikelle Bassett, Kathy Crews on behalf of Shaneka Harrison and Samala Parker-Smith on behalf of Lakesha Parker, against the District of Columbia and MPD Officers Neil R. McAllister, Baxter McGrew, George T. Robison, and Orlando Teel.  Plaintiffs allege that on

January 15, 2006, the MPD officers used unnecessary force in stopping a vehicle that Mikesha Bassett had been driving.

The District of Columbia and the MPD officers allege that the traffic stop was proper inasmuch as plaintiffs had run a red light and a stop sign and would not stop once the police used their lights and sirens. The officers also determined after the stop that Mikesha Bassett was driving with a learner's permit without a fully licensed driver in the car. Defendants also allege that the officers acted in a reasonable, necessary and prudent manner under the circumstances.

### *Legal Standard*

The purpose of a motion *in limine* is to allow a party to obtain an order excluding inadmissible evidence "without having to object to, and thereby emphasize, the evidence before the jury." *Banks v. District of Columbia,* 551 A.2d 1304, 1310 (D.C. 1988) (Schwelb, J., concurring in part, dissenting in part) (quoting *Department of Public Works, etc. v. Suit Oil Co.,* 66 Ill. App. 3d 64, 22 Ill. Dec. 826, 828, 383 N.E., 2d 634, 636 (1978)).

> The motion affords an opportunity to the court to rule on the admissibility of evidence in advance and prevents encumbering the record with immaterial or prejudicial matter, as well as providing a means of ensuring that privileged material as to which discovery has been allowed by the court will not be used at trial if it is found to be inadmissible. It recognizes that the mere asking of an improper question in the hearing of the jury may prove so prejudicial that, notwithstanding an instruction by the court to disregard the offensive matter, the moving party will be denied his [or her] right to a fair trial.

75 Am. Jur. 2d *Trial* § 94 at 306-07 (1991).

It is within the trial court's broad discretion to determine whether proffered evidence is not sufficiently relevant or probative. *Shephard v. United States,* 538 A.2d 1115, 1116 (D.C. 1988). A trial court should therefore grant a motion *in limine* both to obviate the need to instruct jurors to discount testimony that they already heard and to eliminate the need for counsel to

make frantic requests for a bench conference while the jury ponders what counsel is trying to hide. *Banks, supra,* 551 A.2d at 1310.

*Argument*

## I.    THE TESTIMONY AND OPINIONS OF ROBERT W. KLOTZ SHOULD BE EXCLUDED FROM THE EVIDENCE IN THIS CASE.

Plaintiffs' expert witness on police procedures, Robert W. Klotz, has submitted a report, **Attachment 1**, which proffers the opinions that the defendant MPD officers did not have probable cause or an articulable suspicion to stop and to arrest or detain plaintiffs.  Mr. Klotz's report is replete with other legal conclusions as to the reasonableness of the officer's actions that are not within an expert's province, but within the province of the jury and the Court in instructing the jury on the applicable law.  For example, Mr. Klotz's four Preliminary Opinions on page 5 of his Klotz's report, **Attachment 1**, are as follows:

(1)    It is my opinion that the vehicle pursuit by the officers was contrary to both national and local police standards.  No reasonable, trained officer could believe these actions to be proper.

(2)    It is my opinion that if the custodial taking of the four individuals was a stop and frisk situation, this was not in conformity with national and local police standards for such activity.  No reasonable, trained police officer could believe this to be proper.

(3)    It is my opinion that the arrests of the four individuals was without probable cause.  No reasonable, trained police officer could believe this to be proper.

(4)    It is my opinion that the use of force against Mikelle Bassett, Makisha Bassett, Lakeisha Parker, Shaneka Harrison and Terrance Light was excessive and contrary to national and local police standards.  No reasonable, trained police officer could believe this to be proper.

These opinions are repeated in his deposition testimony, Klotz Depo (5/3/07) 27:4-14; 30:6-21 & 31:1-2; 31:9-21 & 32:1-6; 35:16-21 & 36:1-18; 37-41; 42:18-21 & 43-47; 50:5-6; 51:7-21; 52, 53, 54:1-5; 56:3-15, **Attachment 2,** and should be precluded from admission in this case.

