IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUISE THORNE, *et al.*,<br>　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br>　　　　　　Defendants. | Civil Action No. 06-01204 GK |

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE**

Plaintiffs' opposition to defendants' motion only confirms that plaintiffs are seeking to have their expert testify that the officers in this case violated the law and that no reasonable officer could have believed that he or she was acting in compliance with the law under the facts of this case. This effort is squarely foreclosed by various cases holding that such testimony improperly invades the jury's province as fact-finder and the Court's role as expositor of the law. Further, the second half of the opinion runs afoul of the well-established rule that qualified immunity is a question of law for the Court. If anything, plaintiffs' opposition succeeds only in emphasizing the impropriety of this testimony by highlighting (1) the threadbare and generally inadequate nature of plaintiffs' expert report, (2) the related fact that the proposed testimony would add nothing to the jury's understanding of events, and (3) the complete irrelevance of two of the four opinions that plaintiff seeks to introduce. At the same time, defendants are withdrawing their pre-trial motion to exclude the testimony of Dr. Corliss Randolph, while reserving the right to challenge the admissibility of her testimony at trial.

**ARGUMENT**

**I.     MR. KLOTZ'S TESTIMONY SHOULD BE EXCLUDED**

      A.     <u>Mr. Klotz's Vehicular Pursuit Opinion is Inadmissible</u>

Mr. Klotz's first opinion is that "the vehicle pursuit by the officers was contrary to both national and local police standards and that no reasonable, trained officer could believe these actions to be proper." Plaintiffs' Opposition to District of Columbia's Motion in Limine ("Pl. Opp.") at 4. There are a variety of reasons why this opinion is inadmissible. To begin with, plaintiffs' claims do not rest on injuries sustained during a vehicular pursuit. *See* Third Amended Complaint ¶ 7. Instead, the plaintiffs' asserted injuries rest on alleged actions taken after the car was stopped. *See id*. at ¶¶ 8-9. This testimony is therefore irrelevant. Compare *District of Columbia v. Walker*, 689 A.2d 40, 46 (D.C. 1997) (addressing only gross negligence that actually caused the injuries in question rather than evidence "that the officers were grossly negligent at an earlier point in the pursuit").

Relatedly, the testimony is also inadmissible under Fed. R. Evid. 404(b), which prohibits the admission of other acts to show action in conformity therewith. *See also* next section (discussing plaintiff's statement that alleged violation of an equally irrelevant documentation regulation shows "how important police procedures were completely ignored in this case"). Plaintiff should not be permitted to use the alleged violation of other procedures to show an increased likelihood that the procedures that are actually at issue were violated. Even apart from its per se inadmissibility under Rule 404, admission of this opinion would be far more prejudicial than probative because it only would confuse the jury as to the nature of plaintiffs' claims and what alleged conduct is

truly at issue. *See United States v. Washington*, 106 F.3d 983, 1009 (D.C. Cir. 1997) ("Even when testimony may assist the trier of fact for purposes of Rule 702, the district court may nonetheless exclude such testimony on the grounds that it is unduly prejudicial").

Further, according to plaintiff's opposition and his report, "the first part of his opinion is based on" a specific MPD order (3013.03) on vehicular pursuits. *Id*. A single local order cannot, however, establish a national standard, and the only national standard cited is one that requires local departments to have regulations on when such pursuits are appropriate; it does not prescribe the actual content of the regulation. *See* Pl. Opp. Ex. 1 at 4; *Butera v. District of Columbia*, 235 F.3d 637, 659 (D.C. Cir. 2001) ("To establish a national standard of care, an expert must do more than rely on his own experience or simply declare that the District violated the national standard of care") (citation and internal quotation marks omitted); *Clark v. District of Columbia*, 708 A.2d 632, 635 (D.C. 1997) ("Thus the expert must clearly relate the standard of care to the practices in fact generally followed by other comparable governmental facilities or to some standard nationally recognized by such units"); *see also* Fed. R. Civ. P. 26(a)(2)(B) (requiring expert reports to contain "a complete statement of all opinions to be expressed and the basis and reasons therefor")

For the same reasons that the testimony that the pursuit was improper should be excluded, the Court also should exclude the opinion that no reasonable officer could have believed the pursuit to be proper. Plaintiff's report offers no additional basis for this conclusion beyond the MPD order, which again does not establish a national standard. Further, as with the opinion on the pursuit itself, this opinion has nothing to do with the

claims alleged by plaintiff in this case. Also, as discussed in greater detail in subsections C and D, the opinion that no reasonable officer could have believed conduct to be lawful should generally be excluded where (as here) the opinion as to the lawfulness or reasonableness of the conduct is also inadmissible.

      B.    <u>Mr. Klotz's "Documentation" Opinion is Inadmissible</u>

Mr. Klotz's second opinion is that "if the custodial taking of the four individuals was a stop and frisk situation, this was not in conformity with national and local police standards for such activity and that no reasonable, trained police officer could believe this to be proper." Pl. Opp. at 5. Specifically, Mr. Klotz asserts that "national police standards require those events based on 'reasonable suspicion' be documented [sic]." *Id*. This opinion is inadmissible for many of the same reasons as the first opinion discussed in the prior subsection. *First*, while claiming he is resting his opinion on "national standards," Mr. Klotz (and plaintiffs in their opposition) cite only an unspecified MPD General Order on "the subject." Once again, a single local order (even if identified) cannot constitute a national standard, and Mr. Klotz offers no other support for his contention that a "national standard" was violated.

