**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LOUISE THORNE,** *et al.*  :  <br>  : <br> **Plaintiffs,**  : <br>  : <br> v.  : <br>  : <br> **THE DISTRICT OF COLUMBIA**  : <br> *Et al.*  : <br>  : <br> **Defendants.**  : | **Civil Action No. 06-1204** <br> **Judge Gladys Kessler** |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' REPLY TO
PLAINTIFFS' OPPOSITION TO DISTRICT OF COLUMBIA'S
MOTION IN LIMINE**

In their Reply to plaintiffs' opposition to defendants' Motion In Limine, the defendants' raise new arguments not addressed in their initial motion. For this reason plaintiff respectfully responds to defendants' reply and states as follows.

**Mr. Klotz's Vehicular Pursuit Testimony Is Admissible**

In this case, Mr. Klotz's first opinion is that the vehicle pursuit by the officers was contrary to both national and local police standards and that no reasonable, trained officer could believe these actions to be proper. The first part of his opinion is based on his assertion that the Metropolitan Police Department has an order 301.3 titled "Operation of Emergency Vehicles, Fresh

Pursuit and Vehicular Pursuits." In this order, members operating unmarked sedans must discontinue pursuit once marked units have joined the pursuit. The order also directs that " Members <u>are prohibited form pursuing vehicles for the purpose of effecting a traffic</u> stop."(emphasis supplied). The order also requires notification of the police dispatcher to so that the pursuit may be monitored and supervisors can determine whether the pursuit can be continued.  Based on his recitation of the testimony of various witnesses, it is clear that an unmarked police car did pursue  plaintiffs' vehicle and that the purported reason for pursuit  was a traffic violation

     Defendants' now claim that this evidence is inadmissible because it does not relate to an issue which caused the plaintiffs' damage.  They claim, the damages flow from the actual stop rather than the pursuit.  For this reason the testimony is irrelevant.  This argument is false on several grounds. Firstly,  Orlando Teel, was the officer who initiated the pursuit of the plaintiffs' vehicle.  He claimed that the reason for the pursuit was that he observed, the occupants of the front seats of the plaintiffs' vehicle, were not wearing seat belts.  At the time, Teel was driving an unmarked police car, at night, on a robbery detail. Teel  then began and continued a vehicular pursuit based on this minor traffic infraction.  Exhibit 1 (Teel Deposition  pp 6-12)

     Mr. Teel is a defendant in this case, and plaintiffs allege, *inter alia*, that he acted negligently or that his intentional acts led to their false

imprisonment. There is clearly an unbroken sequence of events from his vehicular pursuit, to the stop of plaintiffs' vehicle and all that ensued. Hence, his alleged negligence or intentional acts were a proximate cause of plaintiffs' injuries. Mr. Klotz's proposed testimony goes squarely to these actions. They were negligent because Teel violated multiple police regulations. It is obviously fraught with peril to engage in a vehicular pursuit, in an unmarked car, especially at night. It is not reasonable to continue to pursue after marked police cruisers are available to take over. And it is dangerous and a violation of police regulations to engage in vehicular pursuit for an alleged minor traffic infraction. Given this scenario, it flabbergasting that defendants' seriously maintain that Mr. Klotz's testimony is irrelevant.

It is relevant on an entirely separate basis as well. Plaintiffs' theory is that Officer's Teel's actions were based on a pretext. The plaintiffs' claim that everyone in the Bassett vehicle was wearing seat belts and in fact Mikelle Basset was injured because she was wearing it as defendant McAllister tried to pull her from the vehicle while it was still engaged. Exhibit 2 (Bassett deposition pp 23-26; 86-87). Plaintiffs' theory is that Teel, an officer on an undercover robbery detail, observed a slowly moving vehicle, at night, in a high crime area and decided to check it out, without any proper basis. Mr. Klotz's testimony is directly relevant to such a theory. Teel's actions

constituted multiple violations of police training and regulations and Mr. Klotz is obviously, as a retired senior member of the D.C. Police, well qualified to talk about the applicable regulations and training, and how Teel's actions violated both.

