UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUISE THORNE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | C.A. No. 06-1204 (GK) |
| ) | |
| v. ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS'
REPLY TO PLAINTIFFS' OPPOSITION TO DISTRICT OF COLUMBIA'S
MOTION IN LIMINE**

Per the Court's Minute Order, dated June 10, 2008, Defendants respectfully

submit this Reply to Plaintiffs' Response to Defendants' Reply to Plaintiffs' Opposition

to the District of Columbia's Motion in Limine ("Pls.' Surreply").[1]  Plaintiffs proffer that

their expert witness, Mr. Klotz, testify that "the use of force against Mikelle Bassett,

Makisha Bassett, Lakeisha Parker, Shaneka Harrison and Terrance Light was *excessive*

and *contrary* to national and local police standards and that no reasonable, trained police

officer could believe this to be proper."  Pls.' Opp. to Mot. in Limine at 7 (emphasis

added).  As demonstrated herein and in Defendants' motion and reply, this testimony is

inadmissible because it usurps the ultimate function of the jury by applying disputed facts

to standards and concluding that the force was excessive and contrary to those standards.

---

[1] This reply only addresses the portion of Defendants' motion in limine that seeks to exclude Plaintiffs'
expert's testimony on use of force.  Defendants did not request leave to file an additional reply on any of
the three other issues because Defendants did not believe that Plaintiffs had improperly sought to introduce
new information on those issues in their surreply.  On those issues, Defendants respectfully refer the Court
to their prior filings.

Reaching that conclusion is the province of the jury, not Plaintiffs' expert witness.  As a result, courts have repeatedly excluded similar testimony.

As an initial matter, Plaintiffs' surreply does not address at all Defendants' point that "qualified immunity is a question of law for the Court, and the qualified immunity testimony would also be inextricably linked with the inadmissible opinion as to whether excessive force was present in the first instance."  *See* Defendants' Reply to Plaintiffs' Response to Defendants' Motion in Limine at 8.  Accordingly, Mr. Klotz's opinion as to whether a reasonable officer could have believed the level of force to be proper is admissible regardless of the treatment of his opinion that the level of force was unreasonable.

As for Mr. Klotz's opinion that the level of force was "unreasonable" or "contrary to national standards," Plaintiffs wrongly claim that the caselaw cited by Defendants in support of this proposition is of "questionable relevance to this case."  Pls.' Surreply at 8.  In fact, the case law consistently recognizes that conclusory condemnations of officer conduct in excessive force and similar cases are unhelpful to the jury and therefore inadmissible.

Plaintiffs first argue that *Hygh v. Jacobs*, 961 F.2d 359 (2d Cir. 1992) is irrelevant because it does not lay down a general prohibition against excessive force testimony.  Pls.' Surreply at 8.  However, Defendants have not argued that any expert testimony that could possibly be related to excessive force is inadmissible.  Instead, Defendants have argued that the general, unhelpful, and conclusory opinions offered by Mr. Klotz, which are functionally the same as the opinions offered in *Hygh*, are inadmissible.   In *Hygh* the Court held that expert testimony stating an officer's conduct "was not 'justified under the

circumstances,' not 'warranted under the circumstances,' and 'totally improper,'" was a conclusory condemnation of the officers actions which, "merely [told] the jury what result to reach." *Id.* at 364 (internal quotes omitted) (alteration in original). *Hygh* is not a "purely fact-specific" opinion, Pls.' Surreply at 8, except in the sense that the facts of that case involved precisely the type of "ultimate legal conclusion entrusted to the jury" that is at issue here. *Hygh,* 961 F.2d at 364.[2]

Plaintiffs next argue that the holding in *Thompson v. City of Chicago*, 472 F.3d 444 (7th Cir. 2006), which addressed an expert's opinion concerning the excessiveness of force used, is limited as it was "strictly concerned with a civil rights claim" without explaining why the presence of additional claims in this case matters in the slightest. As the Court in *Thompson* explained, the testimony of two witnesses that an officer "used excessive force would have induced the jurors to substitute their own independent conclusion for that of the experts. In other words, they would have been 'induced to decide the case on an improper basis . . . rather than on the evidence presented.'" *Thompson,* 472 F.3d at 458 (quoting *United States v. Connelly,* 874 F.2d 412, 418 (7th Cir. 1989). The fact that this case involves common-law claims does not alter that principle.

Plaintiffs' attempt to distinguish *Christiansen v. City of Tulsa*, 332 F.3d 1270 (10th Cir. 2003), is just as unavailing. Plaintiffs argue that the decision does not apply because it involved the issue of recklessness, while here the legal standard is excessiveness. However, the fact that the cases involved two different legal standards

---

[2] The court did not reverse, concluding that this error was "harmless." *Hygh*, 961 F.2d at 964. However, this case was relied upon by the District of Columbia Court of Appeals in *Steele v. D.C. Tiger Mkt*, 854 A.2d 175, 184 (D.C. 2004) and was deemed relevant then in deciding a similar evidentiary question. Plaintiffs have raised no objections to the relevance of *Steele* but in fact attempt to rely on it themselves. Pls.' Surreply at 7.