The D.C. Court of Appeals previously upheld the exclusion of the same type of testimony by the *same expert* in *Steele v. D.C. Tiger Mkt.*, 854 A.2d 175 (D.C. 2004). In that case, the trial judge precluded Dr. Klotz from explaining the law governing arrests and investigative stops to the jury and from expressing the conclusion that the security guard lacked probable cause or reasonable articulable suspicion to detain a shopper. *Id*. at 180-184. The Court further excluded testimony as to whether the officer's stop of the individual violated "MPD rules and regulations" governing the grounds for making such stops. *Id*. at 180. In upholding the decision, the Court explained that an "'expert may not state his opinion where the jury is capable of drawing its own conclusions from the evidence.'" *Id*. at 181, quoting *Lampkins v. United States*, 401 A.2d 966, 969 (1979). "[E]xpert testimony is admissible to help the jury to do its work and not to do the jury's work for it." *Id.* at 181. Accordingly, "courts uniformly hold that the use of expert testimony is not permitted if it will usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it." *Id.* at 181-182. "An expert may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts." *Christiansen v. City of Tulsa*, 332 F.3d 1270, 1283 (10th Cir. 2003) (upholding exclusion of expert's opinion that a defendant acted recklessly).

As noted above, the *Steele* Court applied these principles to exclude the testimony of the same witness herein, Mr. Klotz, as to the same type of testimony that plaintiff seeks to introduce in this case – *i.e.*, whether there was probable cause and reasonable articulable suspicion to stop these plaintiffs. Similarly, in two civil- rights actions, *Estes v. Moore*, 993 F.2d 161 (8th Cir. 1993), and *DiBella v. County of Suffolk*, 574 F. Supp. 151 (E.D.N.Y. 1983), the trial courts ruled that expert witnesses would not be allowed to render opinions on whether there existed probable

cause to arrest.  Upholding the trial court in *Estes,* the court of appeals explained: "While the existence of probable cause is a mixed question of law and fact, the ultimate conclusion is a question of law.  The proposed testimony was, therefore, not opinion testimony, but rather it was a statement of a legal conclusion."  *Estes*, 993 F.2d at 163; *Steele, supra, at* 183.

The District Court in *DiBella v. County of Suffolk*, *supra,* likewise applied the rule that "expert witnesses could not be called to instruct the jury as to applicable principles of law" in holding that "whether an officer had reasonable cause to believe that DiBella had committed an offense is hardly susceptible of expertise. . . ."  *Id.* at 152, 153.  "In the last analysis," the court added, the expert's opinion would turn "upon what a hypothetical reasonable man would do under the circumstances.  With such a standard the jury is quite familiar and needs no help from an expert."  *Id.* at 153.

Courts apply the same analysis to opinions on the question of whether an officer used excessive or unreasonable levels of force.  For example, in *United States v. Williams*, 343 F.3d 423, 435 (5th Cir. 2003), in the prosecution of a sheriff for shooting an unarmed suspect, the Court held that the trial court erred by admitting expert testimony that the shooting was unreasonable.  The Court explained that "reasonableness under the Fourth Amendment or Due Process Clause is a legal conclusion."  Similarly, in *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992), which also involved allegations of excessive use of force by a police officer, the Second Circuit held that the trial court should not have allowed an expert to define "deadly physical force" or testify that the use of force was "totally improper" and not "justified under the circumstances."  *See also Steele v. D.C. Tiger Mkt.*, *supra* at 184 (citing these cases).  Because Dr. Klotz's opinions as to the reasonableness of the officer's actions are not within an expert's province, they should be excluded in this case, just as they were in *Steele.*

## II. NEITHER DR. CORLIS RANDOLPH NOR DR. RHONIQUE SHIELDS-HARRIS SHOULD BE QUALIFIED AS AN EXPERT WITNESS IN THIS CASE, AND NEITHER SHOULD BE PERMITTED TO TESTIFY REGARDING POST-TRAUMATIC STRESS SYNDROME.

A trial court has broad discretion to determine the expert qualifications of a witness. *Shipp v. General Motors Corp.*, 750 F.2d 418 (5th Cir. 1985); *United States v. Crosby*, 713 F.2d 1066 (5th Cir. 1983); *Jackson v. Bayou Indus.*, 1995 U.S. Dist. LEXIS 4050, 2-4 (E.D. La. Mar. 29, 1995). In this case, the plaintiffs seek to introduce the testimony of a licensed clinical social worker (Dr. Corlis Randolph), and a pediatrician who never examined the plaintiffs (Dr. Rhonique Shields-Harris), on the question of whether the plaintiffs have post-traumatic stress syndrome.