The opinion is also irrelevant. Again, plaintiff's claims of injury rest upon the alleged actions taken by the officers after stopping the plaintiffs' car, not upon a vehicular pursuit (see previous subsection) and not upon the failure to file a particular report or document the incident at some later point. Plaintiffs assert that the "testimony is relevant because it shows how important police procedures were completely ignored in this case." Pl. Opp. at 6. This statement demonstrates that plaintiff is improperly attempting to use other purported lapses to show that defendants must have erred in the

4

areas that are actually at issue. The only relevant actions and procedures are those that form the basis of plaintiffs' claims – a category that does not include the alleged ex post violation of procedures that could not have contributed to the alleged conduct or injuries. *See* discussion of Rule 404(b) *supra*.

According to plaintiffs, the testimony will be used to show that there was an alleged regulation, the alleged disregard of which could lead the jury to draw various possible inferences, "one" of which is that the failure to document the incident reflected consciousness of guilt. *Id*. In other words, plaintiffs seek to use their expert as a link in an attenuated chain used to establish an adverse spoliation inference even though (1) there is no law, regulation, or rule (discovery or otherwise) that provides for such a sanction in such an instance and (2) there are equally plausible inferences that could be drawn from the failure to comply with the rule in this case (including inadvertence, prioritization of other duties and sloth) that would not support plaintiff's case in the slightest.

Moreover, even assuming that there was any basis for putting this theory before the jury, Mr. Klotz is an unnecessary link in this chain because plaintiffs could simply introduce the order. Permitting Mr. Klotz's testimony on this subject would thus do nothing more than compound the confusion that is plaintiff's argument with the misleading imprimatur of "expertise," to the significant and undue prejudice of defendants and the enlightenment of no one.

C.   Mr. Klotz's Probable Cause Opinion Is Inadmissible

Plaintiffs effectively concede the inadmissibility of Mr. Klotz's third opinion, which "is that the arrests of the four individuals were without any probable cause and that

5

no reasonable, trained police officer could believe this to be proper." Pl. Opp. at 7. *See id.* ("Plaintiff would concede, based on *Steele* [*v. D.C. Tiger Mkt.*] that there was no probable cause in this case"). While conceding that Mr. Klotz may not opine on the existence of probable cause, plaintiffs inexplicably assert (purportedly in reliance on *Steele*) that he may still be able to testify "that no reasonable trained police officer could believe this to be proper." *Id.*[1] Permitting the opinion that no reasonable person could believe there to be probable cause obviously contains within it the same opinion that plaintiff concedes to be inadmissible – *i.e.*, that there was no probable cause. Plaintiffs' attempt to preserve this area for their expert is therefore unavailing. *See Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995) (holding that admission of an expert's testimony on the reasonableness of an officer's conduct in light of Fourth Amendment standards was an abuse of discretion and that the existence of both probable cause and qualified immunity are ultimately questions of law).

Permitting Mr. Klotz to present the second part of this opinion to the jury would in fact be doubly erroneous because it is well-established that the question of an officer's entitlement to qualified immunity is a question of law for the Court, not a question for the jury. *See Pitt v. D.C.*, 491 F.3d 494, 509 (D.C. Cir. 2007) ("Courts have emphasized that

---

[1] Plaintiffs' entire argument here rests upon testimony in the nonbinding *Steele* case that was referenced but not ruled (or apparently even challenged) on appeal – specifically, the testimony that the officer did not understand the difference between probable cause and reasonable suspicion.; according to plaintiffs, the appellate court "impliedly approved the trial court's decision to admit such testimony." Pl. Opp. at 4. In fact, the appellate court specifically stated with respect to such testimony that Mr. Klotz "seemed to stretch, and perhaps overstep, the boundaries the judge had set." *See Steele v. D.C. Tiger Market*, 854 A.2d 175, 180 (D.C. 2004). The type of evidence that the *Steele* court specifically referenced as being routinely admitted – *i.e.*, evidence on the modus operandi of shoplifters, the training police are given in detecting shoplifters, or the procedures police are taught to follow in approaching shoplifters – is not the type of evidence that plaintiff seeks to have admitted here. *Id.* at 183. In any event, *Steele* is nonbinding and should only be followed to the extent it is persuasive and consistent with the law. Any decision admitting testimony of the type that plaintiff seeks to introduce here would clearly be contrary to law for all of the reasons discussed in the text.

whether a § 1983 defendant's conduct violates the 'clearly established' constitutional rights of the plaintiff is a pure question of law that must be resolved by the court"); *Warren v. Dwyer*, 906 F.2d 70, 76 (2d Cir. 1990) ("The ultimate legal determination whether, on the facts found, a reasonable police officer should have known he acted unlawfully is a question of law better left for the Court to decide.").[2]  Inasmuch as the reasonableness of an officer's understanding goes to a question the jury cannot answer, the only purpose for seeking to introduce opinion testimony on that issue would be to sneak testimony through the back door that plaintiff concedes to be ill-suited for the front – *i.e.*, testimony as to whether probable cause existed at all.