Next, defendants' claim that Mr. Klotz's testimony should not be admitted because it violates Fed. R. Evid. 404(b) which prohibits the admission of other acts to show action in conformity therewith. Plaintiffs respectfully submit that Rule 404(b) does not apply. In this case, we are dealing with actions by Officer Teel which were themselves negligent or intentional torts. These are not other acts. They are acts which are central to the whole question of his liability.

Defendants' next argument also lacks merit. They claim that such testimony would be more prejudicial than probative. Plaintiffs' respectfully disagree. Teel's alleged unlawful acts go to the heart of this case. They could scarcely be more relevant. No doubt expert testimony on this issue would be harmful to defendants' case, but that is not at all the same thing as unfair prejudice.

Defendants next complain that a violation of a police regulation does not make out in and of itself, a violation of the standard of care. As a

statement of the law, in the District of Columbia, this is correct. At his deposition, Mr. Klotz clearly related the violations of local regulations to violations of the standard of care on multiple occasions. See Exhibit 3 - Klotz depo pp 16-18, 27-30, 35-36, 40-44, 50-52, 54-55)  Again, defendants' claims in this regard, lack merit.

Finally, defendants' misapprehend  Mr. Klotz's proposed testimony that no reasonable officer could have believed the pursuit to be proper.   This part of the testimony does not go to the standard of care.  But it does go to an important issue.  Plaintiff's theory is that Teel's actions were such blatant violations of police regulations and training that no reasonable officer could believe such actions were proper. Such a  theory must  be  based on expert knowledge of police regulations and training that is beyond the knowledge and experience of the average juror.  It is therefore an expert opinion, relevant to a key issue in the case.   The correct way to challenge such testimony would have been to name a defense expert to rebut Mr. Klotz.   The defendants however chose not to avail themselves of this opportunity.   They seek now to remedy this omission by excluding admissible evidence from Mr. Klotz.

**Mr. Klotz's Documentation Opinion is Admissible**

For many of the same reasons, as noted above, defendants' complaints on this portion of Mr. Klotz's proposed testimony lack merit. At their core, they rest on a false premise, that because the testimony does not go to the acts which injured plaintiffs, it is inadmissible. According to this theory, in a medical malpractice case, if a surgeon failed to do a report on a botched operation, his failure to do so could not be subject of expert testimony because the patient was not injured by the failure to do the report but by the operation itself. Defendants' cite no authority for this proposition.

In evaluating the actions of the police officers in this case, the jury is surely entitled to consider their failure to complete required reports. Plaintiffs have a viable theory for why such reports were not done, which is that the police wanted to "cover-up" their unlawful acts. It is arguably better, from such a policeman's perspective, to do no report rather than a false one. In order to present this argument, plaintiffs must show what reports should have been completed. This is properly a subject for expert testimony. Defendants' argument that plaintiffs' could simply introduce the Order, without expert testimony is simply an effort to compel plaintiff to introduce their evidence in a muted and less effective format. Moreover, Mr. Klotz should also be entitled to reference police training in this regard to show how

unlikely it is that an officer could mistakenly believe that no such reports were required.   Again, the training aspect, is not one which would be within the knowledge and experience of the average juror.

**Mr. Klotz'e Probable Cause Opinion Is Admissible**

Again, on this issue, defendants misapprehend plaintiffs' expert's opinion. It is not proposed that   Mr. Klotz's state that what occurred was a stop and frisk.  It is proposed that Mr. Klotz testify that  if one assumes a stop and frisk, a police officer needs to base such actions on certain factors, chief amongst which is "reasonable suspicion."    Defendants do not dispute that such testimony was given in *Steele* and the Court of Appeals upheld the trial court in that case.