(recklessness v. excessiveness) does not undermine the principle that testimony about legal conclusions is inadmissible. A conclusion about recklessness is no different than a conclusion about excessiveness. Plaintiffs do not explain how the difference in the legal conclusions at issue matters in the slightest.

Plaintiffs attempt in their Surreply to supply the authority supporting Mr. Klotz's expert testimony that was absent from their previous filings. Plaintiffs cite various cases, most of which do not consider the issues present in this case or simply lend further support to Defendants' motion. The only cases that are discussed in any detail (or remotely relevant) are all from the Fourth Circuit. Two of the cases involved the use of specific types of force that were deemed beyond the ken of the average juror. Specifically, the Court in *United States v. Mohr*, 318 F.3d 613 (4th Cir. 2003), based its decision to allow the testimony on its finding that "the training and use of a police dog are obscure skills." *Id.* at 624 (quoting *Kopf v. Skyrm,* 993 F.2d 374, 379 (4th Cir. 1993)). Similarly, the Court in *Kopf v. Skyrm*, (relied on in *Mohr*), permitted the expert witness "to testify as to the prevailing standard of conduct for the use of slapjacks." *Kopf,* 993 F.2d at 379. At the same time, the *Kopf* noted that, "[w]here force is reduced to its most primitive form – the bare hands – expert testimony might not be helpful." *Id.* Accordingly, if anything, the case supports defendants' position in this case, which does not involve the specialized use of force.

The third case, *United States v. Perkins*, 470 F.3d 150 (4th Cir. 2006), which addressed the admissibility of an expert's testimony as to whether there was "a legitimate reason" for the use of force, is similar unhelpful here. To begin with, the Court recognized the likely inadmissibility of an opinion that the level of force used was not

"reasonable." *Id*. at 159.  The Court further stated that the admissibility of an opinion as

to whether the use of force was "legitimate" was "a very close question." *Id*.  Next, the

opinion in *Perkins* as to legitimacy came couched in a discussion of "the classes" the

expert "taught in defensive tactics and controlling suspects." *Id*. at 154.  Here, the

opinion comes couched in nothing; instead, plaintiffs' expert report amounts only to a

barebones conclusion from a professional expert (whose similar opinions were excluded

in the *Steele* case) that serves no purpose other than to place the imprimatur of expertise

on the conclusion that plaintiffs wish the jury to reach.  Finally, the *Perkins* decision was

likely incorrectly decided, even under the distinct facts of that case.  A conclusion that

the use of force was not legitimate is little different from the inadmissible conclusion that

a particular use of force used was excessive or unreasonable.

Plaintiffs' remaining cases do not apply here.  Those cases either (1) address

arguments Defendants have not made, such as the admissibility of expert testimony in

specialized areas such as the appropriate level of handcuff tightness (*Tillman v.

Washington Metro Area Transp. Auth.*, 695 A.2d 94, 97 (D.C. 1997)), the admissibility of

expert testimony on a range of possible situations police officers may encounter (*Kladis

v. Brezek*, 823 F.2d 1014, 1019 (7th Cir. 1987)), and the argument that all expert

testimony in the area of excessive force is inadmissible (*Morrison v. Stephenson*, 2008

U.S. Dist. LEXIS 12308 (S.D. Ohio Feb. 5, 2008); or (2) are cases where the

admissibility of expert testimony was even not at issue.  *See Jennings v. Jones*, 499 F.3d

2 (1st Cir. 2007); *Calusinski v. Kruger*, 24 F.3d 931, 937 (7th Cir. 1994); *United States v.

Koon*, 34 F.3d 1416, 1428 (9th Cir. 1994); *Griggs v. Washington Metro. Area Transit

Auth.,* 2002 U.S. Dist. LEXIS 18413 *14 (D.D.C. Sept. 30, 2002) (failure to provide

expert to testify to standard of care to support negligence claim).  Plaintiffs also cite

*McCloughlan v. City of Springfield*, 208 F.R.D. 236 (C.D. Ill. 2002), for the proposition

that expert testimony regarding use of force is generally admissible in a § 1983 excessive

force case but fail to note that that court also refused to allow the expert witness "to offer

any specific opinions regarding the specific facts of" the case.  *McColughlan,* 208 F.R.D.

at 239.

Plaintiffs have added no new support to their position.  The testimony they

propose from Mr. Klotz is a legally conclusory opinion that would confuse and prejudice

the jury and effectively usurp its role. For these reasons, Mr. Klotz's fourth opinion is not

admissible.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

___/s/  Samuel C. Kaplan_____
SAMUEL C. KAPLAN (463350)
Assistant Deputy Attorney General

____/s/  Shana L. Frost_____
SHANA L. FROST (458021)
URENTHEA MCQUINN (182253)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625