As to Dr. Randolph, courts have repeatedly held that licensed social workers are not qualified to diagnose conditions such as post-traumatic stress disorder. In *Crosby*, for example, the Fifth Circuit affirmed the trial court's refusal to accept a counselor with a master's degree in social work as an expert in the diagnosis of post-traumatic stress disorder. *Id.* at 1076. The appellate court affirmed the trial court's ruling that "only physicians could qualify as diagnostic experts concerning this medical condition." *Id.* at 1077.

Similarly, the Kansas Supreme Court in *State of Kansas v. Willis*, 888 P.2d 839, 845 (Kan. 1995), affirmed the trial court's ruling that a licensed clinical social worker was not qualified to diagnose medical and psychiatric conditions such as post-traumatic stress disorder. The North Carolina Supreme Court awarded a new trial to a criminal defendant ruling that the opinion of a licensed social worker on the victim's post-traumatic stress disorder was improperly admitted. The court ruled that the witness's expertise in the field of social work failed to qualify the witness to give an opinion on post-traumatic stress disorder. *State of North Carolina v. Goodwin,* 320 N.C. 147, 357 S.E.2d 639, 641 (N.C. 1987). *See also United States v. Eastman*, 20

6

M.J. 948, 954 (C.M.A. 1985) ("We are not inclined to allow a witness who presents no evidence of training or experience in clinical psychology to render a clinical evaluation of a person's psychological condition and testify in terms of diagnostic criteria").

As in the foregoing cases, Dr. Corlis Randolph should not be qualified as an expert witness in this case.   Her employment, educational and experience testified to at deposition do not qualify her with the expertise to address the issues that she has been proffered to testify regarding, such as post traumatic stress syndrome.   Randolph Depo (6/4/07) 67:3; 74:5 (**Attachment 3**).   She is a licensed clinical social worker (LICSW), *id.* at 10:9-10, who has a bachelor of arts in sociology and a master's degree in social work.   *Id.* at 8:10-21; 9:1-21; 10:1-16; 11:1-4; 12:1-7.   While she labels herself as a psychotherapist for purposes of her home business, she is not a medical doctor, psychiatrist or psychologist and, in fact, she has no medical training whatsoever.   *Id.* at 66:20-21; 67:1-14; 74:3-12.   For her PhD in social work from Catholic University in 2001, *Id.* at 11:3-11, her dissertation was on "Cognitive Factors Impacting the Return of Dialysis Patients to Work after Diagnosis." *Id.* at 12:3-7.   There is, in sum, nothing in her educational background that would qualify her to testify as to post-traumatic stress disorder.   In addition, she did not bring her *curriculum vitae* to her deposition as requested and has not submitted it, and she stated at her deposition that she did not know she was being called as an expert witness.   *Id.* at 16:11-17.   Her testimony should thus be excluded as to this subject.

Likewise, Dr. Rhonique Shields-Harris, a pediatrician, should not be permitted to testify as an expert in PTSD.   Deposition of Dr. Rhonique Shields-Harris (5/10/07), 4:20 (**Attachment 4**).   Plaintiffs have not submitted any evidence in the record to show that Dr. Shields-Harris has expertise in the area of PTSD.   At deposition, Dr. Shields-Harris testified that she is not a psychiatrist or psychologist.   *Id.* at 46:9-11.   Further, she made her diagnosis of PTSD based

upon a conversation with Louise Thorne, the mother of only two of the plaintiffs, Mikeesha and Mikelle Bassett, without the teenagers being present. *Id.* at 46:1-21; 47:1-15. Accordingly, because she has no expertise in the area, and would not have sufficient basis for her opinion even if she were an expert, her testimony as an expert witness should be excluded from this case.

### *Conclusion*

For all of the foregoing reasons, defendants' Motion *in Limine* should be granted.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
SAMUEL C. KAPLAN [D.C. Bar #463350]
Assistant Deputy Attorney General
Civil Litigation Division

_____/s/_____
URENTHEA McQUINN [D.C. Bar #182253]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C.  20001
(202) 724-6646
(202) 727-0431 (Fax)
urenthea.mcquinn@dc.gov

May 8, 2008