        D.       <u>Mr. Klotz's "Excessive Force" Opinion Is Inadmissible</u>

Mr. Klotz's "final opinion" is that the "use of force" against the plaintiffs "was excessive and contrary to national and local police standards and that no reasonable, trained officer could believe this to be proper." Pl. Opp. at 7.  According to plaintiff, such testimony is "clearly admissible." *Id*.  Yet notwithstanding plaintiff's assertion that "it is of the type which is often admitted in such cases," plaintiff fails to cite a single such instance.  By contrast, defendants' motion cited to several cases holding that opinions that force was excessive were inadmissible because they are legal conclusions that invade the province of the jury or the Court. *See* Memorandum of Points and Authorities in Support of Defendants' Motion in Limine ("Def. Mem.") at 5; *see also*, *e.g.*, *United States v. Williams*, 343 F.3d 423, 434-35 (5th Cir. 2003) (permitting expert to testify about

---

[2] *See also Tafler v. D.C.*, 539 F. Supp. 2d 385, 389 (D.D.C. 2008) ("A defendant's entitlement to qualified immunity is a question of law to be decided by the court"); *Peterson v. City of Plymouth*, 60 F.3d 469, 474 n.6 (8th Cir. 1995); *Act Up!/Portland v. Bagley*, 988 F.2d 868, 872-73 (9th Cir. 1993) (both holding that the question of whether an officer could reasonably have believed probable cause or reasonable suspicion existed was a question of law for the Court).

7

the reasonableness of a police shooting was plain error); *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992) (holding that testimony that the use of force was unjustified, unwarranted, and totally improper under the circumstances was inadmissible); *Steele*, 854 A.2d at 184 (relying on these cases). Other such cases include *Thompson v. City of Chicago*, 472 F.3d 444, 458 (7th Cir. 2006) (upholding district court's decision to grant motion in limine excluding the testimony of two experts that force used by officers was excessive) and *Norman v. City of Lorain*, *Ohio*, No. 1:04 Cv 913, 2006 WL 5249725, *3 (N.D. Ohio Nov. 27, 2006) (granting motion in limine seeking to preclude expert from testifying that the force used by an officer was "unnecessary" or "unreasonable"). Defendants also pointed to various other cases establishing, in the words of one Court, that an "'expert may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts.'" *See* Def. Mem. at 4 (quoting *Christiansen v. City of Tulsa*, 332 F.3d 1270, 1283 (10th Cir. 2003)). Plaintiffs address none of these cases, but mere *ipse dixit* cannot make this law disappear or conceal the obviously legal and inadmissible nature of the opinion plaintiff seeks to offer.

Finally, as with the qualified immunity opinions discussed in the prior subsection on probable cause, the Court should exclude Mr. Klotz's opinion that no reasonable officer could have believed the level of force employed was proper. As discussed in the previous section in connection with Mr. Klotz's probable cause opinion, qualified immunity is a question of law for the Court, and the qualified immunity testimony would also be inextricably linked with the inadmissible opinion as to whether excessive force was present in the first instance.

II. **DEFENDANTS WITHDRAW THEIR MOTION IN LIMINE SEEKING TO EXCLUDE THE TESTIMONY OF DR. RANDOLPH BUT RESERVES THE RIGHT TO OBJECT TO HER TESTIMONY AT TRIAL**

The defendants' initial motion sought to exclude the testimony of Dr. Randolph on post-traumatic stress syndrome based upon the fact that she was a licensed clinical social worker, not a psychologist, and the fact that her background did not suggest any experience that would support an admissible opinion diagnosing PTSD in any of the plaintiffs. *See* Def. Mem. at 6-7. Plaintiff has since submitted a sworn statement from Dr. Randolph as to her qualifications in this area. While defendants do not concede the admissibility of this testimony, the lack of clarity on the issue makes this issue less appropriate for a motion in limine and more appropriate for a decision following voir dire outside the presence of the jury. Thus, while reserving the right to challenge the admissibility of this testimony, defendant withdraws its pre-trial motion as to this testimony. Instead, defendant requests only that defendants have the opportunity to voir dire this witness as to her qualifications outside the presence of the jury before she is called to testify.

## CONCLUSION

For all of the foregoing reasons and the reasons set forth in defendants' initial motion, defendants' Motion *in Limine* should be granted, and the testimony of Robert Klotz should be excluded.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General

       Civil Litigation Division

        /s/
       SAMUEL C. KAPLAN [D.C. Bar #463350]
       Assistant Deputy Attorney General
       Civil Litigation Division

        /s/
       URENTHEA McQUINN [D.C. Bar #182253]
       Assistant Attorney General
       441 4th Street, N.W.
       Sixth Floor South
       Washington, D.C.  20001
       (202) 724-6646
       (202) 727-0431 (Fax)
       urenthea.mcquinn@dc.gov

       Attorneys for Defendants

May 28, 2008