Defendants then claim that the second part of this opinion, is only relevant to the qualified immunity issue. That is, whether an officer's actions are objectively reasonable.   This is obviously not the case.   What an officer should consider in a stop and frisk and his failure to follow training in this regard,  are issues which also go to plaintiff's negligence and false arrest claims as well as their constitutional claims. And as to those claims, the question of the  reasonableness of an  officer's beliefs  are jury questions.

**Mr. Klotz's "Excessive Force" Opinion Is Admissible**

In arguing that that Mr. Klotz's testimony in this regard is inadmissible, defendants rely on a hodgepodge of cases, with questionable relevance to this case.  In, *Hygh v. Jacobs*, 961 F.2d 359 (2d Cir. 1992) the actual objectionable testimony of the police expert was that the officer's conduct was : not "justified under the circumstances," not "warranted under the circumstances," and "totally improper." Id. at 364.  The case does not purport to lay down any general prohibition of use of force expert testimony.  It is a purely fact specific ruling.   Likewise in, *Thompson v. City of Chicago*, 472 F.3d 444 , the court ruled that in a § 1983 suit, that  the trial court did not err in barring evidence concerning the  violation of police regulations.  It held simply that this was immaterial  to the question of whether a violation of the federal constitution had been established.  Hence, the holding in that case was strictly concerned with a civil rights  claim.  There were no  claims for negligence, false arrest and intentional infliction of emotional distress, as in this case.  Its value to this analysis is therefore, strictly limited.   Finally, *Christiansen v. City of Tulsa*, 332 F.3d 1270  another case cited by defendants, is concerned with a completely different circumstance. There, in a civil rights case, in which no tort claims were made, the actual ruling was

that an expert could not opine on what was "reckless." Id. at 1283. Again, there is no such proposed testimony in this case.

Defendant's complain that plaintiffs cite no authority to support their excessive force testimony. In fact, there are a multitude of such cases. In, *United States v. Perkins*, 470 F.3d 15, (4th Cir. 2006), a police officer, Perkins, who caught a motorist, Koonce, after the motorist fled, stomped on the motorist's head several times and kicked the motorist in the side. While the motorist was lying on the ground motionless with a handcuff on one wrist, defendant, an off-duty police officer, delivered a running kick to the motorist's side. The motorist sustained numerous injuries, including a puncture to his right lung and bruising on his left lung. On appeal, Perkins challenged the admission of opinion evidence and the sufficiency of the evidence.  The court held that expert testimony regarding the reasonableness of defendant's use of force was admissible under Fed. R. Evid. 704(a) because the court could not conclude that the testimony was unhelpful. In that case, Inspector Burnett, the Government's "force expert," testified regarding the classes he taught in defensive   tactics and controlling suspects. Burnett stated that he saw no "legitimate" law enforcement reason for Perkins to kick Koonce. In response to a number of hypotheticals positing a suspect lying motionless on the ground with one arm in a handcuff, Burnett testified that it was inappropriate for an officer to kick a suspect in that posture. Burnett also

testified that reasonable officers would not disagree with his conclusions. On appeal, appellant argued that the district court erred in admitting expert testimony without a proper foundation, and in admitting expert opinion testimony that improperly stated a legal conclusion. The court ruled that "Taking helpfulness to the jury as our guiding principle, we conclude that the district court did not err in admitting the challenged portions ……[of].Inspector Burnett's testimony." Id at 159. This case is directly on point and clearly permits opinion evidence on what constitutes the reasonable use of force by a police officer

In *United States v. Mohr*, 318 F.3d 613, (4th Cir. 2003) a New York City police officer for sixteen years and a professor of criminal justice and use-of-force consultant to police departments, testified that, based on Mohr's trial testimony, Mohr's release of police dog "was not in accord with prevailing police practices in 1995." His opinion was based on "taking into account the totality of the circumstances and the idea that police should use no more force than is necessary, reasonably necessary, in the totality of the circumstances." The expert then discussed a number of the factors in Mohr's version of events and concluded that "in those circumstances, it seems to me that the use of the dog on such a quick movement was inappropriate because there were less drastic ways of apprehending these folks . . . who had given no indication that they were armed in any way." The court upheld the

admission of such evidence holding that Federal Rule of Evidence 704 permits expert testimony "that embraces an ultimate issue to be decided by a trier of fact" if the testimony is "otherwise admissible," Fed. R. Evid. 704(a). The court also found the testimony was "otherwise admissible" because it did assist the jury, as required by Federal Rule of Evidence 702.

In a similar case, *Kopf v. Skyrm*, 993 F.2d 374 (4th Cir 1993) police officers used an attack dog and slapjacks when they arrested plaintiff for armed robbery, resulting in extensive injury to plaintiff. At trial, the district court totally excluded plaintiff's expert witnesses, a canine unit trainer and a former chief of police. The witnesses would have testified that the police officers' actions were unreasonable and violated accepted police practices. The district court excluded their testimony on the ground that the excessive force standard, "objective reasonableness," was comprehensible to a lay juror and that expert testimony would therefore not assist the trier of fact. The court held that the district court abused its discretion in excluding the experts. It held that the facts of every excessive force case will determine whether expert testimony will assist the jury under Fed. R. Evid. 702. Evidence of how to train and use a police dog should have been admitted. Moreover, the court held , the former chief of police should clearly have been permitted to testify as to the prevailing standard of conduct for the use of slapjacks.

There are many other cases with similar holdings. See: *Jennings v. Jones*, 499 F.3d 2 , 33  (1st Cir. 2007); *United States v. Koon*, 34 F.3d 1416, 1428 (9th Cir 1994); *Morrison v. Stephenson,* 2008 U.S. Dist. LEXIS 12308  **(**"One of the key issues in this case is whether or not the use of force was excessive. Therefore, expert testimony concerning use of force is relevant." At 16); *Etheredge v. District of Columbia*, 635 A.2d 908  (DCCA 1993);  *Tillman v. Washington Metro. Area Transp. Auth.*, 695 A.2d 94, 97  (DCCA 1997);  *Griggs v. Wash. Metro. Area Transit Auth.*, 2002 U.S. Dist. LEXIS 18413*; McCloughan v. City of Springfield,* 208 F.R.D. 236 ("McCloughan is correct that expert testimony on police practices and the use of force is, generally, admissible in a § 1983 excessive force case." );  *Kladis v. Brezek,* 823 F.2d 1014, 1019 (7th Cir. 1987); *Calusinski v. Kruger*, 24 F.3d 931, 937 (7th Cir. 1994).

Hence, there is an abundance of authority approving expert testimony on the use of force in such  cases.  Its use in this case, would be helpful to a jury in determining these questions because what constitutes accepted police practice is not something which is within the common knowledge of the average jury.  It would not usurp the jury's function at all.   The defense would be free to extensively cross examine Mr. Klotz and the jury could be instructed on the correct way to evaluate his testimony.

**Conclusion**

For the reasons given above, the testimony of Mr. Klotz, should be permitted in this case.

                                Respectfully submitted,

                                /s/ Geoffrey D. Allen
                                Geoffrey D. Allen, Esq.
                                D.C. Bar No. 288142
                                1730 Rhode Island Ave. N.W.
                                Suite 206
                                Washington, D.C. 20036
                                (202) 778-1167
                                Geoffreyallen@verizon.net

**Certificate of Service**

I certify that a copy of this Response to Defendant's Reply to Plaintiff's Opposition to Defendants' Motion In Limine has been electronically mailed to Urenthea McQuinn, this 3rd day of May 2008.

                                /s/Geoffrey D. Allen
                                Geoffrey D. Allen Esq.

Case 1:06-cv-01204-GK   Document 68   Filed 06/03/2008   Page 14 of 14